**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

FILED

2003 OCT 14  A 10: 15

US

| | |
|---|---|
| OMEGA S.A., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| OMEGA ENGINEERING, INC., | ) |
| OMEGA SCIENTIFIC, INC., and | ) |
| OMEGA PRESS, INC., | ) |
| | ) |
| Defendants | ) |
| | ) |

Civil Action No. 301 CV 2104 SRU

## THIRD AMENDED COMPLAINT

Plaintiff, Omega S.A., ("Plaintiff" or "OSA"), by and through its undersigned counsel, for its third amended complaint against Defendants, Omega Engineering, Inc., Omega Scientific, Inc., and Omega Press, Inc. ("Defendants"), alleges as follows:

### The Parties

1.     Omega S.A. is a corporation organized and existing under the laws of Switzerland with a principal place of business at 96 rue Jakob Stampfli, Bienne.

2.     The Defendant, Omega Engineering, Inc., ("OEI"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at One Omega Drive, Stamford, Connecticut 06907.

3.     Omega Scientific, Inc., ("OSI"), is a New Jersey corporation, having its principal place of business at 2 Killdeer Court, P.O. Box 336, Bridgeport, New Jersey 08014.

1

4.      Omega Press, Inc. ("OPI") is a New Jersey corporation, having its principal place of business at 635 Heron Drive, P.O. Box 336, Bridgeport, New Jersey 08014.

5.      Defendants Omega Press, Inc. and Omega Scientific, Inc. are under the common control of Defendant, OEI.

### Jurisdiction and Venue

6.      On information and belief, Defendants have been and continue to commit acts of Cybersquatting, trademark infringement, unfair competition, dilution and unfair trade practices, as hereinafter alleged, in this District, through advertisements, solicitations, distributions, advertisements, sales and offers for sale of goods or services under Plaintiff's trademarks and trade names via the Internet and through other media, and gain substantial revenue in this District as a result of these activities. This Court has jurisdiction pursuant to 15 USC § 1121 (actions arising under the Trademark Act), and 28 USC §§1331, 1337, 1338 (a) (acts of Congress relating to trademarks).

7.      Venue is proper in this District pursuant to 28 USC § 1391 (b) and (c) because Defendants reside in this District and/or have significant contacts with this District and a substantial part of the acts complained of herein are controlled by Defendants, and have been committed and are being committed in this Judicial District. company, used the mark on a variety of other electric and electronic goods.

8.      OSA is the owner of the entire right, title, and interest in number of Federal trademark registrations including, among others, the following valid, subsisting, and uncancelled Federal trademark registrations:

2

OMEGA (& design) Registration No. 25,036

OMEGA            Registration No. 566,370

OMEGA (& design) Registration No. 577,415

OMEGA (&design) Registration No. 1,290,661

OMEGA (& design) Registration No. 578,041

and others.

Copies of Plaintiff's OMEGA registrations are annexed hereto as Exhibit A.

9.    Federal registration of a trademark is prima facie evidence of a Registrant's exclusive right to use the registered trademark in commerce in connection with the goods or services specified in the certificate, pursuant to 15 USC § 1057(b).

10.    Plaintiff's OMEGA Registration Nos. 25,036, 566,370, 577,415, 1,290,661, 578,041 and 1,487,638 are incontestable, as the Plaintiff has filed the required affidavit of incontestability pursuant to §15 of the Trademark Act.

11.    Over the years, OSA and its OMEGA mark have become well and favorably known as a leader in the field of timekeeping and time measurement, and it has expended large sums of money in advertising and other forms of promotion and has built up substantial goodwill and reputation.

12.    Because of the well-known OMEGA mark and superior services it renders to its customers and clients, the public has come to recognize Plaintiff's business and to recognize Plaintiff as the source of high quality goods, investing in OSA a considerable and invaluable goodwill.

13.    OSA manufactures and sells watches, timepieces, timekeeping and measurement apparatus, and other electric and electronic goods in the U.S., and worldwide.

14.    OSA's registered trademarks have been advertised, promoted and otherwise used in commerce throughout the United States, including this District, since at least as early as 1894.

15.    OSA has become widely known as the source of exclusive, fashionable, high quality precision watches. OSA has invested millions of dollars in advertising and promotion of its OMEGA brand watches and time products in the United States. Advertising has been in printed publications, including newspapers and upscale periodicals. OMEGA brand products have been widely promoted in the United States and internationally through sponsorships of athletic events. OMEGA has also sold goods and been recognized as official timekeeper at world class sporting events, including the Olympic games. This advertising and promotion have resulted in millions of dollars in annual sales of watches bearing the famous and prestigious OMEGA trademark.

16.    The OMEGA Marks have thereby acquired a distinctiveness and secondary meaning signifying the Plaintiff and Plaintiff's products. The public and trade have come to rely on Plaintiff's trademarks to distinguish Plaintiff's products and services from those of others. The Plaintiff's trademarks represent a most valuable goodwill owned by the Plaintiffs.

17.    Upon information and belief, Defendants engage in the manufacture and sale of process measurement and control goods and services.

4

18.    On information and belief, Defendant Omega Engineering, Inc. is the parent company of defendants Omega Scientific, Inc. and Omega Press, Inc.

19.    On information and belief, Defendants, OSI and OPI's goods are offered for sale and/or sold by defendant Omega Engineering through conventional trade and media channels as well as via Omega Engineering's website located at www.omega.com.

20.    On information and belief, consumers who access Defendant, OSI's website located at www.omegasci.com are redirected via hyperlink to Defendant, Omega Engineering's website located at www.omega.com. Similarly, consumers who access Defendant, OPI's website located at www.omegapress.com are redirected via hyperlink to Defendant, Omega Engineering's website located at www.omega.com. As such, all internet-based commercial activities of the defendants Omega Press, Inc. and Omega Scientific, Inc. take place under Defendant's Omega Engineering's direct authorization and control.

21.    With full knowledge of Plaintiff and its business, the Defendants have adopted, registered, and/or are using the marks OMEGA, Ω (which represents the Greek letter "omega,"), and Ω.COM and have registered and used the domain name OMEGATIME.NET and others, on or in connection with goods and services that are confusingly similar to Plaintiff's well-known OMEGA watches and timekeeping products. (herein collectively the "infringing Omega Marks").

22.    Defendants have long known of Plaintiff's prominent use of its OMEGA marks in commerce and of Plaintiff's strong interest in protecting its valuable marks.

23.    Defendants are not in the horological or time business.

24.    Defendants have sought registration for and/or have used the infringing OMEGA Marks on confusingly similar goods of those of the Plaintiff and for otherwise improper and unscrupulous purposes and as part of an overall strategy to gain leverage in on-going domestic and worldwide disputes with the Plaintiff.

25.    Defendants and their related entities have established a pattern of adopting and using infringing marks and domain names.  Even before adoption and use of the confusingly similar marks and domain names complained of herein, Defendants already had, in remarkably similar circumstances through another company owned by or related to Defendant, Omega Engineering, used and registered the marks of another entity, and persisted in such use until permanently enjoined by the federal courts of this District, as upheld by the Second Circuit.

26.    As a result of Defendants' use of the infringing OMEGA Marks and domain name OMEGATIME.NET and others, Defendants have caused Plaintiff's marks to be associated with goods not sold by or under the control of the Plaintiff.

## COUNT 1
## TRADEMARK INFRINGEMENT

27.    Plaintiff restates and reavers each and every allegation contained in paragraphs 1-26 inclusive, and the acts of Defendants asserted therein, as if fully recited in this paragraph.

28.    Without the consent authorization of Plaintiff, Defendants have applied for and are currently using OMEGA trademarks which duplicate the Plaintiff's registered OMEGA, and OMEGA Design trademarks and distinctive typestyles, as embodied in Plaintiff's trademark registrations.

29.    On April 4, 2001, Defendant, Omega Engineering filed Application No. 76/242, 073 for the mark OMEGA for goods that are confusingly similar to Plaintiff's registered OMEGA goods and related services, including but not limited to "time and timing apparatus," "advertising services" and "publications" and are currently using the OMEGA mark in association with such goods and services in interstate commerce.

30.    On November 14, 2001, Defendant, Omega Engineering, Inc., filed Application No. 76/337,450 of the mark Ω for goods that are confusingly similar to Plaintiff's registered OMEGA and OMEGA and Design goods and services, including but not limited to apparatus and instruments for timing, video tapes in the fields of timing, computer and/or microprocessor controlled measuring, timing and/or display apparatus, printed matter related to time and time measurement, as well as advertising services and business management services that promote time and/or timing functions, and are currently using the Ω mark in association with such goods and services in interstate commerce.

31.    On May 1, 1998, Omega S.A. filed cancellation action no. 27,575 against Omega Engineering's Registration No. 2,022,762 for the OMEGA mark for goods in classes 2, 7, 9, 11, 14, and 16. This cancellation proceeding is currently stayed, pending the disposition of a related District Court action between the parties.

32.    On May 1, 1998, Omega S.A. filed cancellation action no. 27,612 against Omega Engineering's Registration No. 2,034,705 for the OMEGA & Design mark in classes1, 2, 7, 9, 14, and 16. This cancellation proceeding is currently stayed pending the disposition of a related District Court action between the parties.

33.    On April 6, 1999, Omega Engineering received a Registration No. 2,236,657 for the mark OMEGA for services in class 38.  On or about April 12, 2002, Plaintiff filed a cancellation proceeding against this mark.

34.    All of the above applications and registrations of the Defendants, as well as their associated use in connection with the offering for sale and/or sale of goods in interstate commerce, are confusingly similar to Plaintiff's OMEGA Marks and its related goods and services.

35.    Defendants have abandoned all or some of the above registrations by failing to use the mark on all or some of the goods recited in the registrations for a period of at least three consecutive years, or, in the alternative, have not commenced use on some of the goods and services and had no intention to do so at the time Defendants' filed their applications.

36.    Plaintiff's rights on and to the OMEGA mark have priority over the rights of the Defendants and their related OMEGA registrations.

37.    Defendants are using the OMEGA marks without the Plaintiff's consent or authorization in a way which irreparably damages the Plaintiff and is causing confusion, mistake and deception as to the source or origin of the products sold and offered for sale by the Defendant, giving the impression that such products are genuine OMEGA products, which in fact they are not.

38.    Defendants' activities are in violation of 15 USC § 1114 and constitute infringement of a registered trademark in connection with the sale, offering for sale and distribution of goods which is likely to cause confusion, mistake or deception.

39.    The Plaintiff lacks an adequate remedy at law.

8

40.  Granting injunctive relief to Plaintiff to permanently stop such use benefits the public interest by upholding valuable rights in intellectual property and moreover, protects consumers from the deception, confusion and mistake which arise as a result of the Defendant's unauthorized use of Plaintiff's trademarks.

41.  Defendants are using the OMEGA mark without the Plaintiff's consent in a way which is likely to give the impression that there is some relationship between the Plaintiffs and the Defendant, which there is not.

42.  The Defendants' actions as described in the above paragraphs infringe upon Plaintiff's OMEGA trademark registrations.

43.  Defendants' actions, as aforesaid, damage and threaten to further damage the value of the Plaintiff's registered OMEGA trademarks and the goodwill associated with its trademarks.

## **COUNT 2**
## **TRADEMARK DILUTION UNDER THE LANHAM ACT**

44.  Plaintiff restates and reavers each and every allegation contained in paragraphs 1-43, inclusive, and the acts of Defendants asserted therein, as if fully recited in this paragraph.

45.  This count arises under Section 43(c) of the Trademark Act of 1946, as amended (the Lanham Act, 15 USC §1125(c)).

46.  As a result of the duration and extent of use of Plaintiff's mark by Plaintiff, the duration and extent of the advertising and publicity associated with Plaintiff's marks, the geographical extent of the services offered, the superior quality of Plaintiff's products and services, and the degree of recognition of its marks, products and

services, Plaintiff's marks have achieved an extensive degree of distinctiveness and constitute "famous" marks entitled to protection.

47.    By virtue of Defendants' unauthorized commercial use of the trademarks OMEGA and/or Ω symbol and domain name OMEGATIME.NET, the value and distinctiveness of Plaintiff's OMEGA Marks as associated with its goods and services has been blurred and Plaintiff has suffered and will continue to suffer great and irreparable loss and damage in money and reputation.

48.    Defendants conduct is causing irreparable injury to Plaintiff and Plaintiff has no adequate remedy at law.

### COUNT 3
### VIOLATION OF THE CONNECTICUT
### UNFAIR TRADE PRACTICES ACT

49.    Plaintiff restates and reavers each and every allegation contained in paragraphs 1-48 inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

50.    This count arises under Connecticut General Statute § 42-110(a).

51.    Defendants, either individually and/or collectively, have engaged in practices which are intended to deprive the Plaintiff of its rights in its OMEGA trademarks.

52.    Defendants have registered the domain name OMEGATIME.NET for improper and illegitimate business purposes.

53.    Defendants have also embarked upon a systematic process of applying to gain registration of the OMEGA trademark not only with the United States Patent and Trademark Office, but also with the European Community Trademark Office and, on

information and belief, other national trademark offices, with the intended purpose of, *inter alia*, precluding OMEGA from gaining registration of the mark OMEGA for its legitimate and bona fide business purposes.

54.    Defendants' acts have included false representations and allegations under oath, including a claim that the Defendants intend to use the OMEGA trademark upon goods for which they have no such intention, and/or on goods that are confusingly similar to Plaintiff's well-known OMEGA goods.

55.    In addition to Defendant's applications for registration of the mark OMEGA and Ω pleaded herein, on November 14, 2001, Defendant, Omega Engineering filed Application No. 76/337,374 for the mark Ω.COM for goods that are confusingly similar to Plaintiff's registered OMEGA and OMEGA and Design marks and related goods and services, including but not limited to apparatus and instruments for timing, video tapes in the fields of timing, computer and/or microprocessor controlled measuring, timing and/or display apparatus, printed matter related to time and time measurement, as well as advertising services and business management services that promote time and/or timing functions, and are currently using such goods and services in interstate commerce.

56.    By registering trademarks and domain names in which OEI has no bona fide intention to use or which OEI has registered for the sole purpose of obstructing OSA's rights to such marks or alternatively, for the sole purpose of restricting OSA's ability to register its trademarks, or alternatively, for the purpose of holding the domain names or trademarks for leverage in legal proceedings in this country or elsewhere, OEI has violated the Connecticut Unfair Trade Practice Act C.G.S. 42-110(a), in that said

actions are immoral, oppressive an unscrupulous and cause substantial damage to the Plaintiff.

## COUNT 4
## UNFAIR COMPETITION UNDER THE LANHAM ACT

57.    Plaintiff restates and reavers each and every allegation contained in paragraphs 1-56, and the acts of Defendants asserted therein, as if fully recited in this paragraph.

58.    This count is for Unfair Competition in violation of 15 USC §1125(a).

59.    Defendants' business activities constitute unfair competition and damages the Plaintiff in violation of federal law, particularly to the extent that Defendants have deliberately filed trademark applications under oath with the express purpose of blocking OSA's rights all the while lacking the statutorily mandated good faith intention to use the mark with respect to at least some of the goods and services recited in their trademark applications, and done so in bad faith.

60.    Defendants have also falsely identified goods described as "scientific and industrial clocks", as well as other falsely identified goods, in its trademark applications in this country and others, again only for the improper purpose of blocking OSA's ability to register such marks.

61.    Defendants acts constitute unfair competition.

## COUNT 5
## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT

62.    Plaintiff restates and reavers each and every allegation contained in paragraphs 1-61 inclusive, and the acts of Defendants asserted therein, as if fully recited in this paragraph

63.    This count arises under 15 USC §1125(a).

64.    Defendants have used the marks OMEGA and/or Ω and the domain name OMEGATIME.NET, in a manner which is likely to cause confusion, mistake or deception, by virtue of its prominent use of the OMEGA marks in connection with Defendants' services.

65.    Consumers will believe that Defendants' goods and services connected with the infringing OMEGA Marks and OMEGATIME.NET domain name is associated with , sponsored and/or endorsed by the Plaintiff.

66.    Such use erodes the connection between Plaintiff's Marks as being the single source for Plaintiff's goods and services offered under such marks. The Plaintiff's reputation has thus been and will continue to be subject to the perils and hazards which arise from Defendant's tortious activities, resulting in grave irreparable harm to Plaintiff and the consuming public.

67.    Defendants have no connection whatsoever with the Plaintiff and Plaintiff has no control over the acts of Defendants, nor any responsibility for the acts of Defendants.

68.    Defendants' acts create and further the likelihood that the public will be confused as to sponsorship, source, affiliation or association of the products and services of Defendants.

69.    Defendants' use and/or association with Plaintiff's marks constitute a false designation of origin, as consumers are likely to associate Plaintiff's marks with Defendants.

**WHEREFORE, PLAINTIFF** prays:

1.   That pursuant to 15 USC § 1114 and the equity jurisdiction of this court, the Defendants and their officers, agents, employees, representatives, and all persons in privity therewith be permanently enjoined and restrained from using on or in connection with its sale, offering for sale, distribution, exhibition, display or advertising of its goods or services, the trademark OMEGA, Ω, Ω.COM, and/or any other trademark or symbols which are confusingly or deceptively similar to or colorably imitative of Plaintiff's OMEGA Marks.

2.   That pursuant to 15 USC § 1117, Defendants be directed to pay over to Plaintiff any and all damages which Plaintiff has sustained in consequence of the statutory and common law trademark infringement and unfair competition by Defendants, as enumerated herein.

3.   That Defendants and its officers, agents, employees, or representatives, and all persons in privity with Defendants not destroy but deliver up this Court, pursuant to 15 USC § 1118, all: letterheads, advertising materials, computer programs, labels, packages, containers, name plates, magazines and any other printed matter of any nature and of any products in its possession bearing the trademark OMEGA, Ω, Ω.COM, and/or any other trademark or symbols which are confusingly or deceptively similar to or colorably imitative of Plaintiff's OMEGA Marks for use in connection with Plaintiff's similar or related goods.

4.   That, because of the willful nature of the infringements, the amounts of actual damages be trebled as provided for in 15 USC § 1117.

14

5.    That pursuant to 15 USC § 1117, Defendants be required to pay to Plaintiff the costs of this action, including its attorneys' fees and disbursements incurred.

6.    That Defendants be required to file with this Court and serve on Plaintiff a report in writing and under oath setting forth in detail the manner and form in which the Defendants have complied with the terms of the injunction.

7.    That pursuant to 15 USC § 1051 et seq. and Connecticut Unfair Trade Practices Act, Defendants be permanently enjoined from any use of any trademark that comprises the word OMEGA, symbol Ω, Ω.COM, and/or any other trademark or symbols which are confusingly or deceptively similar to or colorably imitative of Plaintiff's OMEGA Marks for use in connection with Plaintiff's similar or related goods.

8.    That Defendants be permanently enjoined from further trademark filings in this or any country for goods including watches, close or timers; and that due to the nature of the Defendants' conduct and intent, the Plaintiff's award of damages be trebled pursuant to the Connecticut Unfair Trade Practices Act.

9.    That Defendants be enjoined from the use of the mark OMEGA and symbol Ω, on or in association with clocks, watches or timing devices in which timing is a primary function of the goods.

10.    That Defendants be enjoined from filing trademark applications, or applications for Internet domain names in any trademark offices of any jurisdiction in which the Defendants' description of goods includes the words "Time", "Timer", "Clock", "Watch", or any similar term, and that Defendants further be enjoined from filing any trademark application or Internet domain name application for the purpose of blocking or preempting the Plaintiff's ability to use or register such name or mark.

11.    That the Court cancel Defendants' Trademark Registration Nos. 2,022,762, 2,034,705, and 2,236,657.

12.    That the Defendants be ordered to pay Plaintiff's attorney's fees in light of Defendants' intentional conduct and exceptional circumstances of this case pursuant to 15 USC § 1117.

13.    That Omega S.A be granted such other and further relief, as this court deems just and equitable.

A jury trial is requested.

OMEGA S.A.

By: _____

Jess M. Collen (CT 20918)
James R. Hastings(CT 23521)
COLLEN *IP*
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
(914) 941 5668
(914) 941-6091 (facsimile)

*Attorneys for Plaintiff*

Of counsel:

Paul Fattibene
Fattibene and Fattibene
2480 Post Road
Southport, Connecticut 06490
(203) 255-4400
(203) 259-0033 (facsimile)

Dated: October 10, 2003

## CERTIFICATE OF SERVICE

I, Allyssa A. Tillson, hereby certify that **PLAINTIFF'S THIRD AMENDED COMPLAINT** was forwarded to the following attorneys of record via facsimile, as well as first class mail, postage prepaid:

Thomas Smart, Esq.
Kaye Scholer, LLP
425 Park Avenue
New York, New York 10022-3598
Fax: (212) 836-7154

Said service having taken place this _10th_ day of October 2003.

Allyssa A. Tillson

17

# TRADE-MARK.

## LOUIS BRANDT & FRÈRE.
### WATCH MOVEMENTS AND WATCHCASES.

No. 25,036.

Registered July 24, 1864.



# OMEGA

THIRD RENEWAL

*Omega Louis Brandt & Frere, S.a.*
*Bienne, Switzerland.*

*Proprietors*
*Louis Brandt & Frere*

*Per*
*Lemuel W. Serrell*
*Atty.*

*Witnesses*
*Chas. A. Smith*
*J. Staib*

00437

RENEWED

Registered Nov. 4, 1952

Registration No. 566,370

AFFIDAVIT SEC. 8
ACCEPTED

**PRINCIPAL REGISTER**
**Trade-Mark**

AFFIDAVIT SEC. 15
RECEIVED *12-23-57*

Renewed for 20 years from     Nov. 4, 1972

# UNITED STATES PATENT OFFICE

Omega Louis Brandt & Frère, S. A.,
Bienne, Switzerland

Act of 1946

Application December 8, 1951, Serial No. 322,275

# OMEGA

## STATEMENT

Omega Louis Brandt & Frère, S. A., a Swiss corporation, located and doing business at Bienne, Switzerland, has adopted and is using the trademark shown in the accompanying drawing, for WATCHES AND PARTS THEREOF, in Class 27, Horological instruments, and presents herewith five specimens showing the trade-mark as actually used in connection with such goods, the trademark being applied by stamping, printing or engraving the same on the goods and by printing the same on the containers and/or tags attached to the goods, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used in 1894 and was first used in commerce which may lawfully be regulated by the Congress, viz. commerce between the United States and Switzerland in the same year.

Applicant owns the following U. S. registration: No. 25,036.

The applicant hereby designates Chauncey P. Carter, of 4400 Klingle Street, Washington 16, D. C., as applicant's representative in the United States on whom notices or process in proceedings affecting the mark may be served.

OMEGA LOUIS BRANDT & FRÈRE, S. A.,

By A. VALLAT,
*Commercial Manager.*



CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION
WHICH IS IN FULL FORCE AND EFFECT, WITH NOTATI
OF ALL STATUTORY ACTIONS TAKEN THEREON, AS D
CLOSED BY THE RECORDS OF THE UNITED STATES P
AND TRADEMARK OFFICE. SAID RECORDS SHOW T
TO BE IN: Omega SA

Attest

JUN 27 1989

COMMIS

00440

Int. Cl.: 14

Prior U.S. Cl.: 28

United States Patent and Trademark Office

10 Year Renewal

Reg. No. 577,415
Registered July 14, 1953
Renewal Term Begins July 14, 1993

## TRADEMARK
### PRINCIPAL REGISTER



OMEGA SA (OMEGA AG) (OMEGA LTD.) (SWITZERLAND CORPORATION)
96 RUE JAKOB STÄMPFLI 2503 BIENNE, SWITZERLAND, BY CHANGE OF NAME FROM OMEGA LOUIS BRANDT & FRERE, S. A. (SWITZERLAND CORPORATION) BIENNE, SWITZERLAND

OWNER OF U.S. REG. NOS. 25,036 AND 566,370.

FOR: WRIST WATCH BRACELETS, BANDS, AND STRAPS, IN CLASS 28 (INT. CL. 14).

FIRST USE 0-0-1894; IN COMMERCE 0-0-1894.

SER. NO. 71-637,075, FILED 10-23-1952.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Nov. 22, 1994.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cls.: 4, 8, 9, 14 and 16

Prior U.S. Cls.: 15, 23, 26, 27 and 37

**United States Patent and Trademark Office**

Reg. No. 1,290,661

Registered Aug. 21, 1984

## TRADEMARK
### Principal Register



# Ω OMEGA

Omega SA (Omega AG) (Omega Ltd.) (Switzerland corporation)
96 rue Staempfli
Bienne, Switzerland 2500, by change of name from Omega Louis Brandt & Frere S.A. (Switzerland corporation)
Bienne, Switzerland

For: LUBRICATING OILS FOR WATCHES AND CLOCKS, in CLASS 4 (U.S. Cl. 15).

For: TOOLS USED IN CLOCK AND WATCH MAKING; TOOLS USED IN JEWELRY MAKING, in CLASS 8 (U.S. Cl. 23).

For: COMPUTER APPARATUS FOR CHECKING AND CONTROLLING THE MEASUREMENT OF TIME AND DISTANCE FOR SPORTING EVENTS, SCIENTIFIC INVESTIGATION, AND INDUSTRIAL APPLICATION, INCLUDING THE ACQUISITION, TRANSMISSION, AND MANAGEMENT OF INFORMATION INTENDED FOR TRANSPORTA-

TION, PUBLICITY, AND FINANCIAL USE; COMPUTERS FOR CALCULATING INFORMATION IN RESPECT OF TIME AND DISTANCE, STORING SUCH INFORMATION, AND MAKING THE SAME AVAILABLE IN VISUAL OR AUDIBLE FORM -- ALL OF WHICH INSTALLATIONS CONTAIN ELECTRONIC ELEMENTS, in CLASS 9 (U.S. Cl. 26).

For: WATCH CASES, WATCH CHAINS, AND WATCH STANDS SOLD AS A UNIT WITH WATCHES, in CLASS 14 (U.S. Cl. 27).

For: FOUNTAIN PENS AND MECHANICAL PENCILS, in CLASS 16 (U.S. Cl. 37).

Owner of Switzerland Reg. No. 312,338, dated May 12, 1981, expires May 12, 2001.

Ser. No. 370,198, filed Jun. 17, 1982.

B. C. WASHINGTON, Examining Attorney

Int. Cl.: 14

Prior U.S. Cl.: 27

**United States Patent and Trademark Office**

10 Year Renewal

Reg. No. 576,011

Registered July 28, 1953

Renewal Term Begins July 28, 1993

## TRADEMARK
## PRINCIPAL REGISTER



OMEGA SA (OMEGA AG) (OMEGA LTD.) (SWITZERLAND CORPORATION)
BIENNE, SWITZERLAND, BY CHANGE OF NAME FROM OMEGA LOUIS BRANDT & FRERE, S.A. (SWITZERLAND CORPORATION) BIENNE, SWITZERLAND

OWNER OF U.S. REG. NOS. 25,036 AND 566,370.

FOR: WATCHES (INCLUDING POCKET WATCHES, WRIST WATCHES WITH OR WITHOUT STRAPS, BANDS OR BRACELETS, PENDANT WATCHES, CALENDAR WATCHES, AND STOP-WATCHES) EITHER STEM-WIND OR AUTOMATIC CLOCKS; CHRONO-METERS, CHRONOGRAPHS, AND PARTS FOR ALL OF THE FOREGOING, IN CLASS 27 (INT. CL. 14).

FIRST USE 0-0-1894; IN COMMERCE 0-0-1894.

SER. NO. 71-637,074, FILED 10-23-1952.



*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on June 21, 1994.*

COMMISSIONER OF PATENTS AND TRADEMARKS

08441