IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| OMEGA, S.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OMEGA ENGINEERING, INC., | ) |
| OMEGA SCIENTIFIC, INC., and | ) |
| OMEGA PRESS, INC., | ) |
| | ) |
| Defendants. | ) Civil Action No.: |
| | ) 3:01 CV 2104 (MRK) |
| OMEGA ENGINEERING, INC., | ) |
| | ) |
| Counterclaim-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OMEGA, S.A. and | ) |
| THE SWATCH GROUP LTD., | ) |
| | ) |
| Counterclaim-Defendants. | ) |

ANSWER AND COUNTERCLAIMS
TO THIRD AMENDED COMPLAINT

Defendants Omega Engineering, Inc. ("Omega Engineering"), Omega Scientific, Inc. ("Omega Scientific"), and Omega Press, Inc. ("Omega Press"), hereby submit this Answer and Counterclaims to plaintiff Omega, S.A.'s ("OSA") Third Amended Complaint.

ANSWER

**The Parties**

1.    Admit, on information and belief, the allegations contained in paragraph 1 of the Third Amended Complaint.

30746018.WPD

2.      Admit the allegations contained in paragraph 2 of the Third Amended Complaint.

3.      Deny the allegations of paragraph 3 of the Third Amended Complaint, except admit that Omega Scientific has an address at 2 Killdeer Court, P.O. Box 336, Bridgeport, New Jersey 08014.

4.      Deny the allegations of paragraph 4 of the Third Amended Complaint, except admit that Omega Press has an address at 635 Heron Drive, P.O. Box 336, Bridgeport, New Jersey 08014.

5.      Admit the allegations of paragraph 5 of the Third Amended Complaint.

**Jurisdiction and Venue**

6.      Deny the allegations of paragraph 6 of the Third Amended Complaint, except admit that the Court has jurisdiction pursuant to 14 U.S.C. §1121 and 28 U.S.C. §§1331, 1337 and 1338(a).

7.      Deny the allegations of paragraph 7 of the Third Amended Complaint, except admit that venue is proper pursuant to 28 U.S.C. §1391 (b) and (c).

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Third Amended Complaint.

9.      The allegations of paragraph 9 of the Third Amended Complaint are legal conclusions, and, therefore, defendants deny the allegations of this paragraph.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Third Amended Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations of paragraph 11 of the Third Amended Complaint.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Third Amended Complaint.

13.    Deny the allegations of paragraph 13 of the Third Amended Complaint, except admit that, based on information and belief, OSA manufactures and sells wrist watches and timepieces under the OMEGA mark in the United States, and also sells under the OMEGA mark timekeeping and time measurement apparatus for use in timing sporting events, and certain other products as set forth in the Counterclaims herein. Defendants further aver, on information and belief, that OSA owns and operates a website at the domain name omegawatches.com, which includes pictures of wrist watches but which also contains a notice stating that "Omega does not sell any watches on the Internet." Printouts of sample pages from the website are attached as Exhibit 1.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Third Amended Complaint.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Third Amended Complaint.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Third Amended Complaint.

17.    Deny the allegations of paragraph 17 of the Third Amended Complaint, except admit that Omega Engineering engages in the manufacture and sale of products for the measurement and control of variable parameters, including temperature, pressure, force, load, vibration, time, electrical conductivity, liquid level, acidity, humidity, strain, and flow, and provides services relating thereto, and manufactures and sells numerous other goods and provides

numerous other services under the trademark OMEGA and the Greek letter Ω (together, the "OMEGA mark" or the "OMEGA marks").

18.    Deny the allegations of paragraph 18 of the Third Amended Complaint.

19.    Deny the allegations of paragraph 19 of the Third Amended Complaint, except admit that certain goods of Omega Press and Omega Scientific are offered for sale and/or sold by Omega Engineering via Omega Engineering's website located at www.omega.com and through certain other trade channels.

20.    Deny the allegations of paragraph 20 of the Third Amended Complaint, except admit that customers who access Omega Scientific's website at www.omegasci.com are linked to an Omega Scientific webpage on Omega Engineering's website at www.omega.com, and that customers who access Omega Press' website at www.omegapress.com are linked to an Omega Press webpage on Omega Engineering's website at www.omega.com.

21.    Deny the allegations of paragraph 21 of the Third Amended Complaint and aver that plaintiff OSA and Omega Engineering entered into an agreement in 1994 regarding their respective uses and registration of the OMEGA marks ("1994 Trademark Agreement") and that Omega Engineering is in compliance with the 1994 Trademark Agreement.

22.    Deny the allegations of paragraph 22 of the Third Amended Complaint, except admit that both Omega Engineering and OSA have rights to the OMEGA marks in their respective areas, that each is aware of the other's interest in protecting the OMEGA marks in its respective areas, that the parties entered into the 1994 Trademark Agreement regarding their respective uses and registration of the OMEGA marks, and that Omega Engineering is in compliance with that agreement.

30746018.WPD                                 4

23.    Deny the allegations of paragraph 23 of the Third Amended Complaint, except admit that defendants do not make or sell wrist watches or other products that are sold to consumers.

24.    Deny the allegations of paragraph 24 of the Third Amended Complaint.

25.    Deny the allegations of paragraph 25 of the Third Amended Complaint.

26.    Deny the allegations of paragraph 26 of the Third Amended Complaint.

## COUNT 1
## TRADEMARK INFRINGEMENT

27.    Defendants incorporate their answers to paragraphs 1 through 26 of the Third Amended Complaint as if specifically set forth in this paragraph.

28.    Deny the allegations of paragraph 28 of the Third Amended Complaint.

29.    Deny the allegations of paragraph 29 of the Third Amended Complaint, except admit that Omega Engineering filed U.S. Trademark Application Serial No. 76/242,073 on the date and for the mark, goods and services set forth in that application.

30.    Deny the allegations of paragraph 30 of the Third Amended Complaint, except admit that Omega Engineering filed U.S. Trademark Application Serial No. 76/337,450 on the date and for the mark, goods and services set forth in that application.

31.    Deny the allegations of paragraph 31 of the Third Amended Complaint, except admit that on May 1, 1998, OSA filed cancellation no. 27,575 at the United States Patent & Trademark Office ("PTO") against Omega Engineering's Registration No. 2,022,762 for the OMEGA marks for certain goods, that this cancellation proceeding has been stayed at the PTO, and aver that OSA settled and released all claims relating to this cancellation proceeding and use of the OMEGA marks on goods covered by Registration No. 2,022,762 as part of settlement of

30746018.WPD                                         5

the case entitled *Omega Engineering, Inc. v. Omega, S.A.,* 398 CV 464 (AVC), United States

District Court, District of Connecticut ("*Omega I*").

        32.      Deny the allegations of paragraph 32 of the Third Amended Complaint,

except admit that on May 1, 1998, OSA filed cancellation No. 27,612 at the PTO against Omega

Engineering's Registration No. 2,034,705 for the OMEGA & Design mark for certain goods, that

this cancellation proceeding has been stayed at the PTO, and aver that OSA settled and released

all claims relating to this cancellation proceeding and to use of the goods covered by Registration

No. 2,034,705 as part of the settlement of the *Omega I* case.

        33.      Admit the allegations of paragraph 33 of the Third Amended Complaint.

        34.      Deny the allegations of paragraph 34 of the Third Amended Complaint.

        35.      Deny the allegations of paragraph 35 of the Third Amended Complaint.

        36.      Deny the allegations of paragraph 36 of the Third Amended Complaint.

        37.      Deny the allegations of paragraph 37 of the Third Amended Complaint.

        38.      Deny the allegations of paragraph 38 of the Third Amended Complaint.

        39.      Deny the allegations of paragraph 39 of the Third Amended Complaint.

        40.      Deny the allegations of paragraph 40 of the Third Amended Complaint.

        41.      Deny the allegations of paragraph 41 of the Third Amended Complaint.

        42.      Deny the allegations of paragraph 42 of the Third Amended Complaint.

        43.      Deny the allegations of paragraph 43 of the Third Amended Complaint.

## COUNT 2
## TRADEMARK DILUTION UNDER THE LANHAM ACT

44.     Defendants incorporate their answers to paragraphs 1 through 43 of the Third Amended Complaint as if specifically set forth in this paragraph.

45.     Deny the allegations of paragraph 45 of the Third Amended Complaint, except admit that plaintiff purports to assert claims in Count 2 under Section 43(c) of the Lanham Act, 15 U.S.C.§1125(c).

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Third Amended Complaint.

47.     Deny the allegations of paragraph 47 of the Third Amended Complaint.

48.     Deny the allegations of paragraph 48 of the Third Amended Complaint.

## COUNT 3
## VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

49.     Defendants incorporate their answers to paragraphs 1 through 48 of the Third Amended Complaint as if specifically set forth in this paragraph.

50.     Deny the allegations of paragraph 50 of the Third Amended Complaint, except admit that plaintiff purports to assert claims in Count 3 under Connecticut General Statute §42-110(a).

51.     Deny the allegations of paragraph 51 of the Third Amended Complaint.

52.     Deny the allegations of paragraph 52 of the Third Amended Complaint.

53.     Deny the allegations of paragraph 53 of the Third Amended Complaint.

54.     Deny the allegations of paragraph 54 of the Third Amended Complaint.

55.     Deny the allegations of paragraph 55 of the Third Amended Complaint, except admit that Omega Engineering filed U.S. Trademark Application Serial No. 76/337,374 on the date and for the mark, goods and services set forth in that application.

56.     Deny the allegations of paragraph 56 of the Third Amended Complaint.

## COUNT 4
## UNFAIR COMPETITION UNDER THE LANHAM ACT

57.     Defendants incorporate their answers to paragraphs 1 through 56 of the Third Amended Complaint as if specifically set forth in this paragraph.

58.     Deny the allegations of paragraph 58 of the Third Amended Complaint, except admit that plaintiff purports to bring Count 4 for unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

59.     Deny the allegations of paragraph 59 of the Third Amended Complaint.

60.     Deny the allegations of paragraph 60 of the Third Amended Complaint.

61.     Deny the allegations of paragraph 61 of the Third Amended Complaint.

## COUNT 5
## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT

62.     Defendants incorporate their answers to paragraphs 1 through 61 of the Third Amended Complaint as if specifically set forth in this paragraph.

63.     Deny the allegations of paragraph 63 of the Third Amended Complaint, except admit that plaintiff purports to bring Count 5 under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

64.     Deny the allegations of paragraph 64 of the Third Amended Complaint.

65.     Deny the allegations of paragraph 65 of the Third Amended Complaint.

66.    Deny the allegations of paragraph 66 of the Third Amended Complaint.

67.    Admit the allegations of paragraph 67 of the Third Amended Complaint.

68.    Deny the allegations of paragraph 68 of the Third Amended Complaint.

69.    Deny the allegations of paragraph 69 of the Third Amended Complaint.

## AFFIRMATIVE DEFENSES

By alleging the defenses set forth below, defendants do not assert or admit that they have the burden of proof and/or persuasion with respect to any of these defenses.

## FIRST AFFIRMATIVE DEFENSE (FAILURE TO STATE A CLAIM)

70.    The Third Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE (ACQUIESCENCE CONSENT AND ESTOPPEL)

71.    Plaintiff's claims are barred, in whole or in part, and plaintiff is estopped from asserting the claims, by plaintiff's agreement and consent in the 1994 Trademark Agreement to the registration and uses of the OMEGA marks by defendants of which OSA complains in this action.

## THIRD AFFIRMATIVE DEFENSE (RES JUDICATA)

72.    Plaintiff's claims are barred, in whole or in part, by the doctrine of *res judicata*.

## FOURTH AFFIRMATIVE DEFENSE (RELEASE)

73.    Plaintiff's claims are barred, in whole or in part, because plaintiff released some or all of the claims asserted in this action in settlement of the *Omega I* case.

**FIFTH AFFIRMATIVE DEFENSE (FIRST AMENDMENT PETITIONING ACTIVITY)**

74.    Plaintiff's claims are barred, in whole or in part, because the filing of trademark applications at the PTO or in foreign countries is protected as petitioning activity under the First Amendment and the *Noerr-Pennington* doctrine and, therefore, cannot, as a matter of law, form the basis for a claim of unfair competition, unfair trade practices, trademark infringement or dilution.

**SIXTH AFFIRMATIVE DEFENSE (GOVERNMENTAL ACTION)**

75.    Plaintiff's claims under federal and state law based on the obtaining of trademark registrations at the PTO are barred, in whole or in part, because the issuance of a trademark registration by the PTO constitutes governmental action, the exclusive remedy for which is the filing of a cancellation petition under Section 14 of the Lanham Act, 15 U.S.C. § 1064(3).

**SEVENTH AFFIRMATIVE DEFENSE
(LACK OF SUBJECT MATTER JURISDICTION)**

76.    Plaintiff's claims with respect to foreign trademark applications and registrations are barred because this Court lacks subject matter jurisdiction over foreign trademark applications and registrations, and because the foreign trademark applications and registrations have had and will have no impact on United States commerce or commerce in the State of Connecticut.

**EIGHTH AFFIRMATIVE DEFENSE (UNCLEAN HANDS)**

77.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

30746018.WPD                                    10

### NINTH AFFIRMATIVE DEFENSE (LACK OF STANDING)

78.    Plaintiff's claims are barred, in whole or in part, because plaintiff lacks standing to assert claims of infringement with respect to goods and services that plaintiff does not offer or sell under its OMEGA marks.

### TENTH AFFIRMATIVE DEFENSE (LACK OF INJURY)

79.    Plaintiff's claims are barred, in whole or in part, because plaintiff has not sustained any injury or damage by reason of any alleged unlawful actions of defendants.

### ELEVENTH AFFIRMATIVE DEFENSE (FRAUD ON THE PTO)

80.    Plaintiff's claims are barred, in whole or in part, because plaintiff has engaged in fraud in registering and/or maintaining its U.S. Trademark Registration Nos. 708,731 and 1,290,661 for the OMEGA marks without continuously using the mark specified in the registrations on all of the goods described therein, as alleged more fully in the Counterclaims herein.

### TWELFTH AFFIRMATIVE DEFENSE (ABANDONMENT)

81.    Plaintiff's claims are barred, in whole or in part, because plaintiff has abandoned use of the OMEGA marks on some or all of the goods described in U.S. Trademark Registration Nos. 708,731 and 1,290,661.

### THIRTEENTH AFFIRMATIVE DEFENSE (ESTOPPEL BY LACHES)

82.    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel by laches.

### FOURTEENTH AFFIRMATIVE DEFENSE (STATUTE OF LIMITATIONS)

83.    Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

30746018.WPD

11

## COUNTERCLAIMS

Counterclaim plaintiff Omega Engineering, for its counterclaims against counterclaim defendants OSA and The Swatch Group Ltd. ("Swatch") for cybersquatting, cancellation of United States trademark registrations, trademark infringement, unfair competition and false designation of origin, breach of contract, federal trademark dilution, and violation of the Connecticut Unfair Trade Practices Act, pleads and alleges as follows:

**Nature and Basis of the Action**

1.     This is an action brought by Omega Engineering under the Lanham Act, 15 U.S.C. §§ 1051, *et. seq.*, the Connecticut Unfair Trade Practices Act, Connecticut General Statutes, §§ 41-110a, *et. seq.*, and Connecticut common law, against counterclaim defendants OSA and Swatch, seeking permanent injunctive relief and damages arising out of counterclaim defendants' acts of cybersquatting and dilution in registering the domain name omega.us; cancellation of OSA trademark Registration Nos. 708,731 and 1,290,661 on the grounds that those registrations have been abandoned or were fraudulently renewed in that certain goods described therein are no longer being sold in the United States or are only sold for sporting events and not for science and industry; and acts of trademark infringement, dilution and unfair competition in offering to sell and selling in the United States under the OMEGA marks apparatus industrially and/or scientifically employed for measuring or controlling variable parameters, including wind gauges, weather stations and other weather monitoring equipment, display boards, data loggers and radio frequency identification devices.

2.     Omega Engineering, a United States manufacturer and seller (including sales over the Internet) of scientific and industrial products for more than 40 years, owns more than 50 incontestable United States trademark registrations that include the OMEGA marks, the

30746018.WPD                              12

earliest being registered in 1966, for use in connection with its scientific and industrial products. Omega Engineering also owns and operates numerous websites under domain names that include the OMEGA name, many of which employ the names USOMEGA or OMEGAUS, which offer to sell and sell scientific and industrial products. Omega Engineering's worldwide sales of its scientific and industrial products since 1962 total over one *billion* dollars. In addition, for more than 20 years, Omega Engineering has sold under its OMEGA marks time-related goods for science and industry, including industrial and scientific products for measuring and controlling time, and industrial and scientific period timers and counters.

**Parties**

3.      Counterclaim plaintiff Omega Engineering is a Delaware corporation authorized to do business in the State of Connecticut, having a principal place of business at One Omega Drive, Stamford, Connecticut 06907. Omega Engineering is engaged in the business of manufacturing and selling, in the United States and throughout the world, under its OMEGA marks, process control and measurement products (including timers, counters, recorders, display boards, and data loggers), services relating thereto, and numerous other scientific and industrial products and services, including products relating to testing and measurement, power monitoring, the environment (including weather monitoring stations and wind speed meters), and laboratory products for science and industry.

4.      Upon information and belief, counterclaim defendant OSA is a Swiss corporation with an address at 96 Rue Jakob Stampfli, Bienne, Switzerland, and is a wholly-owned subsidiary of counterclaim defendant The Swatch Group Ltd., also doing business as The Swatch Group, S.A., with an address at Fabourg du Lac, 6, Biel-Bienne, BE 2501, Switzerland. OSA manufactures and sells watches and timepieces to consumers, and also

manufactures and sells, or licenses its subsidiaries or affiliates or others to manufacture and sell, timekeeping and time measurement apparatus for use in timing sporting events.

5.    Upon information and belief, counterclaim defendant The Swatch Group Ltd. is a Swiss corporation with an address at Fabourg du Lac, 6, Biel-Bienne, BE 2501, Switzerland.

**Jurisdiction and Venue**

6.    This Court has subject matter jurisdiction over the cybersquatting, cancellation, trademark infringement, trademark dilution, false designation of origin and unfair competition claims pursuant to 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331, 1332(a) and 1338(a) and (b). This Court has jurisdiction over the claims arising under state law pursuant to 28 U.S.C. §§ 1367 (supplemental jurisdiction) and 1332(a) (diversity jurisdiction).

7.    Venue is proper in this Court pursuant to 28 U.S.C. 1391 because counterclaim defendants are subject to personal jurisdiction in this Judicial District.

**Omega Engineering, Its Famous OMEGA Trademarks and its Domain Names**

8.    Omega Engineering has manufactured and sold scientific and industrial products under its OMEGA marks since approximately 1962. These products include process control and measurement products, including apparatus industrially and/or scientifically employed for measuring and controlling variable parameters, including temperature, pressure, force, load, vibration, electrical conductivity, liquid level, acidity, humidity, strain, velocity, flow and time. These products include, *inter alia*, timers, counters, recorders, display boards, data loggers, and numerous other scientific and industrial products, including products for testing and measurement, power monitoring, environmental monitoring, weather monitoring stations and wind speed meters, laboratory products, and services related thereto.

30746018.WPD                    14

9.     Since it began selling scientific and industrial products, Omega Engineering has sold a total of over one billion dollars worth of such products under its OMEGA marks in the United States and throughout the world.

10.     Omega Engineering owns over 75 United States trademark registrations for the OMEGA marks and similar marks for use in connection with its products and services, more than 50 of which are incontestable.

11.     Omega Engineering's first United States trademark registration (Reg. No. 818,251) issued for the OMEGA marks for use in connection with various scientific and industrial apparatus in 1966, with a date of first use in commerce in the United States of September of 1962. This mark is incontestable.

12.     Omega Engineering owns a valid, subsisting and existing United States trademark registration, number 2,022,762, for its OMEGA marks that covers, *inter alia*, scientific and industrial timers, barometers, display boards, data loggers, air velocity meters, handheld temperature monitors, environmental monitors, recorders, air velocity transducers and wireless transmitters. Omega Engineering's first use of this mark in connection with its products in the United States was in or before September 1962. A copy of the registration is attached as Exhibit 2.

13.     Omega Engineering owns a valid, subsisting and existing United States service mark registration, number 2,150,239, for its OMEGA marks that covers, *inter alia*, the repair, maintenance and manufacturing services of machines, equipment, and instruments relating to its scientific and industrial products including those products listed in paragraph 12 above. Omega Engineering's first use of this mark in connection with its products in the United States was in or before September 1978. A copy of the registration is attached as Exhibit 3.

30746018.WPD                                                15

14.     Omega Engineering owns a valid, and incontestable United States trademark registration, number 1,397,434, registered on June 17, 1986, for its OMEGA marks that covers, *inter alia*, electrical and scientific products such as computer measurement and control products for measuring and controlling variable parameters, data loggers, display boards and parts therefore. Omega Engineering's first use of this mark in connection with its products in the United States was on or before February 1984. A copy of the registration is attached as Exhibit 4.

15.     Omega Engineering owns a valid, subsisting and existing United States trademark registration, number 2,412,722, for the mark OMEGA.COM, registered on December 12, 2000, for use in connection with Omega Engineering's scientific and industrial products and services, as described above, including electronic wind speed and direction meters, barometers, temperature indicators, wind tunnels, and other environmental measurement products, wireless transmitters, display boards, data loggers, and computer products for measuring and controlling variable parameters. Omega Engineering's first use of this mark in connection with its products in the United States was in or before December 1997. A copy of the registration is attached as Exhibit 5.

16.     Omega Engineering owns a valid, subsisting and existing United States trademark registration, number 2,276,934, for its OMEGA mark and design, registered on September 14, 1999, for use in connection with various electronic products, including environmental measurement products, including weather monitoring equipment and wind tunnels, wireless transmitters, and other computer products for measuring and controlling variable parameters, and data loggers. Omega Engineering's first use of this mark in connection

16

with its products in the United States was in or before January 1973. A copy of the registration is attached as Exhibit 6.

17.   Omega Engineering has continuously used in interstate commerce the OMEGA marks as designations of origin at least as early as the year 1962 in connection with selling, advertising, and promoting its goods and services, to distinguish its goods and services in the marketplace and to identify and distinguish Omega Engineering and its goods and services among its customers in the trade.

18.   By virtue of Omega Engineering's substantial use, sales, advertising, and promotion of its OMEGA marks, and related marks as described above which together constitute a "family of related marks," throughout the United States and the world, the OMEGA marks have become well-known marks, have become distinctive of Omega Engineering's products and services, and have come to identify and indicate the source of Omega Engineering's products to customers, purchasers and others. Omega Engineering has developed for itself and its OMEGA-branded products and services substantial goodwill and an excellent reputation among actual and potential purchasers and users of its products and services.

19.   Omega Engineering has acted with diligence in policing use, registration and misuse by others of trademarks similar to or identical to its famous OMEGA marks when such uses, registrations, or misuses have come to Omega Engineering's attention.

20.   In light of the distinctiveness of Omega Engineering's family of OMEGA marks, the duration and extent of Omega Engineering's sales, advertising, marketing, use, and registration regarding its OMEGA family of marks throughout the United States, the OMEGA family of marks are distinctive and famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

21.    Omega Engineering also owns and operates a number of websites for sale of its OMEGA trademarked products under domain names that include the word OMEGA. These websites also include a number that use the name USOMEGA or OMEGAUS as part of the domain name. Omega Engineering advertises to its customers that its OMEGA brand products are made in the United States. As a result of its advertising and promotional efforts, Omega Engineering's customers have come to recognize Omega Engineering as a United States-based company.

**OSA and Its OMEGA Products, Its Worldwide Trademark Agreement with Omega Engineering, and the Registration of the Domain Name OMEGA.US.**

22.    In the United States, OSA principally markets and distributes wrist watches and timepieces under its OMEGA marks. OSA also markets and distributes, or licenses its subsidiaries, affiliates and others to market and distribute, in the United States, under its OMEGA marks, electronic equipment for use in timing sporting events.

23.    OSA has registered its OMEGA marks at the PTO for use in connection with products that: (1) include "computer apparatus for controlling the measurement of time and distance for . . . scientific investigation, and industrial application," Registration No. 1,290,661; and (2) include "electronic time recorders for automatic precision timing in science and industry," Registration No. 708,731. On information and belief, however, as alleged more fully in paragraphs 38-63, below, OSA does not sell such products and the registrations for such products are invalid and should be cancelled.

24.    Counterclaim defendant Swatch owns the Internet domain name omega.us but does not operate a website under this domain name. On information and belief, Swatch has never been known by the name OMEGA, neither Swatch nor OSA has ever been known by the

30746018.WPD                                    18

name Omega US or US Omega, and neither Swatch nor OSA is known as a United States

company, but rather each is known as a Swiss watch company. On information and belief,

Swatch obtained the domain name omega.us in bad faith for the purpose of preventing Omega

Engineering from owning and operating a website under this domain name and for the improper

purpose of using the domain name as a part of an overall strategy to gain leverage in OSA's

ongoing domestic and worldwide trademark disputes with Omega Engineering.

    25.  Over the years OSA and Omega Engineering have had a number of

trademark disputes around the world that resulted in a series of agreements delineating the

worldwide uses of the OMEGA marks by the parties with respect to distinct channels of trade,

the latest agreement being reached in 1994 (the "1994 Trademark Agreement"). The express

purpose of the 1994 Trademark Agreement was "the avoidance of future interference Worldwide

between [the parties'] respective fields of commercial operation" under the OMEGA marks.

    26.  Paragraph 4(a) of the 1994 Trademark Agreement specifically provides

that Omega Engineering may use the OMEGA marks (including the Greek letter $\Omega$) in

connection with "computer controlled measuring, timing and display apparatus . . . for science or

industry."

    27.  Paragraph 4(b) of the 1994 Trademark Agreement specifically provides

that OSA shall *not* use, register or apply to register the OMEGA marks (including the Greek

letter $\Omega$) in connection with "[a]pparatus industrially and/or scientifically employed for

measuring or controlling variable parameters."

    28.  The 1994 Trademark Agreement is binding upon OSA and its subsidiaries,

affiliates and licensees. On information and belief, as alleged more fully below, OSA has

breached the terms and conditions of the 1994 Trademark Agreement by maintenance of

registrations for the OMEGA marks at the PTO for apparatus scientifically and/or industrially employed for measuring or controlling variable parameters.

## FIRST CLAIM FOR RELIEF
### Cybersquatting Under the Lanham Act
(against Swatch)

29.     Counterclaim plaintiff, Omega Engineering, realleges and incorporates herein the allegations of paragraphs 1-28 of its Counterclaim above.

30.     This count arises under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

31.     Omega Engineering is the owner of some 75 OMEGA trademark registrations in the United States and owns numerous domain names and operates numerous websites under domain names that include the names Omega, USOmega and OmegaUS. As a result of the duration and extent of use of Omega Engineering's OMEGA marks, the duration and extent of the advertising and publicity associated with Omega Engineering's OMEGA marks, the superior quality of Omega Engineering's products and services, and the degree of recognition of its OMEGA marks, products and services, Omega Engineering's OMEGA marks have achieved an extensive degree of distinctiveness and constitute famous marks entitled to protection.

32.     Omega Engineering is known and recognized throughout the United States by its customers as a United States-based company, and Omega Engineering's customers have come to know Omega Engineering as the "U.S. Omega" or "Omega U.S." On information and belief, counterclaim defendants OSA and Swatch have not used the name or mark Omega US or US Omega, are not recognized or known by that name, own no trademark registrations in the United States or any other country for the mark OmegaUS or USOmega, have no common law rights in the name or mark US Omega or Omega US, and are not known as a United States

30746018.WPD                    20

company or as the U.S. Omega or Omega U.S., but rather as Swiss watch companies. On further information and belief, counterclaim defendant Swatch has not used the name or mark OMEGA, is not recognized or known by that name or mark, owns no trademark registrations in the United States for any OMEGA mark, and has no common law rights in the OMEGA mark.

33.    The domain name omega.us is confusingly similar to Omega Engineering's OMEGA marks, and the registration and ownership of this domain name was undertaken by Swatch in a bad faith attempt to profit from Omega Engineering's OMEGA marks, to preclude Omega Engineering from acquiring this domain name, to interfere with Omega Engineering's business, for the improper purpose of gaining leverage in its subsidiary OSA's worldwide trademark disputes with Omega Engineering, or with the intent to sell or transfer the domain name to Omega Engineering for value greater than the cost of registering and maintaining the domain name.

34.    Swatch's adoption and use of the domain name omega.us occurred after the date of Omega Engineering's first use of its OMEGA marks in connection with Omega Engineering's goods and services.

35.    Omega Engineering is prevented from registering and using the domain name omega.us for its trademarked OMEGA goods and services, due to Swatch's registration and ownership of omega.us as a domain name.

36.    Swatch's registration and ownership of the domain name omega.us was for the purpose of commercial gain.

37.    Swatch's registration and ownership of the domain name omega.us has caused injury and damages to Omega Engineering, and has caused irreparable injury to Omega

30746018.WPD

21

Engineering's goodwill and reputation and, unless enjoined, will cause further irreparable injury,

for which Omega Engineering has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### Cancellation of United States Trademark
### Registrations Nos. 708,731 and 1,290,661 For
### Abandonment and Fraud Under 15 U.S.C. §§ 1064 and 1119
(against OSA)

38.    Counterclaim plaintiff, Omega Engineering, realleges and incorporates

herein the allegations of paragraphs 1-37 of its Counterclaims above as if fully set forth herein.

39.    This is a cancellation action against OSA's registration nos. 708,731 and

1,290,661 pursuant to Section 14 of the Lanham Act, 15 U.S.C. § 1064(3) and §1119.

40.    Upon information and belief, counterclaim defendant OSA has abandoned

use of the OMEGA marks in commerce in the United States for "electronic time recorders for

automatic precision timing in science and industry" as recited in Registration No. 708,731, a

copy of which registration is attached as Exhibit 7.

41.    Upon information and belief, counterclaim defendant OSA has abandoned

use of the OMEGA marks in commerce in the United States for, *inter alia*, "computer apparatus

for checking and controlling the measurement of time and distance for . . . scientific

investigation, and industrial application, including the acquisition, transmission, and

management of information intended for transportation, publicity, and financial use; computers

for calculating information in respect of time and distance, storing such information, and making

the same available in visual or audible form," as recited in Registration No. 1,290,661, which

registration is attached as Exhibit 8.

42.    Counterclaim plaintiff, Omega Engineering, is engaged in providing, *inter*

*alia*, goods and services under its OMEGA marks, including timers, namely period timers

30746018.WPD                                 22

industrially and/or scientifically employed, and computer products for controlling and measuring variable parameters, which include time for use in science and industry.

43.    Counterclaim plaintiff, Omega Engineering, has developed extensive goodwill throughout the United States with respect to its OMEGA marks..

44.    Counterclaim plaintiff, Omega Engineering, has spent substantial sums in the advertising and promotion throughout the United States of its goods and services provided under its OMEGA marks.

45.    As a result of the expenditure of considerable sums for marketing and advertising, and by virtue of the excellence of its goods and services, counterclaim plaintiff, Omega Engineering, has garnered for its OMEGA goods and services a most valuable reputation.

46.    Using registration numbers 708,731 and 1,290,661, in part, as the basis of its claim herein, and despite having abandoned marketing, advertising, offering for sale, selling, or using in science or industry the OMEGA marks in the United States with respect to some or all of the goods recited in those registrations, OSA has opposed Omega Engineering's legitimate application for trademark protection for goods and services industrially and/or scientifically employed, and unless these registrations are cancelled as null and void OSA will persist to assert these registrations, or at the very least, these registrations will remain as a cloud on Omega Engineering's legal right to continue to use its OMEGA marks, thereby injuring Omega Engineering.

47.    Upon information and belief, counterclaim defendant OSA has fraudulently obtained renewal of registration number 708,731 for the OMEGA mark for use in commerce in the United States for "electronic time recorders for automatic precision timing in science and industry."

30746018.WPD                                    23

48.    Counterclaim defendant OSA filed a trademark renewal application for the mark OMEGA (and design) for Registration No. 708,731 on December 20, 2000. A copy of the renewal application is attached as Exhibit 9.

49.    Counterclaim defendant OSA submitted a Combined Section 8 and 9 Declaration in accordance with Sections 8 and 9 of the Lanham Act for the trademark renewal application referred to in paragraph 48 above, which was signed by Hanspeter Rentsch. A copy of the declaration, with attached specimen, is attached as Exhibit 10. The Combined Section 8 and 9 Declaration stated, in pertinent part, "[t]hat registrant owns Registration No. 708,731, that the mark shown therein is in use in commerce on each of the goods recited in the registration, with the attached specimen showing the mark as currently used."

50.    Upon information and belief, statements in OSA's Combined Section 8 and 9 Declaration as set forth above, through their officer Hanspeter Rentsch, were not true, and were known by OSA not to be true.

51.    Counterclaim defendant OSA submitted a specimen in accordance with Section 9 of the Lanham Act for the trademark renewal application for the mark OMEGA (and design) for Registration No. 708,731, wherein said specimen represented an aquatics starting system marketed by an affiliate of OSA (*see* Exhibit 10).

52.    Upon information and belief, the aquatics starting system is advertised and marketed as a timing system for sporting events and is not advertised, marketed, offered for sale, or sold for use in science and industry.

53.    Upon information and belief, OSA and its affiliates do not advertise, market, offer for sale, or sell electronic time recorders for automatic precision timing in science

and industry, and did not do so at the time that the above-referenced Section 8 and 9 Declaration

for Registration No. 708,731 was filed in December 2000.

54.    Upon information and belief, counterclaim defendant OSA has

fraudulently maintained Registration No. 1,290,661 for the OMEGA mark for use in commerce

in the United States for "computer apparatus for controlling the measurement of time and

distance for . . . scientific investigation, and industrial application."

55.    Counterclaim defendant OSA filed a Declaration Under Sections 8 and 15

in accordance with Sections 8 & 15 of the Lanham Act for the OMEGA mark for Registration

No. 1,290,661 on August 14, 1990, which was signed by OSA's authorized representatives. A

copy of the Declaration Under Sections 8 and 15, with attached specimens, is attached as Exhibit

11.

56.    The Declaration Under Sections 8 and 15 for Registration No. 1,290,661

stated, in pertinent part, that the OMEGA mark "has been in continuous use in commerce with

the United States for five consecutive years from the date of the registration to the present, on or

in connection with all of the goods of Classes 9 and 14 . . . recited in the registration." The goods

of class 9 recited in Registration No. 1,290,661 include "computer apparatus for controlling the

measurement of time and distance for . . . scientific investigation, and industrial application."

57.    Upon information and belief, statements in OSA's Declaration Under

Sections 8 and 15 for Registration No. 1,290,661 as set forth above, through its authorized

representatives, were not true, and were known by OSA not to be true.

58.    Counterclaim defendant OSA submitted a specimen in accordance with

Sections 8 & 15 of the Lanham Act for with respect to the Class 9 goods recited in Registration

No. 1,290,661 for the mark OMEGA (and design), wherein said specimen represented a

"computer which measures and displays the times attained during athletic competitions" marketed by an affiliate of OSA (*see* Exhibit 11).

59.    Upon information and belief, the computer represented in the aforementioned specimen is advertised and marketed as a timing system for sporting events and is not advertised, marketed, offered for sale, or sold for use in science and industry.

60.    Upon information and belief, counterclaim defendant OSA and its affiliates do not advertise, market, offer for sale, or sell computer apparatus for checking and controlling the measurement of time and distance for scientific investigation and industrial application, and did not do so at the time that the Declaration Under Sections 8 and 15 for Registration No. 1,290,661 was filed in August 1990.

61.    OSA agreed in paragraph 4(b) of the 1994 Agreement not to use, register or apply to register the marks as set forth in Paragraphs 38 through 60 of these Counterclaims.

62.    OSA, through its officer Hanspeter Rentsch, has admitted that the products described in the registrations set forth in paragraphs 38 through 60 of these Counterclaims were only offered for sale or sold for use in sporting events.

63.    The continued existence of registration numbers 708,731 and 1,290,661 for the goods described therein damages and injures counterclaim plaintiff Omega Engineering.

### THIRD CLAIM FOR RELIEF
### Trademark Infringement Under 15 U.S.C. § 1114(l)
(against OSA)

64.    Counterclaim plaintiff, Omega Engineering, realleges and incorporates herein the allegations of paragraphs 1-63 of its Counterclaims above as if fully set forth herein.

65.    This is a claim for trademark infringement of a trademark registered in the PTO, pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), as amended.

30746018.WPD                                          26

66.     Upon information and belief, counterclaim defendant OSA, by itself and/or through licensees, subsidiaries or its affiliates, advertises, offers for sale, and sells in the United States apparatus industrially and/or scientifically employed for measuring or controlling variable parameters.

67.     Upon information and belief, OSA, through its licensees, subsidiaries or its affiliates, advertised, offered for sale, and sold and continues to sell in the United States wind gauges, automatic weather stations incorporating measurements for wind velocity and direction sensors, wind speed instrumentation, wind direction instrumentation, air temperature instrumentation, barometric pressure instrumentation, and density altitude compensation instrumentation, including the OMEGA Alizé wind gauge, under the OMEGA marks.  Copies of advertising and product information for the OMEGA Alizé wind gauge are attached as Exhibit 12.

68.     Upon information and belief, OSA, through its licensees, subsidiaries or its affiliates, has advertised, offered for sale, sold and continues to sell in the United States handheld temperature and time data recorders and printers, including the OMEGA Powertime device, under the OMEGA marks.  Copies of advertising and product information for the OMEGA Powertime device product information are attached as Exhibit 13.

69.     Upon information and belief, OSA, through its licensees, subsidiaries or its affiliates, has advertised, offered for sale, sold and continues to sell in the United States secured radio frequency identification devices, and radio frequency identification devices, including the OMEGA SRFID and RFID access systems, under the OMEGA marks.  Copies of advertising and product information for the OMEGA SRFID and RFID access systems products are attached as Exhibit 14.

30746018.WPD                         27

70.    Upon information and belief, OSA and its licensees, subsidiaries or its affiliates, has repeatedly advertised and offered the products described in paragraphs 67 through 69 above for sale within the United States and this Judicial District under the OMEGA marks, using, *inter alia*, the interactive Internet web sites and domain names "www.omega-electronics.ch" and "www.omegaelectronicsus.com," with the reasonable expectation that such products are to be used, sold and/or consumed in interstate commerce in the United States and in this Judicial District.

71.    The OMEGA marks used by OSA and its licensees, subsidiaries or its affiliates as described in paragraphs 67 through 69 above are confusingly similar to one or more of Omega Engineering's family of registered OMEGA marks.

72.    Omega Engineering has never consented to the use of the OMEGA marks on the products as described in paragraphs 67 through 69 above.

73.    Omega Engineering has no control over counterclaim defendants' use of the OMEGA marks as described in paragraphs 67 through 69 above.

74.    Upon information and belief, OSA's unauthorized use of the OMEGA marks through its licensees, subsidiaries or affiliates on the products described in paragraphs 67 through 69 above is likely to cause confusion and mistake and to deceive the public as to the approval, sponsorship, license, or source of origin of OSA's products.

75.    Upon information and belief, OSA's infringement of Omega Engineering's United States trademark registrations relating to the OMEGA marks has been willful and deliberate, and designed to trade on Omega Engineering's goodwill associated with the mark, and OSA has profited and been unjustly enriched by sales that OSA would not otherwise have made but for its unlawful conduct.

30746018.WPD                            28

76.     OSA's acts described above have caused injury and damages to Omega Engineering, and have caused irreparable injury to Omega Engineering's goodwill and reputation and, unless enjoined, will cause further irreparable injury, for which Omega Engineering has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### Unfair Competition and False Designation of Origin
### Under 15 U.S.C. § 1125(a)
(against OSA)

77.     Counterclaim plaintiff, Omega Engineering, realleges and incorporates herein the allegations of paragraphs 1-76 of its Counterclaims above as if fully set forth herein.

78.     This claim is for unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a).

79.     By its unauthorized use of the OMEGA marks as described above, OSA has falsely designated the origin of its products and has thereby competed unfairly with Omega Engineering in violation of 15 U.S.C. § 1125(a).

80.     Upon information and belief, OSA's acts of false designation of origin and unfair competition have been done willfully and deliberately and OSA has profited and been unjustly enriched by sales that it would not otherwise have been made but for its conduct.

81.     OSA's acts described above have caused injury and damages to Omega Engineering, and have caused irreparable injury to counterclaim plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury for which Omega Engineering has no adequate remedy at law.

30746018.WPD                              29

## FIFTH CLAIM FOR RELIEF
### Breach of Contract
(against OSA)

82.    Counterclaim plaintiff, Omega Engineering, realleges and incorporates herein the allegations of paragraphs 1-81 of its Counterclaims above as if fully set forth herein.

83.    This claim is for breach of contract under Connecticut law.

84.    Counterclaim defendant OSA breached paragraph 4(b) of the 1994 Agreement by maintaining, or causing to be maintained, United States registration numbers 708,731 and 1,290,661 for all or some of the products described therein.

85.    Upon information and belief, counterclaim defendant OSA breached paragraph 4(b) of the 1994 Agreement by their use of the mark OMEGA and the Greek letter $\Omega$ in connection with the goods described in these Counterclaims.

86.    At all times relative to the instant action, counterclaim plaintiff has performed its duties, responsibilities and undertakings under the 1994 Agreement.

87.    As a result of counterclaim defendant OSA's breach, Omega Engineering has sustained damage in an amount not yet known, but believed to be in excess of $75,000.

88.    Counterclaim plaintiff derives actual and substantial benefit from the 1994 Agreement and counterclaim defendant OSA's actions in breach thereof are causing irreparable harm to counterclaim plaintiff and greatly diminish the value of counterclaim plaintiff's trademarks.

89.    Counterclaim plaintiff has no adequate remedy at law.

30746018.WPD