### SIXTH CLAIM FOR RELIEF
### Federal Trademark Dilution Under 15 U.S.C. § 1125(c)
(against OSA and Swatch)

90. Counterclaim plaintiff, Omega Engineering, realleges and incorporates herein the allegations of paragraphs 1-89 of its Counterclaims above as if fully set forth herein.

91. This is an action for trademark dilution pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

92. The OMEGA mark is distinctive and famous within the meaning of 15 U.S.C. § 1125(c)(1) of Omega Engineering's goods and services, and was distinctive and famous prior to the date of Swatch's adoption and use of the OMEGA.US mark and domain name.

93. OSA's and Swatch's conduct, as described above, is diluting the distinctive quality of Omega Engineering's famous OMEGA mark, thereby lessening its capacity to identify and distinguish products and services marketed and sold by Omega Engineering.

94. To the extent that OSA's and/or Swatch's products are viewed as being less than satisfactory to consumers, Omega Engineering's business reputation and goodwill and the reputation and goodwill of Omega Engineering's famous OMEGA mark are being and will be tarnished and injured.

95. OSA's and Swatch's acts described above have caused injury to and have damaged Omega Engineering's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Omega Engineering has no adequate remedy at law.

### SEVENTH CLAIM FOR RELIEF
### Violation of the Connecticut Unfair Trade Practices Act,
### Conn. Gen. Stats. §§42-110a, *et. seq.*
(against OSA and Swatch)

96.     Counterclaim plaintiff, Omega Engineering, realleges and incorporates herein the allegations of paragraphs 1-95 of its Counterclaims as if fully set forth herein.

97.     This is an action for unfair methods of competition, and unfair and deceptive acts and practices in the conduct of counterclaim defendant OSA's and Swatch's trade in violation of the Connecticut Unfair Trade Practices Act ("CUPTA"), CGS §§42-110a, *et seq.*

98.     By committing the acts herein alleged, OSA and Swatch have engaged in unfair methods of competition and unfair and deceptive acts and practices in the conduct of trade within the State of Connecticut in violation of GCS 41-110a, *et. seq.*, causing confusion to consumers in the trade, damage and lost profits to Omega Engineering.

99.     In addition, Omega Engineering has asserted that this Court lacks subject matter jurisdiction to consider OSA's CUPTA claim to the extent that such claim is premised on alleged registering and filing of trademarks by Omega Engineering in foreign countries for the sole purpose of obstructing OSA's rights or for the purpose of using the trademark registrations for leverage in legal proceedings with OSA. If, however, the Court were to determine that it has jurisdiction to hear such claims, then Omega Engineering pleads contingently that OSA has engaged in the same pattern and practice of filing foreign trademark registrations in foreign countries for the sole purpose of obstructing Omega Engineering's rights or for the purpose of using the trademark registrations for leverage in legal proceedings with Omega Engineering. Omega Engineering asserts contingently that such acts and practices constitute unfair methods of competition and unfair and deceptive acts and practices in the conduct of trade within the State of Connecticut in violation of GCS §§41-110a.

100. As a result of OSA's and Swatch's acts in violation of GCS §§41-110a, Omega Engineering has sustained damage in an amount not yet known, but believed to be in excess of $75,000.

101. OSA's and Swatch's acts described above have caused injury to and have damaged Omega Engineering's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Omega Engineering has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, counterclaim plaintiff Omega Engineering prays that this Court enters judgment against counterclaim defendants OSA and Swatch as follows:

(A) That the Court enter judgment in favor of Omega Engineering on OSA's claims and direct that OSA take nothing by its Third Amended Complaint against Omega Engineering;

(B) That Omega Engineering be awarded its costs of suit incurred in defense of this action;

(C) That counterclaim defendant Swatch be ordered to transfer and assign all rights to the domain name omega.us to counterclaim plaintiff Omega Engineering.

(D) That the Court declare, pursuant to 28 U.S.C. § 2201, jurisdiction over the issue of interpretation and violation of paragraph 4(b) of the 1994 Agreement, and declare that OSA's use of the mark OMEGA and the Greek letter Ω in connection with the advertisement or sale of goods industrially and/or scientifically employed for measuring or controlling variable parameters is a violation of the 1994 Agreement;

(E) That OSA and Swatch, their officers, agents, servants, employees, and attorneys, and all other persons, firms, or corporations acting in concert or participation with

them, be enjoined and restrained, during the pendency of this action and permanently thereafter, from:

   i.  unfairly competing with Omega Engineering, and from engaging in unfair and deceptive trade practices, infringing Omega Engineering's marks, engaging in cybersquatting, causing dilution of Omega Engineering's marks, and breaching the 1994 Agreement between the parties;

   ii.  registering, owning or using the domain name omega.us;

   iii.  offering for sale or selling in the United States any of the aforementioned goods under the OMEGA marks, or any mark that either directly or indirectly incorporates the OMEGA mark, or any mark confusingly similar to counterclaim plaintiff's marks;

   iv.  using the OMEGA marks, or any mark that either directly or indirectly incorporates the OMEGA mark, or any mark confusingly similar to Omega Engineering's marks, in the United States in relation to the distribution of goods, provision of services, or distribution of advertisements or sales literature for goods or services, that compete with Omega Engineering's goods and services, and cease advertising and promoting its goods and services in competition with Omega Engineering's goods and services in the United States and/or on the Internet using the OMEGA mark, any mark that either directly or indirectly incorporates the OMEGA mark, or any mark confusingly similar to Omega Engineering's marks;

  (F) That Omega Engineering recover its damages sustained as a result of counterclaim defendants' acts of cybersquatting, breach of the 1994 Agreement, unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), pursuant to 15

U.S.C. § 1117(a), trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114, dilution of counterclaim Omega Engineering's marks pursuant to the Lanham Act, 15 U.S.C. § 1125(c), and unfair competition in violation of the Connecticut Unfair Trade Practices Act pursuant to CGS §§ 42-110a, et seq.;

    (G)    That Omega Engineering recover counterclaim defendants' profits made as a result of OSA's acts of cybersquatting, breach of the 1994 Agreement, unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), pursuant to 15 U.S.C. § 1117(a), trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114, dilution of Omega Engineering's marks pursuant to the Lanham Act, 15 U.S.C. § 1125(c), and unfair competition in violation of the Connecticut Unfair Trade Practices Act pursuant to CGS §§ 42-110a, *et seq.*;

    (H)    That counterclaim defendants' acts of unfair competition and trademark infringement be adjudged willful, this case be declared exceptional, and damages and profits be trebled pursuant to 15 U.S.C. § 1117; that Omega Engineering be entitled to punitive damages pursuant to CGS §§ 42-110a, *et seq.*; and that the Court, pursuant to 15 U.S.C. § 1117(a), award defendants their attorneys' fees incurred in defense of this action and prosecution of Omega Engineering's Counterclaims;

    (I)    That counterclaim defendants, their officers, agents, servants, employees, and attorneys, and all other persons, firms, or corporations acting in concert or participation with them, be ordered to destroy all advertisements, catalogs, brochures, and labels that use the OMEGA mark, or any mark that either directly or indirectly incorporates the OMEGA mark, or any mark confusingly similar to Omega Engineering's marks, in relation to those goods and services that compete with Omega Engineering's goods and services;

(J) That OSA's trademark Registration Nos. 708,731 and 1,290,661 be adjudged cancelled for the abandoned use of the OMEGA mark in commerce for the goods identified in these registrations;

(K) That OSA's trademark Registration Nos. 708,731 and 1,290,661 be adjudged cancelled for the fraudulent renewal of the OMEGA mark for use in commerce in the United States for "electronic time recorders for automatic precision timing in science and industry" and "computer apparatus for controlling the measurement of time and distance for . . . scientific investigation, and industrial application," respectively

(L) That counterclaim defendants be ordered to inactivate all web sites, which would violate any injunction granted hereunder;

(M) That counterclaim defendants be ordered to account for all profits realized from its aforesaid wrongful acts;

(N) That counterclaim defendants be ordered to recall from all channels of trade all goods, product packaging, promotional materials, advertisements, commercials and other items, the dissemination of which by counterclaim defendants would violate the injunction herein granted;

(O) That counterclaim defendants be ordered to pay for and cause to be disseminated to each distributor of counterclaim defendants' products a notice advising said distributors of counterclaim defendants' wrongful acts and of the injunction granted hereunder;

(P) That counterclaim defendants be ordered pursuant to 15 U.S.C. 1116(a), to serve on Omega Engineering within 30 days after service of the injunction granted hereunder, a report in writing under oath setting forth in detail the manner and form in which counterclaim defendants have complied with the injunction; and

(Q)     That Omega Engineering be granted such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Omega Engineering hereby demands a jury trial on all issues triable to a jury.

Dated: November 3, 2003

Respectfully submitted,

*[signature]*

MINOGUE BIRNBAUM LLP
Thomas E. Minogue (CT 06845)
237 Elm Street
New Canaan, CT 06840
(203) 966-6916

KAYE SCHOLER LLP
Thomas A. Smart (CT 21462)
Paul C. Llewellyn
425 Park Avenue
New York, NY 10022
(212) 836-8000

*Attorneys for Defendants and for Counterclaim Plaintiff Omega Engineering, Inc.*

30746018.WPD                    37

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer and Counterclaims to Third Amended Complaint and the Exhibits thereto were served on this 31st day of November, 2003, by U.S. Postal Service first class mail, postage pre-paid on the following opposing counsel:

Paul Fattibene, Esq.
**FATTIBENE & FATTIBENE**
2480 South Post Road
Southport, CT 06490

Jess M. Collen, Esq.
James Hastings, Esq.
**COLLEN IP**
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, NY 10562

_____
Thomas Minogue