## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

*FILED*

*Jan 16  2 50 PH '04*

*U. S. DISTRICT COURT*
*N ? HAV?...CONN*

| | |
|---|---|
| OMEGA S.A., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| OMEGA ENGINEERING, INC., | ) |
| OMEGA SCIENTIFIC, INC., and | ) |
| OMEGA PRESS, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| OMEGA ENGINEERING, INC., | ) |
| | ) |
| Counterclaim-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OMEGA, S.A. and | ) |
| THE SWATCH GROUP LTD., | ) |
| | ) |
| Counterclaim-Defendants. | ) |

Civil Action No.:
3:01 CV 2104 (MRK)

### THE SWATCH GROUP LTD.'s ANSWER TO COUNTERCLAIMS

Counterclaim Defendant, The Swatch Group Ltd. (hereinafter "Swatch"), by and through its undersigned counsel, hereby submits this Answer to Counterclaims to defendant, Omega Engineering, Inc.'s ("Defendant" or "OEI") counterclaims.

### ANSWER (As for Swatch only)

1.      Swatch denies the allegations contained in paragraph 1 of OEI's counterclaims.

1

2.     Swatch denies the allegations contained in paragraph 2 of OEI's counterclaims.

3.     Swatch denies the allegations contained in paragraph 3 of OEI's counterclaims, except admits that OEI is a Delaware Corporation authorized to do business in Connecticut.

4.     Swatch admits the allegations contained in paragraph 4 of OEI's counterclaims to the extent that such allegations apply to Swatch only.

5.     Swatch admits the allegations contained in paragraph 5 of OEI's counterclaims.

6.     Swatch admits the allegations contained in paragraph 6 of OEI's counterclaims to the extent that such allegations apply to Swatch only.

7.     Swatch denies the allegations contained in paragraph 7 of OEI's counterclaims.

8.     Swatch denies the allegations contained in paragraph 8 of OEI's counterclaims.

9.     Swatch denies the allegations contained in paragraph 9 of OEI's counterclaims.

10.     Swatch denies the allegations contained in paragraph 10 of OEI's counterclaims.

11.     Swatch denies the allegations contained in paragraph 11 of OEI's counterclaims.

12.    Swatch denies the allegations contained in paragraph 12 of OEI's counterclaims, except admits that what purports to be a copy of Registration No. 2,022,762 is attached to OEI's Answer and Counterclaims as Exhibit 2.

13.    Swatch denies the allegations contained in paragraph 13 of OEI's counterclaims, except admits that what purports to be a copy of Registration No. 2,150,239 is attached to OEI's Answer and Counterclaims as Exhibit 3.

14.    Swatch denies the allegations contained in paragraph 14 of OEI's counterclaims, except admits that what purports to be a copy of Registration No. 1,397,434 is attached to OEI's Answer and Counterclaims as Exhibit 4.

15.    Swatch denies the allegations contained in paragraph 15 of OEI's counterclaims, except admits that what purports to be a copy of Registration No. 2,412,722 is attached to OEI's Answer and Counterclaims as Exhibit 5.

16.    Swatch denies the allegations contained in paragraph 16 of OEI's counterclaims, except admits that what purports to be a copy of Registration No. 2,276,934 is attached to OEI's Answer and Counterclaims as Exhibit 6.

17.    Swatch denies the allegations contained in paragraph 17 of OEI's counterclaims.

18.    Swatch denies the allegations contained in paragraph 18 of OEI's counterclaims.

19.    Swatch denies the allegations contained in paragraph 19 of OEI's counterclaims.

20.    Swatch denies the allegations contained in paragraph 20 of OEI's counterclaims.

3

21.    Swatch denies the allegations contained in paragraph 21 of OEI's counterclaims.

22.    Swatch denies the allegations contained in paragraph 22 of OEI's counterclaims.

23.    Swatch denies the allegations contained in paragraph 23 of OEI's counterclaims.

24.    Swatch denies the allegations contained in paragraph 24 of OEI's counterclaims, except admits that it owns the domain name omega.us.

25.    Swatch denies the allegations contained in paragraph 25 of OEI's counterclaims, except admits that Omega S.A. and Omega Engineering entered into an Agreement in 1994.

26.    Swatch denies the allegations contained in paragraph 26 of OEI's counterclaims, except admits that an excerpt from the Omega S.A. and Omega Engineering's 1994 Agreement is quoted therein.

27.    Swatch denies the allegations contained in paragraph 27 of OEI's counterclaims, except admits that an excerpt from the 1994 Agreement between Omega S.A. and Omega Engineering is quoted therein.

28.    Swatch denies the allegations contained in paragraph 28 of OEI's counterclaims.

29.    Swatch repeats and reasserts its answers contained in paragraphs 1-28 as if fully set forth herein.

4

**First Claim for Relief**   (As for Swatch only)

30.     Swatch denies the allegations contained in paragraph 30 of OEI's counterclaims.

31.     Swatch denies the allegations contained in paragraph 31 of OEI's counterclaims.

32.     Swatch denies the allegations contained in paragraph 32 of OEI's counterclaims.

33.     Swatch denies the allegations contained in paragraph 33 of OEI's counterclaims.

34.     Swatch denies the allegations contained in paragraph 34 of OEI's counterclaims.

35.     Swatch denies the allegations contained in paragraph 35 of OEI's counterclaims.

**Sixth Claim for Relief**   (As for Swatch only)

36.     Swatch repeats and reasserts its answers contained in paragraphs 1-35 as if fully set forth herein.

37.     Swatch denies the allegations contained in paragraph 91 of OEI's counterclaims.

38.     Swatch denies the allegations contained in paragraph 92 of OEI's counterclaims.

39.     Swatch denies the allegations contained in paragraph 93 of OEI's counterclaims.

40.     Swatch denies the allegations contained in paragraph 94 of OEI's counterclaims.

41.     Swatch denies the allegations contained in paragraph 95 of OEI's counterclaims.

**Seventh Claim for Relief**     (As for Swatch only)

42.     Swatch repeats and reasserts its answers contained in paragraphs 1-41 as if fully set forth herein.

43.     Swatch denies the allegations contained in paragraph 97 of OEI's counterclaims.

44.     Swatch denies the allegations contained in paragraph 98 of OEI's counterclaims.

45.     Swatch denies the allegations contained in paragraph 99 of OEI's counterclaims.

46.     Swatch denies the allegations contained in paragraph 100 of OEI's counterclaims.

47.     Swatch denies the allegations contained in paragraph 101 of OEI's counterclaims.

## AFFIRMATIVE DEFENSES

1.     OEI has instituted its action against Swatch for retaliatory purposes and for other improper purposes that have no foundation in fact or law.

2.     OEI does not have any protectable trademark rights in and to the terms "USOmega" or "OmegaUS.".

6

3.    OEI has failed to state a claim against the Swatch Group Ltd. under which relief can be granted.

4.    OEI's claims against Swatch have been brought in bad-faith, in an attempt to needlessly increase the costs of litigation.

5.    OEI's "Omega" Marks are not famous.

5.    OEI's "Omega" Marks are not distinctive.

6.    OEI does not use the terms "OmegaUS" or "Omega US" as a trademark.

7.    OEI's claims against Swatch are barred, in whole or in part, by the doctrine of unclean hands.

8.    OEI has failed to plead a cause of action against Swatch arising under CGS Sections 42-110(a) *et seq*., commonly known as CUTPA.

9.    OEI has failed to plead a cause of action against Swatch arising under 15 U.S.C. § 1125 (c).

10.    OEI's counterclaim against Swatch was filed in violation of Rule 11 of the Federal Rules of Civil Procedure.

THE SWATCH GROUP LTD.

By:    Jess M. Collen (CT 20918)
James R. Hastings(CT 23521)
COLLEN *IP*
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
(914) 941 5668
(914) 941-6091 (facsimile)

*Attorneys for The Swatch Group Ltd.*

7

Of counsel:

Paul Fattibene
Fattibene and Fattibene
2480 Post Road
Southport, Connecticut 06490
(203) 255-4400
(203) 259-0033 (facsimile)

Dated: January16, 2004

8

## CERTIFICATE OF SERVICE

I, Jason S. Friedman, hereby certify that <u>The Swatch Group Ltd.'s Answer to Counterclaims and Affirmative Defenses</u> was forwarded to the following attorneys of record via facsimile and first class mail, postage prepaid:

Thomas Smart, Esq.
Kaye Scholer, LLP
425 Park Avenue
New York, New York 10022-3598
Fax: (212) 836-7154

Said service having taken place this 16th day of January 2004.

_____
Jason S. Friedman

9