## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

OMEGA, S.A.,

                  Plaintiff,

        v.

OMEGA ENGINEERING, INC.
OMEGA SCIENTIFIC, INC., AND
OMEGA PRESS, INC.,

                Defendants.

OMEGA ENGINEERING, INC.,

              Counterclaim-Plaintiff,

        v.

OMEGA, S.A. and
THE SWATCH GROUP LTD.

            Counterclaim-Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

: Civil Action No.:
: 3:01 CV 2104 (MRK)

## MOTION FOR JUDGMENT ON THE PLEADINGS ON THE GROUNDS THAT THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS RELATING TO FOREIGN TRADEMARK FILINGS AND THAT SUCH CLAIMS FAIL TO STATE A CLAIM FOR RELIEF; AND FOR AN ORDER OF PRECLUSION WITH RESPECT TO EVIDENCE <u>RELATING TO ANY SUCH FOREIGN TRADEMARK FILINGS</u>

Pursuant to Rules 12(c), 12(h)(3) and 37, Fed. R. Civ. P, defendants Omega Engineering,

Inc. ("OEI"), Omega Scientific, Inc. ("OSI"), and Omega Press, Inc. ("OPI") (collectively

"defendants"), hereby move the Court for an order judgment on the pleadings on the grounds that

this Court lacks subject matter jurisdiction to adjudicate plaintiff's claims relating to foreign

trademark filings, and that such claims fail to state a claim for relief; and (2) for an order

precluding OSA from relying on evidence relating to any such foreign filings due to abuse of the

discovery process and disregard of this Court's discovery orders. The grounds for this motion, as more fully set forth in the accompanying memorandum of law, are as follows:

1)   Counts Three and Four of plaintiff's Third Amended Complaint ("TAC") regarding alleged fraudulent or bad faith filings made by defendants with foreign trademark authorities fail to state a claim for relief under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110(a) ("CUTPA") and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for at least two independent reasons. First, the Court lacks subject matter jurisdiction to, and under principles of international comity should not, adjudicate the validity or good faith of filings made with foreign trademark authorities. *See Vanity Fair Mills, Inc. v. The T. Eaton Co.,* 234 F.2d 633, 647 (2d Cir 1956). Second, plaintiff's allegations that defendants have filed trademark applications for the OMEGA mark in foreign countries in bad faith fails to state a claim for relief because the plain language of CUTPA and of Section 43(a) of the Lanham Act does not cover such the filing of foreign trademark applications in foreign countries.

2)   Moreover, even if OSA could bring the bad faith filing claims under CUTPA and the Lanham Act found in Counts Three and Four of the TAC, OSA should be precluded under Rule 37, Fed. R. Civ. P., from introducing any evidence of such filings in this action as a result of its abuse of the discovery process and its failure to comply with this Court's orders, to defendants' substantial prejudice. *See Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991).

In support of this motion, defendants rely on the accompanying Memorandum of Law, the Declaration of Thomas A. Smart, Esq. dated 3/31/04, the Declaration of B. Christine Riggs, Esq. dated 3/31/04, and exhibits thereto, and the pleadings and prior proceedings in this case.

Dated: April 1, 2004
New York, New York

Of counsel:

Michelle R. Tepper

_____
Thomas A. Smart (CT 21462)
Paul C. Llewellyn (CT25417)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY  10022
(212) 836-8000

Thomas E. Minogue (CT 06845)
MINOGUE BIRNBAUM LLP
237 Elm Street
New Canaan, CT  06840
(203) 966-6916

*Attorneys for Defendants*