custody or control of OSA relating to its claims of bad faith foreign trademark filings have not been produced.

### B. OSA's Inadequate Production and Misleading Interrogatory Responses Have Substantially Prejudiced Defendants, Warranting Preclusion of OSA's Evidence Relating to Foreign Filings.

OSA has failed to produce a large number of documents critical to the central issues in this case, to the defendants' substantial prejudice. Without all documents relating to each alleged bad faith filing, including documents relating to (1) OSA's corresponding oppositions, (2) the applications and registrations on which OSA bases its oppositions to OEI's filings, and (3) any OSA applications allegedly blocked by defendants, it is impossible to evaluate claims that bad faith foreign trademark filings have injured OSA. As shown above, these claims are not properly considered by this Court. In the event that they are considered, however, defendants are entitled to all potentially relevant documents, which OSA has not even attempted to provide.

Nor can OSA argue that defendants are not prejudiced because defendants could obtain the documents at issue themselves. First – as this Court already has held – OSA, as the proponent of these "serious allegations" of bad faith foreign trademark filings, has the burden to provide the relevant documents in discovery, and defendants are not be required to search the world over for documents relating to these claims. *See, e.g., H. Lewis Packaging, LLC v. Spectrum Plastics, Inc.*, 2003 U.S. Dist. LEXIS 17931, *5, n.3 (D. Conn. Aug. 10, 2003) (rejecting discovery objection that the documents sought were accessible to both parties; "the fact that the documents may be equally accessible [to both parties] does itself not permit defendant to refuse the request"). Second, even if defendants had an obligation to collect these documents themselves, and had access to all relevant documents, OSA's misleading interrogatory responses referring only to two Benelux marks, and its last-minute list of 26 pending foreign trademark applications and registrations deprived defendants of adequate time to

30862156.DOC                                      38

obtain the documents. Third, even if defendants had been able to collect these documents themselves prior to Sauser Rupp's deposition, they did not know what particular filings or statements allegedly were made falsely or in bad faith, and did not have access to any documents in OSA's files relating to these foreign applications, oppositions and registrations.

The only conclusion to be drawn from plaintiff's "willful refusal in the face of clear orders to provide discovery is a deliberate attempt to obstruct [defendants'] access to documents" helpful to their defense. *Conway*, 121 F.R.D. at 212-13. Moreover, "this action was taken in the face of warnings that their failure to provide certain information could result in the imposition of sanctions." *National Hockey League*, 427 U.S. at 641. Thus, on February 27, 2004, the Court warned that defendants would be entitled to "fullsome discovery" if OSA persisted in asserting its claims relating to foreign trademark filings, and on March 12, stated that OSA's failure to provide responsive documents could result in an order of preclusion or other sanctions. Plaintiffs clearly were on notice that their conduct could result in preclusion.

Moreover, defendants are substantially prejudiced by the obstruction of discovery, not only by the lack of access to relevant documents, but also by their inability to effectively depose Sauser Rupp on a number of issues and to effectively evaluate and respond to testimony or documents that OSA may seek to introduce in support of their position in this litigation. Particularly in light of the April 15, 2004 close of discovery – which the Court has repeatedly stated would not, in this long-pending litigation, be extended – the only meaningful remedy is preclusion of OSA's documents relating to foreign trademark applications and registrations. *See, e.g, Conway*, 121 F.R.D. at 213 (in light of deliberate withholding of important discovery material, economic sanctions would be inadequate; precluding testimony).

### III. IN THE EVENT THAT OSA'S EVIDENCE RELATING TO FOREIGN FILINGS IS NOT PRECLUDED, THE COURT SHOULD REQUIRE OSA TO PRODUCE

**MS. SAUSER RUPP IN THE UNITED STATES FOR RESUMPTION OF HER DEPOSITION.**

If this Court declined to preclude OSA's evidence relating to foreign filings, it should nonetheless order OSA to immediately produce all documents in its custody or control relating to defendants' alleged bad faith foreign filings and to OSA's related foreign trademark registrations and applications, and to produce Ms. Sauser Rupp in the United States for several more days of deposition, given the nature and extent of examination that would be necessary on the 26 foreign applications and registrations identified by OSA. *See, e.g., Miller v. Waseca Med. Ctr.*, 205 F.R.D. 537 (D. Minn. 2002) (ordering additional deposition time when documents were produced during the deposition); Fed. R. Civ. P. 30(d)(2) (the Court "must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent").

## CONCLUSION

For the reasons set forth above, this Court should dismiss OSA's claims to the extent they are premised on defendants' conduct with respect to foreign trademark filings, or, in the alternative, should preclude OSA from offering any evidence relating to foreign trademark filings, and provide such further relief that the Court deems appropriate.

Dated: April 1, 2004  
New York, NY

Of counsel:

Michelle R. Tepper

Respectfully submitted,

Thomas A. Smart  (CT 21462)  
Paul C. Llewellyn   (CT 25417)  
KAYE SCHOLER LLP  
425 Park Avenue  
New York, NY 10022  
(212) 836-8000

Thomas E. Minogue (CT 06845)  
MINOGUE BIRNBAUM LLP  
237 Elm Street  
New Canaan, CT 06840  
(203) 966-6916  
*Attorneys for Defendants*