IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

OMEGA, S.A.,

Plaintiff,

v.

OMEGA ENGINEERING, INC.
OMEGA SCIENTIFIC, INC., AND
OMEGA PRESS, INC.,

Defendants.

OMEGA ENGINEERING, INC.,

Counterclaim-Plaintiff,

v.

OMEGA, S.A. and
THE SWATCH GROUP LTD.

Counterclaim-Defendants.

Civil Action No.:
3:01 CV 2104 (MRK)

**DEFENDANT OMEGA ENGINEERING, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34, Fed. R. Civ. P., Defendant Omega Engineering Inc. ("OEI") responds and objects as follows to Plaintiff's First Request for Production of Documents. These responses are subject to and without waiver of the General Objections set forth below.

**GENERAL OBJECTIONS**

A. OEI objects to each request for production and to the instructions and definitions to the extent that it purports to impose any greater burden or obligation than that contained in the Federal Rules of Civil Procedure or the Local Rules.

B. OEI objects to any request which demands production of documents or things otherwise privileged and/or confidential, such as attorney-client communications, attorney-work product, or material which was prepared in anticipation of litigation. The inadvertent production of any document disclosing any information subject to such privileges or immunities is not intended to relinquish any privilege or immunity and shall not be deemed to constitute a waiver of any applicable privilege or immunity.

C. OEI objects to any and all requests for production in their entirety on the ground that they are responding on the basis of its current knowledge and information. OEI reserves the right to supplement each of its answers to these requests and to assert additional objections as appropriate.

D. OEI objects to the request to the extent it seeks the production of documents that would disclose trade secrets or confidential or proprietary information until the Court enters an appropriate protective order limiting the disclosure of such information.

E. OEI objects to the request to the extent it seeks the production of documents not in OEI's custody or control on the ground it exceeds the permissible scope of discovery under Rule 26 and 34, Fed. R. Civ. P.

F. OEI objects to each interrogatory and document request to the extent that it is vague, ambiguous, argumentative, duplicative, overly broad, unduly burdensome or oppressive, or seeks information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action and not reasonably calculated to lead to the discovery of admissible evidence, or to the extent that it seeks information or documents beyond that permitted by the Federal Rules of Civil Procedure and the Local rules of this court.

G. OEI expressly reserves the right (a) to object to the use or admissibility of any discovery response; and (b) to modify or supplement any response at a later date.

H. Any statement herein that OEI will produce documents responsive to a particular request is not a representation that such documents exist or are within OEI's possession, custody, or control. Rather, such a statement indicates that if OEI has such responsive documents within its possession, custody or control, and the production of those documents is not otherwise objected to, it will produce them subject to OEI's general and specific objections. OEI reserves the right to produce additional responsive documents if and as they become available.

**RESPONSES TO REQUEST FOR PRODUCTION**

1. Documents sufficient to identify and describe the following OEI services as referred to in Registration No. 2,236,657:

a. Telecommunications;
b. Communications by computer terminals;
c. Communications by telephone;
d. Computer aided transmission of messages and images; and
e. Communications via a global computer information network.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to Omega S.A. ("OSA") in prior federal court proceedings in this District between the parties, captioned *Omega Engineering, Inc. v. Omega S.A. Civil No. 3:98 CV 2464 AVC* ("*Omega I*") and *Omega S.A. v. Omega Engineering, Inc. et al. Civil No. 3:00 CV 1848 JBA* ("*Omega II*"). Notwithstanding the foregoing objections, OEI further responds that goods and services provided under the OMEGA marks are identified and described on OEI's website located at www.omega.com and in additional responsive documents that OEI will produce for inspection.

2. Documents sufficient to identify and describe the following OEI products as referred to in Application No. 76/337,450:

a. Apparatus and instruments for timing;
b. Apparatus and instruments for timing flow;
c. Timers
d. Electronic time indicators;
e. Timing and/or display apparatus for use in science and industry;
f. Textbooks and technical reference books about measurement, control, and regulation of variable parameters in scientific, laboratory and industrial operations and in research; such parameters including time vibration;
g. Vibration control and motion control products and systems;
h. Instruments for measurement and control of variable physical and electrical parameters;
i. Regulation and control instruments for motion and vibration and for angular, linear and circular displacement and travel; and
j. Industrial and scientific equipment for measuring, controlling and/or regulating temperature, humidity, pressure, motion, travel, time, strain, angular, linear and circular displacement, force, flow, viscosity, level pH, load, vibration, electrical resistance, air velocity, amperage, motion, movement, volume, frequency, voltage, ion concentration, conductivity.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*. OEI further objects on the ground that the cited trademark application is an intent-to-use application that does not necessarily refer to "OEI products" but, rather, products in connection with which OEI has an intent to use the applied-for mark. Notwithstanding the foregoing objections, OEI further responds that to the extent that OEI has used the applied for mark in connection with goods referred to in the cited intent-to-use application, such goods are identified and described in the

documents previously produced in *Omega I* and *Omega II*, on OEI's website located at www.omega.com and in additional responsive documents that OEI will produce for inspection.

3. Documents sufficient to identify and describe the following OEI services as referred to in Application No. 76/337,450:

a. Advertising services namely, business management;
b. Business administration;
c. Office functions;
d. Advertising and on-line services featuring science and/or industrial products and services;
e. Scientific and industrial advertising services on the Internet, namely, on-line offering services;
f. Mail order services;
g. Catalogue services;
h. Technical information services relating to data acquisition and to variable physical parameters;
i. Distribution and offering of books;
j. Offering of books and of the publications and books of others over the Internet by down loading and by interaction
k. providing information related to online ordering, retailing and catalogue services featuring in the fields of measuring, controlling, testing, and laboratory equipment; and
l. Acquisition, display and retrieval of data for the following – scientific, electric, optical, weighing, measuring, signaling, checking (supervision), and teaching apparatus and instruments, including measuring, testing, manufacturing and laboratory equipment.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*. OEI further objects on the ground that the cited trademark application is an intent-to-use application that does not necessarily refer to "OEI services" but, rather, services in connection with which OEI has an intent to use the applied-for mark. Notwithstanding the foregoing objections, OEI further

responds that to the extent that OEI has used the applied for mark in connection with services referred to in the cited intent-to-use application, such services are identified and described in the documents previously produced in *Omega I* and *Omega II*, on OEI's website located at www.omega.com and in additional responsive documents that OEI will produce for inspection.

4. Documents sufficient to identify and describe the following OEI products as referred to in Application No. 76/242,073:

a. Apparatus for timing;
b. Printed matter;
c. Books;
d. Catalogs;
e. Charts;
f. Posters;
g. Photographs;
h. Instructional and teaching material (except apparatus);
i. Plastic materials for packaging;
j. Publications;
k. Reference books for science and industry;
l. Advertising catalogs;
m. Flyers;
n. Displays; and
o. Card decks.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*. OEI further objects on the ground that the cited trademark application is an intent-to-use application that does not necessarily refer to "OEI products" but, rather, products in connection with which OEI has an intent to use the applied-for mark. Notwithstanding the foregoing objections, OEI further

responds that to the extent that OEI has used the applied for mark in connection with goods referred to in the cited intent-to-use application, such goods are identified and described in the documents previously produced in *Omega I* and *Omega II*, on OEI's website located at www.omega.com and in additional responsive documents that OEI will produce for inspection.

5. Documents sufficient to identify and describe the following OEI services as referred to in Application No. 76/242,073:

a. Advertising and on-line services;
b. Advertising services on the Internet;
c. On-line sales services;
d. Mail order services;
e. Catalog services;
f. Technical information services;
g. Distribution and sales of books;
h. Publication of books;
i. Providing information relating to on-line retailing and catalog and technical information services in the field of measurement, control, testing, and laboratory equipment and services;
j. Acquisition, display and retrieval of data for scientific, electric, electronic, optical, weighing, signaling, checking (supervision) and teaching apparatus, instruments and textual matter; and
k. Time and timing apparatus.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*. OEI further objects on the ground that the cited trademark application is an intent-to-use application that does not necessarily refer to "OEI services" but, rather, services in connection with which OEI has an intent to use the applied-for mark. Notwithstanding the foregoing objections, OEI further

responds that to the extent that OEI has used the applied for mark in connection with services referred to in the cited intent-to-use application, such services are identified and described in the documents previously produced in *Omega I* and *Omega II*, on OEI's website located at www.omega.com and in additional responsive documents that OEI will produce for inspection.

6. Documents sufficient to identify and describe the following OEI products as referred to in Registration No. 2,022,762:

a. Computer software;
b. Event recorders;
c. Timers, namely period timers;
d. Industrial and scientific clocks; and
e. Printed matter, namely catalogs and reference guides containing product, engineering and/or technical data.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*.

OEI further objects on the ground that discovery relating to U.S. Trademark Registration No. 2,022,762 is barred by the Settlement Agreement entered into by the parties in *Omega I* on May 19, 2003, which Magistrate Judge Smith ruled on February 18, 2003 was enforceable. The Settlement Agreement in *Omega I*, *inter alia*, requires OSA to file an amended complaint "in which it drops the allegations of paras. 31 and 32" (referring to, among other things, Registration No. 2,022,762) and deletes all other references in the complaint to Registration No. 2,022,762.

7. Documents sufficient to identify and describe the following OEI products as referred to in Registration No. 2,034,705:

a. Computers;
b. Computer software, namely data acquisition software, data analysis software, graphic presentation software;
c. Event recorders; and
d. Printed matter, namely catalogs and reference guides containing product, engineering and/or technical data.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II.*

OEI further objects on the ground that discovery relating to U.S. Trademark Registration No. 2,034,705 is barred by the Settlement Agreement entered into by the parties in *Omega I* on May 19, 2003, which Magistrate Judge Smith ruled on February 18, 2003 was enforceable. The Settlement Agreement in *Omega I*, *inter alia*, requires OSA to file an amended complaint "in which it drops the allegations of paras. 31 and 32" (referring to, among other things, Registration No. 2,034,705) and deletes all other references in the complaint to Registration No. 2,034,705.

8. Those documents sufficient to show the United States marketing channels utilized by Omega Engineering, Inc. to promote its products.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*. Notwithstanding the foregoing objections, OEI further responds that

responsive documents can be found on OEI's website located at www.omega.com and that OEI will produce for inspection additional responsive documents.

9. Those documents sufficient to show the trade publications that Omega Engineering, Inc. has advertised in since 1994 to present.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*. Notwithstanding the foregoing objections, OEI further responds that responsive documents can be found on OEI's website located at www.omega.com and that OEI will produce for inspection additional responsive documents.

10. Those documents sufficient to show the corporate relationship, if any, between Omega Press, Inc., Omega Engineering, Inc. and Omega Scientific, Inc.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*.

11. Those documents sufficient to show Omega Engineering, Inc.'s e-mail retention policy from 1994 to present.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II.*

12. Those documents sufficient to show Omega Engineering, Inc.'s policy for retention of website content versions located at its website www.omega.com, from the date of the activation of the website to present.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II.*

13. Any and all documents that refer, relate or pertain to OEI's use of the term OmegaUS in connection with the offering for sale of goods or services in the United States.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II.* Notwithstanding the foregoing objections, OEI further responds that responsive documents can be found on OEI's website located at www.omega.com and that OEI will produce for inspection samples of additional responsive documents.

14. Any and all documents that refer, relate or pertain to OEI's use of the term USOmega in connection with the offering for sale of goods or services in the United States.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*. Notwithstanding the foregoing objections, OEI further responds that responsive documents can be found on OEI's website located at www.omega.com and that OEI will produce for inspection samples of additional responsive documents.

15. Those documents sufficient to show Omega Engineering, Inc.'s domain name acquisition strategy from 1994 to present.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*.

16. All e-mail and other documents that relate in any way to the ongoing dispute between Omega S.A. and Omega Press, Inc., Omega Engineering, Inc. and/or Omega Scientific, Inc., excluding communications from or to counsel for Omega Press, Inc., Omega Engineering, Inc. or Omega Scientific, Inc.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the

extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*.

17. Any and all e-mail back up tapes that Omega Engineering, Inc. has retained from 1994 to present regarding Omega S.A., Inc. and/or the issues or subject matter of this litigation, excluding privileged communications with its counsel.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*.

18. Any and all documents that indicate the number of visitors to the website located at www.omega.com since the activation of the website until present.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*.

19. Those documents sufficient to show the identities of any outside web site development consultants who have worked on Omega Engineering, Inc.'s behalf in designing any aspects of the website located at www.omega.com.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*.

20. Those documents sufficient to show the identities of any outside web site development consultants who have worked on Omega Engineering's behalf in designing any aspects of the website located at www.omegapress.com.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*.

21. Those documents sufficient to show the identities of any outside web site development consultants who have worked on Omega Engineering's behalf in designing any aspects of the website located at www.omegasci.com.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*.

22. Those documents sufficient to show the structure of Omega Engineering, Inc.'s internal website development department

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*.

23. Those documents sufficient to show the identity of Omega Engineering, Inc.'s internet service provider for the website located at www.omega.com.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*.

24. All documents that indicate whether the www.omega.com website utilizes cookies to track web site visitors.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*.

25. All documents that have been generated from the use of web site cookies for the website www.omega.com.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*.

26. Those documents sufficient to show the names of individuals who have FTP authorization and access for posting revised website content for the website www.omega.com.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II*.

27. All backup files that are kept for the website www.omega.com from the date of activation or the www.omega.com site to the present.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, unintelligible, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further

objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II.*

28. All documents that refer, relate or pertain to any inquiries made by the public to Omega Engineering, Inc., either online or otherwise, about whether or not there is a connection or affiliation between Omega S.A. Inc., and the owner of the website located at www.omega.com.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II.* Notwithstanding the foregoing objections, OEI further responds that it will produce any responsive documents not previously produced, to the extent any such documents exist.

29. All documents that show the metatags utilized in connection with the website www.omega.com from the date of its activation to the present.

**RESPONSE:**

OEI objects to this Request on the grounds that it is vague, unintelligible, ambiguous, overly broad, unduly burdensome and calls for the production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. OEI further objects to the extent that the documents sought in this Request are duplicative and/or redundant of documents or other information previously produced to OSA in *Omega I* and *Omega II.* Notwithstanding the foregoing objections, OEI further responds that responsive documents can be found on OEI's website located at www.omega.com.

30. Documents sufficient to show Omega Engineering, Inc.'s United States sales for each year from 1994 to the present.

**RESPONSE:**

OEI continues to its investigation with respect to this request and, without waiving any objection it may have, states that a response to the request will be forthcoming when that investigation is completed.

31. Documents sufficient to show Omega Engineering, Inc.'s United States advertising expenditures for each year from 1994 to present.

**RESPONSE:**

OEI continues to its investigation with respect to this request and, without waiving any objection it may have, states that a response to the request will be forthcoming when that investigation is completed.

Dated: March 11, 2004
New York, NY

Respectfully submitted,

By: ______________________________

Thomas A. Smart (CT 21462)
Paul C. Llewellyn (CT 25417)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
(212) 836-8000

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify on this 11th day of March, 2004, I caused the foregoing DEFENDANT OMEGA ENGINEERING, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS to be served by Federal Express overnight delivery upon the following counsel for Plaintiff Omega, S.A.:

Jess M. Collen, Esq.
James Hastings, Esq.
COLLEN IP
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, NY 10562

Kasey M. Stein