## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

OMEGA, S.A.,                      :

               Plaintiff,       :

             :

          v.                :

             :

OMEGA ENGINEERING, INC.       :
OMEGA SCIENTIFIC, INC., AND       :
OMEGA PRESS, INC.,              :

             :

            Defendants.      :

OMEGA ENGINEERING, INC.,       :   Civil Action No.:
             :   3:01 CV 2104 (MRK)

       Counterclaim-Plaintiff,   :

             :   **ORAL ARGUMENT**

          v.               :   **REQUESTED**

             :

OMEGA, S.A. and            :
THE SWATCH GROUP LTD.       :

             :

       Counterclaim-Defendants.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON THE GROUNDS THAT THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS RELATING TO FOREIGN TRADEMARK FILINGS AND THAT SUCH CLAIMS FAIL TO STATE A CLAIM FOR RELIEF; AND FOR AN ORDER OF PRECLUSION WITH RESPECT TO EVIDENCE <u>RELATING TO ANY SUCH FOREIGN TRADEMARK FILINGS</u>

                                       Thomas A. Smart (CT 21462)
                                       Paul C. Llewellyn (CT25417)
                                       KAYE SCHOLER LLP
Of counsel:                            425 Park Avenue
                                       New York, NY  10022
Michelle R. Tepper                    (212) 836-8000

                                       Thomas E. Minogue (CT 06845)
                                       MINOGUE BIRNBAUM LLP
                                       237 Elm Street
                                       New Canaan, CT  06840
                                       (203) 966-6916

                                       *Attorneys for Defendants*

# TABLE OF CONTENTS

Page

ARGUMENT ................................................................................................................2

I.   OSA HAS APPLIED THE WRONG STANDARD TO DEFENDANTS'
     MOTION FOR JUDGMENT DUE TO LACK OF SUBJECT MATTER
     JURISDICTION. .............................................................................................2

II.  OSA HAS FAILED TO REBUT DEFENDANTS' SHOWING THAT THE
     COURT LACKS SUBJECT MATTER JURISDICTION OVER OSA'S
     CLAIMS RELATING TO FOREIGN TRADEMARK FILINGS. .........................3

III. OSA HAS FAILED TO REBUT DEFENDANTS' SHOWING THAT
     CUTPA AND LANHAM ACT § 43(a) DO NOT, AS A MATTER
     OF LAW, EXTEND TO TRADEMARK FILINGS. ...............................................5

     A.   CUTPA Does Not Extend to the Filing of Foreign Trademark
          Applications. ...........................................................................................5

     B.   The Filing of Foreign Trademark Applications is not "commercial
          advertising or promotion" Under Lanham Act § 43(a). .............................5

IV.  THE "LAW OF THE CASE" DOCTRINE DOES NOT PREVENT
     THE COURT FROM DISMISSING OSA'S ALLEGATIONS
     REGARDING FOREIGN TRADEMARK FILINGS. ...........................................6

V.   OSA SHOULD BE PRECLUDED FROM RELYING ON EVIDENCE
     RELATING TO FOREIGN TRADEMARK FILINGS. .........................................7

CONCLUSION .............................................................................................................10

## TABLE OF AUTHORITIES

### CASES

Page(s)

*Alamonte v. Coca-Cola Bottling Co. of New York, Inc.,*
   169 F.R.D. 246 (D. Conn. 1996) ..................................................................................9

*Alonzo v. Chase Manhattan Bank,*
   25 F. Supp. 2d 455 (S.D.N.Y. 1998) ..........................................................................2

*American White Cross Labs. v. H.M. Cote, Inc.,*
   556 F. Supp. 753 (S.D.N.Y. 1983) ..............................................................................4

*Antares Aircraft, L.P. v. Federal Rep. of Nigeria,*
   948 F.2d 90 (2d Cir. 1991) ......................................................................................1, 2

*Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.,*
   955 F. Supp. 203 (S.D.N.Y. 1997) ..............................................................................6

*Casey v. United States,*
   161 F. Supp. 2d 86 (D. Conn. 2001) ........................................................................6, 7

*Cine Forty-Second Street Theater Corp. v. Allied Artists Pictures Corp.,*
   602 F.2d 1062 (2d Cir. 1979) ....................................................................................10

*Conway v. Dunbar,*
   121 F.R.D. 211 (S.D.N.Y. 1988) ................................................................................9

*Daval Steel Prods. v. M/V Fakredine,*
   951 F.2d 1357 (2d Cir. 1991) ......................................................................................9

*Delta Traffic Serv., Inc. v. Georgia Pacific Corp.,*
   1989 WL 122401 (D. Conn. June 12, 1989) ..............................................................7

*DiLaura v. Power Auth. of New York,*
   982 F.2d 73 (2d Cir. 1992) ......................................................................................6, 7

*Forum Ins. Co. v. Keller,*
   1992 U.S. Dist. LEXIS 15231 (S.D.N.Y. Oct. 8, 1992) ............................................9

*Fuji Photo Film Co., Inc. v. Shinohara Shoji Kabushiki Kaisha,*
   754 F.2d 591 (5th Cir. 1985) ......................................................................................4

*Harris v. Key Bank Nat'l Ass'n,*
   193 F. Supp. 2d 707 (W.D.N.Y. 2002) ......................................................................6

*Hayman Cash Register Co. v. Sarokin,*
   669 F.2d 162 (3d Cir. 1982) ........................................................................................7

Page(s)

*Jacobs v. Healy Ford-Subaru, Inc.,*
   231 Conn. 707 (1995) ...........................................................................................5

*Mulligan v. Am. Inst. of CPA,*
   2001 U.S. Dist. LEXIS 14325 (D. Conn. June 26, 2001) ................................2

*Nike, Inc. v. Top Brand Co.,*
   216 F.R.D. 259 (S.D.N.Y. 2003) ....................................................................9

*Outley v. The City of New York,*
   837 F.2d 587 (2d Cir. 1988)............................................................................9

*Pineiro v. Pension Benefit Guar. Corp.,*
   1999 U.S. Dist. LEXIS 4691 (S.D.N.Y. April 7, 1999)..................................6

*Procter & Gamble Co. v. Colgate Palmolive Co.,*
   1998 U.S. Dist. LEXIS 17773 (S.D.N.Y. Nov. 9, 1998), *aff'd*, 199 F.3d 74 (2d Cir.
   1999) .................................................................................................................4

*Riordan v. AFGE,*
   2001 U.S. Dist. LEXIS 17874 (S.D.N.Y. 2001) ...........................................2

*Sporty's Farm vs. Sportsman's Mkt., Inc.,*
   202 F.3d 489 (2d Cir. 2002).............................................................................5

*Star-Kist Foods, Inc. v. P.J. Rhodes & Co.,*
   769 F.2d 1393 (9th Cir. 1985).........................................................................4

*Uniroyal Chem. Co. v. Drexel Chem. Co.,*
   931 F. Supp. 132 (D. Conn. 1996) ..................................................................5

*United States v. Comprehensive Cmty. Dev. Corp.,*
   152 F. Supp. 2d 443 (S.D.N.Y. 2001).............................................................2

*Update Art, Inc. v. Modin Publishing,* Ltd.,
   843 F.2d 67 (2d Cir. 1988)............................................................................10

*Vanity Fair Mills, Inc. v. The T. Eaton Co.,*
   234 F.2d 633 (2d Cir. 1956).........................................................................1, 3

*White v. Murtha,*
   377 F.2d 428 (5th Cir. 1967)...........................................................................7

*Zdanok v. Glidden Co.,*
   327 F.2d 944 (2d Cir. 1964)............................................................................7

## STATUTES

15 U.S.C. § 1125(a)(1)...........................................................................................6

Recognizing that the Rule 30(b)(6) Sauser-Rupp deposition and exhibits give lie to its assertion that this Court may adjudicate its claim of bad faith foreign trademark filings without second guessing the validity of such filings, OSA seeks to avert the Court's eyes from such evidence by arguing that the Court may only consider the complaint in deciding this motion. OSA is flatly incorrect, and its argument ignores the black letter law cited in defendants' opening brief (Def. Mem. 4 n.1) that, in deciding a motion to dismiss on the pleadings for lack of subject matter jurisdiction, the Court can look beyond the pleadings and consider the evidentiary record. *See Antares Aircraft, L.P. v. Federal Rep. of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991).

Plaintiff asks this Court to ignore the record evidence because, when that evidence is reviewed, it is clear that this Court cannot hold that a foreign trademark application or registration was filed in bad faith without first determining that the application or registration was invalid, which, even plaintiff admits, the Court is not free to do under *Vanity Fair Mills, Inc. v. The T. Eaton Co.,* 234 F.2d 633 (2d Cir. 1956) and its progeny. Plaintiff's suggestion that this Court is nonetheless free to second guess the decisions of foreign trademark tribunals because it is not seeking a *formal* declaration of invalidity is meritless. No case supports this absurd distinction, and, not surprisingly, OSA cites none. Plaintiff's reliance on statements by Judge Underhill when he ruled last year ignores the fact that Judge Underhill's ruling was made without the benefit of the testimony and exhibits from the Sauser-Rupp deposition. That evidence indisputably demonstrates that any finding of bad faith requires this Court to second guess and find invalid foreign trademark applications and registrations of Omega Engineering.

Nor does OSA dispute that, as a matter of law, the Lanham Act does not apply to filings with foreign trademark authorities and, thus, that count should be dismissed as to foreign filings. Moreover, in response to our showing that CUTPA does not apply to foreign trademark filings,

OSA simply ignores the authority cited by defendants, and the statutory language of CUTPA, which demonstrate that such filings do not constitute "trade or commerce" under CUTPA.

Lastly, in opposing preclusion, OSA does not dispute that it affirmatively misled defendants in discovery responses, waited until a week before its 30(b)(6) deposition to reveal the foreign filings at issue, produced some documents regarding some of those filings midway through the deposition, and, to date, has not produced numerous documents sought by defendants since November, 2003 relating to OSA's claims of bad faith foreign trademark filings.

## ARGUMENT

**I.    OSA HAS APPLIED THE WRONG STANDARD TO DEFENDANTS' MOTION FOR JUDGMENT DUE TO LACK OF SUBJECT MATTER JURISDICTION.**

OSA erroneously contends that the Court is limited, on defendants' Rule 12(c) motion, to consideration of the pleadings. (Pl. Mem. 5-6, 10-11). OSA is flatly incorrect. Thus, as we previously noted, the Court can consider evidentiary submissions in deciding whether it has subject matter jurisdiction. (*See* Def. Mem. 4 n.1). It is settled that a Rule 12(c) motion premised on lack of subject matter jurisdiction is treated the same as a Rule 12(b)(1) motion, and that in considering such a motion, a court may consider "evidence outside the pleadings such as affidavits and other documents." *Riordan v. AFGE*, 2001 U.S. Dist. LEXIS 17874, at *6 (S.D.N.Y. 2001). *See*, *e.g.*, *Antares Aircraft, L.P. v. Federal Rep. of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991); *Mulligan v. Am. Inst. of CPA*, 2001 U.S. Dist. LEXIS 14325, at *2-3 (D. Conn. June 26, 2001); *United States v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 449 n.2 (S.D.N.Y. 2001); *Alonzo v. Chase Manhattan Bank*, 25 F. Supp. 2d 455, 457 (S.D.N.Y. 1998).

II.    **OSA HAS FAILED TO REBUT DEFENDANTS' SHOWING THAT THE COURT LACKS SUBJECT MATTER JURISDICTION OVER OSA'S CLAIMS RELATING TO FOREIGN TRADEMARK FILINGS.**

As demonstrated in our moving brief, and which, significantly, OSA has not disputed, determination of whether defendants made trademark filings abroad in bad faith would require the Court to consider, *inter alia*, the parties' respective rights to the OMEGA marks in foreign countries, the validity of OEI's *currently pending* trademark applications in those countries and whether they meet the requirements of foreign law (notwithstanding that almost all of these applications have been preliminarily approved by the pertinent foreign authorities), the merits of OSA's *currently pending* oppositions to many of those OEI applications, including the validity of the underlying foreign trademark registrations on which OSA's oppositions are based (some of which are themselves in pending litigation), and whether the goods and services covered in OEI's applications are sufficiently similar to goods in which OSA has rights so that OSA might be "blocked" or injured by defendants' applications. It also would require the Court to consider whether OSA itself has engaged in bad faith foreign trademark filings by making filings in numerous countries where, according to Ms. Sauser Rupp's testimony, it did not have any intent to offer many of the goods at issue. (*See* Def. Mem. 14-22, 26-27; Smart Decl. ¶¶ 10, 13, 14 and Exs. H, I, J, K). OSA further does not dispute that Ms. Sauser Rupp's deposition testimony regarding one CTM application at issue in this case provides a glimpse of the extensive analysis that the Court would be required to undertake in connection with OSA's claims. (*See* Def. Mem. 16-22).

As we also showed in our moving brief, it is black letter law that federal courts will not involve themselves in determining the validity of foreign trademark rights, and that they should avoid determinations regarding such rights that might be inconsistent with determinations by foreign trademark authorities. *See, e.g., Vanity Fair*, 234 F.2d 638-39, 647 ("extraterritorial

application of American law . . . is contrary to conflicts-of-laws principles" and "the exercise of such power is fraught with possibilities of discord and conflict with the authorities of another country"); *Star-Kist Foods, Inc. v. P.J. Rhodes & Co.*, 769 F.2d 1393, 1396 (9th Cir. 1985); *American White Cross Labs. v. H.M. Cote, Inc.,* 556 F. Supp. 753, 757-58 (S.D.N.Y. 1983); *Procter & Gamble Co. v. Colgate Palmolive Co.*, 1998 U.S. Dist. LEXIS 17773, *196-97 (S.D.N.Y. Nov. 9, 1998), *aff'd*, 199 F.3d 74 (2d Cir. 1999); *Fuji Photo Film Co., Inc. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 599 (5th Cir. 1985); Def. Mem. 23-26.

OSA *does not dispute* this black letter law; to the contrary, it acknowledges that "[d]efendant's invocation of [this] 'black letter law' . . . is *both insightful and correct*." (Pl. Mem. 9) (emphasis added). Instead, OSA makes the narrow argument that "nowhere in Plaintiff's complaint does Plaintiff request" as a "remedy" a determination of the validity of foreign trademark applications and registrations. (Pl. Mem. 2). This argument fails for at least two reasons. First, it ignores the fact that a determination of whether a foreign trademark filing has been made in bad faith necessarily requires a threshold determination of the validity of the parties' foreign trademark applications and registrations and their respective rights thereunder, in direct contravention of *Vanity Fair* and its progeny. And, it cannot be disputed that this Court *is* being asked to second-guess the judgments of foreign trademark authorities, but cannot bind those authorities. OSA's claims, therefore, risk inconsistent rulings by this Court and foreign authorities, in contravention of international comity.

Second, OSA's Prayer for Relief plainly seeks, *inter alia*, that defendants be *enjoined* from trademark filings in foreign countries for a variety of goods and that OSA be awarded damages with respect to such filings. (Third Amended Complaint, Prayer for Relief ¶¶ 8, 10). Thus, OSA's claims and the requested relief could, as a practical matter, determine the validity of OEI's pending foreign applications by holding OEI liable for filing and prosecuting foreign

trademark applications purportedly in "bad faith," and by enjoining foreign filings.

Nor does OSA dispute that there is no evidence of any "substantial effect" on United

States commerce of defendants' foreign filings, another factor under the jurisdictional analysis of

*Vanity Fair*. (*See* Def. Mem. 27).

## III. OSA HAS FAILED TO REBUT DEFENDANTS' SHOWING THAT CUTPA AND LANHAM ACT § 43(a) DO NOT, AS A MATTER OF LAW, EXTEND TO TRADEMARK FILINGS.

### A. CUTPA Does Not Extend to the Filing of Foreign Trademark Applications.

Plaintiff ignores the overwhelming authority cited in our opening brief that CUTPA does

not encompass the filing of trademark applications, let alone filing of such applications outside

the United States and Connecticut. (Def. Mem. 28-29). Instead, ignoring the statutory definition

of "trade or commerce," OSA misleadingly cites two cases that address whether challenged

conduct is "unfair" or "deceptive" within the meaning of CUTPA. *See* Pl. Mem. 8-9; *Jacobs v.*

*Healy Ford-Subaru, Inc.*, 231 Conn. 707, 726 (1995); *Sporty's Farm vs. Sportsman's Mkt., Inc.*,

202 F.3d 489, 501 (2d Cir. 2002). Neither *Jacobs* nor *Sporty's Farm* addresses CUTPA's

definition of "trade or commerce," and in neither case did a party dispute that the conduct at

issue constituted "trade or commerce" within the meaning of CUTPA.[1]

### B. The Filing of Foreign Trademark Applications Is Not "commercial advertising or promotion" Under Lanham Act § 43(a).

As for its Lanham Act claim relating to foreign filings, OSA has not even bothered to

respond to defendants' showing that under its plain language, Section 43(a) of the Lanham Act

only applies to (1) the use "in commerce" of false statements of fact or false descriptions of

---

[1]    As for *Uniroyal Chem. Co. v. Drexel Chem. Co.,* 931 F. Supp. 132 (D. Conn. 1996), that case did not consider the authority defendants cited holding that conduct merely incidental to a defendants' business does not constitute "trade or commerce," and provides no support for the proposition that filing of trademark applications abroad somehow comes within the subject matter of CUPTA.

origin "on or in connection with any goods or services, or any container for goods" which are "likely to cause confusion" as to origin, sponsorship or approval of goods or services (15 U.S.C. § 1125(a)(1)(A)), or (2) the misrepresentation "in commerce," *and* in "commercial advertising or promotion," of "the nature, characteristics, qualities, or geographic origin" of goods or services (15 U.S.C. § 1125(a)(1)(B)).  (*See* Def. Mem. 30).

## IV.    THE "LAW OF THE CASE" DOCTRINE DOES NOT PREVENT THE COURT FROM DISMISSING OSA'S ALLEGATIONS REGARDING FOREIGN TRADEMARK FILINGS.

OSA does not dispute that the law of the case doctrine is "admittedly discretionary" and that courts in this Circuit have declined to apply the doctrine when, for example, "a more complete record was developed," further information relating to plaintiff's claims is presented, "new evidence has surfaced," the court's original ruling was "erroneous," the issue is one of subject matter jurisdiction, or there has been a change in applicable law.[2]  OSA simply ignores the authorities cited by defendants, and asserts that law of the case should apply because defendants "have presented no new law."  (Pl. Mem. 8).  This argument ignores several independent grounds that justify disregard of the law of the case doctrine here:

●     The prior decision was based on the bare allegations of the complaint, without the benefit of testimony and exhibits demonstrating the complicated analysis regarding the validity of foreign trademark applications and registrations that the Court must undertake to determine if defendants (or OSA, given OEI's contingent counterclaim) have engaged in bad faith foreign filings.  *See, e.g., Harris,* 193 F. Supp. 2d at 711; *Casey,* 161 F. Supp. 2d at 92; *Pineiro,* 1999

---

[2]     *See* Def. Mem. at  32 (citing, *inter alia, DiLaura v. Power Auth. of New York,* 982 F.2d 73, 76 (2d Cir. 1992); *Casey v. United States,* 161 F. Supp. 2d 86, 91 (D. Conn. 2001); *Harris v. Key Bank Nat'l Ass'n.,* 193 F. Supp. 2d 707, 711 (W.D.N.Y. 2002); *Pineiro v. Pension Benefit Guar. Corp.,* 1999 U.S. Dist. LEXIS 4691, *3-4 (S.D.N.Y. April 7, 1999); *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.,* 955 F. Supp. 203, 209 (S.D.N.Y. 1997)).

U.S. Dist. LEXIS 4691, at *4.

- The defects with OSA's foreign trademark claims, premised on comity concerns and the extraterritorial application of American law, relate to the Court's subject matter jurisdiction, which is "particularly suited for reconsideration." *DiLaura*, 982 F.2d at 77.

- The prior ruling as to OSA's foreign filing claims, particularly when viewed in light of new information obtained since that ruling, was erroneous, and it would be a manifest injustice to force defendants to continue to defend such claims. *See, e.g.*, *DiLaura*, 982 F.2d at 77; *Casey*, 161 F. Supp. 2d at 93; Def. Mem. 34.

OSA also asserts that law of the case doctrine should apply because "any alleged new facts are irrelevant." (Pl. Mem. 8). To the extent that OSA is asserting that the Sauser-Rupp testimony and exhibits do not demonstrate that this Court would be required to determine the validity of foreign filings, OSA is flatly wrong, and has not demonstrated that a finding of bad faith could be reached here without second guessing and analyzing the validity of the parties' foreign trademark registrations and filings. To the extent this assertion is based on OSA's view that the Court cannot look beyond the pleadings, that view, as set forth above, also is wrong.[3]

## V.     OSA SHOULD BE PRECLUDED FROM RELYING ON EVIDENCE RELATING TO FOREIGN TRADEMARK FILINGS.

OSA does not dispute that:

---

[3]     Nor do the cases cited by OSA (Pl. Mem. 8) justify application of the law of the case doctrine. *Zdanok v. Glidden Co.*, 327 F.2d 944 (2d Cir. 1964), only considered whether there was a change in applicable law – an exception to the doctrine that is not at issue here. In *Delta Traffic Serv., Inc. v. Georgia Pacific Corp.*, 1989 WL 122401 (D. Conn. June 12, 1989), the defendant did not even contend that any of the recognized exceptions to the doctrine applied. *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162 (3d Cir. 1982), recognized many exceptions to the law of the case doctrine – including, as here, where new evidence is available and where a prior decision was clearly erroneous – and remanded for the district court to consider whether any exceptions applied. *White v. Murtha*, 377 F.2d 428 (5th Cir. 1967), holds that a district court is bound by prior decisions by the appellate court in the same case, an issue not present here.

- Its initial discovery responses misleadingly listed only two foreign trademark filings as those at issue, only to provide an expanded list of some 25 foreign filings a mere week before the deposition of OSA's Rule 30(b)(6) witness, Ms. Sauser Rupp;

- OSA waited until midway through the Sauser Rupp deposition to produce some (but not all) documents relating to some applications that it first identified only a week before;

- The documents relating to the pending foreign applications and oppositions at issue amount to hundreds of boxes of documents, including not only OEI's applications and OSA's notices of opposition, but also pleadings and evidence filed by the parties in each opposition proceeding, the vast majority of which OSA has not produced; and

- Defendants sought but did not receive *any* documents relating to the cancellation or rejection of foreign trademark applications or registrations owned by OSA, which are relevant to the scope of OSA's foreign rights, to any alleged injury to OSA as a result of defendants' filings, or to OEI's contingent counterclaim that OSA has made trademark filings in bad faith.

Nor does OSA dispute that, on the February 27, 2004 telephone conference, the Court expressly ruled that OSA would be required to provide "fullsome discovery" regarding foreign filings and OSA's rights in the countries at issue, and that OSA was obligated, after producing its list of foreign filings, to produce upon defendants' request documents relating to those foreign filings and OSA's alleged injuries relating to those filings. (Def. Mem. 10-11). Although OSA misleadingly contends that the Court only ordered it to turn over documents to which defendants did not have access, OSA does not and cannot dispute that on the March 12, 2004 conference call, the Court further ruled that "while it may be true that [defendants] can gather up through all their counsel around the world what they filed in those cases, it seems to me that it is appropriate for them [*i.e.* defendants] to put the onus on you [*i.e.* OSA] to identify which were the sham filings in those cases and why and then also, it seems to me, you are going to have to turn over

your documents with respect to those cases, including the non-publicly filed documents . . . ." (3/12/04 Tr. at 11; Smart Decl. ¶ 12). Contrary to OSA's assertion, this ruling was *not* limited to documents that defendants could not somehow obtain independently, and OSA's willful refusal to produce all of the requested documents is in direct contravention of the Court's express orders. Indeed, the Court ruled that the burden was on OSA not only to produce all documents relating to OSA's claims, but also to "identify which filings are the filings that are made in bad faith and why and everything else, so that [defendants] don't have to guess at what they did wrong." (3/12/2004 Tr. at 8). OSA has utterly failed to carry this burden.

Under similar circumstances, as we previously showed, courts have not hesitated to impose sanctions and preclude the party from relying on any documents that were the subject of the discovery order. *See, e.g., Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1368 (2d Cir. 1991); *Nike, Inc. v. Top Brand Co.*, 216 F.R.D. 259, 274 (S.D.N.Y. 2003); *Forum Ins. Co. v. Keller*, 1992 U.S. Dist. LEXIS 15231, at *7 (S.D.N.Y. Oct. 8, 1992); *Conway v. Dunbar*, 121 F.R.D. 211, 212-14 (S.D.N.Y. 1988). As with most of the other cases cited by defendants, OSA simply ignores these authorities. Instead, OSA cites two cases that stand for the proposition, not applicable here, that where there is no finding of fault (*i.e.,* willfulness, bad faith or gross professional negligence) then preclusion may not be appropriate. (Pl. Mem. 12) *See Alamonte v. Coca-Cola Bottling Co. of New York, Inc.*, 169 F.R.D. 246, 249 (D. Conn. 1996) ; *Outley v. The City of New York,* 837 F.2d 587, 590 (2d Cir. 1988). Here, in contrast, OSA does not even attempt to dispute that it affirmatively misled defendants with incomplete interrogatory responses, and then, at the eleventh hour, added more than two dozen foreign filings to the dispute, but failed to provide any documents relating to those filings except for a purported "representative sample" midway through Sauser Rupp's deposition. Nor does OSA dispute (or even attempt to defend) that, *to this day*, it has provided *no documents* relating to its foreign

trademark filings that have been cancelled, reduced in scope or otherwise subject to limitations, which, as noted above and which OSA also does not dispute, are clearly relevant to these claims.

As for the other two cases cited by OSA, they *granted* sanctions on facts similar to those here, because counsel had "acted in bad faith" or in "gross negligence." *Update Art, Inc. v. Modin Publishing, Ltd.*, 843 F.2d 67, 70-72 (2d Cir. 1988) (affirming summary judgment on the issue of damages and fining counsel for a "protracted dragging of feet" including "fail[ing] to comply with discovery orders" and to provide a full production on the issue of damages); *Cine Forty-Second Street Theater Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1067-68 (2d Cir. 1979) (precluding evidence in view of plaintiffs' deficient interrogatory responses).

## CONCLUSION

For the reasons set forth above, this Court should dismiss OSA's claims to the extent they are premised on defendants' conduct with respect to foreign trademark filings, or, in the alternative, should preclude OSA from offering any evidence relating to foreign trademark filings, and provide such further relief that the Court deems appropriate.

Dated: May 5, 2004
New York, NY

Of counsel:

Michelle R. Tepper

Respectfully submitted,

Thomas A. Smart (CT 21462)
Paul C. Llewellyn (CT 25417)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
(212) 836-8000

Thomas E. Minogue (CT 06845)
MINOGUE BIRNBAUM LLP
237 Elm Street
New Canaan, CT 06840
(203) 966-6916

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

OMEGA, S.A.,

                           Plaintiff,

               v.

OMEGA ENGINEERING, INC.
OMEGA SCIENTIFIC, INC., AND
OMEGA PRESS, INC.,

                         Defendants.

Civil Action No.:
3:01 CV 2104 (MRK)

OMEGA ENGINEERING, INC.,

                         Counterclaim-Plaintiff,

               v.

OMEGA, S.A. and
THE SWATCH GROUP LTD.

                         Counterclaim-Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## CERTIFICATE OF SERVICE

      I hereby certify that on this 5th day of May, 2004, I caused the foregoing document, REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS ON THE GROUNDS THAT THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS RELATING TO FOREIGN TRADEMARK FILINGS AND THAT SUCH CLAIMS FAIL TO STATE A CLAIM FOR RELIEF; AND FOR AN ORDER OF PRECLUSION WITH RESPECT TO EVIDENCE RELATING TO ANY SUCH FOREIGN TRADEMARK FILINGS to be served by Federal Express overnight delivery upon the following counsel for Plaintiff Omega, S.A.:

Jess M. Collen, Esq.
COLLEN IP
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, NY 10562

                                               _____
                                               Michelle R. Tepper