IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------x

OMEGA, S.A.,

      Plaintiff,

  v.

OMEGA ENGINEERING, INC.
OMEGA SCIENTIFIC, INC., AND
OMEGA PRESS, INC.,

      Defendants.

OMEGA ENGINEERING, INC.,

      Counterclaim-Plaintiff,

  v.

OMEGA, S.A. and
THE SWATCH GROUP LTD.

      Counterclaim-Defendants.

: Civil Action No.:
: 3:01 CV 2104 (MRK)

------------------------------------------x

**DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST
TO EXTEND TIME TO FILE AN EXPERT REPORT**

  Defendants Omega Engineering, Inc., Omega Scientific, Inc. and Omega Press, Inc. submit this memorandum in response to Plaintiffs' Request to Extend Time to File an Expert Report in this matter. The deadline for plaintiff to disclose expert witnesses for issues on which plaintiff has the burden of proof was May 7, 2004, the day that plaintiff filed its request and the first time that plaintiff ever suggested that Dr. Drucker's deposition was needed for any purported expert report. As set forth below, plaintiffs' motion has been filed in violation of this Court's rules regarding discovery matters, is pretextual at best, and should be denied.

I.  **Plaintiff's "Request" Is an Improper Discovery Motion Under the Court's Rules and the Scheduling Order.**

  Plaintiffs' so-called "request" is an improper discovery motion that is not permitted under this Court's rules and the scheduling order entered in this case. Thus, the

October 8, 2003 scheduling order states that "All discovery issues should be resolved in good faith by counsel in accordance with their obligations to the Court under the Federal Rules of Civil Procedure and the District's Local Rules. Before filing any motion relating to discovery, the parties are required to jointly confer with the Court by telephone." Here, the issue of expert disclosure plainly relates to discovery. However, at no time before filing the instant "request" did plaintiff contact counsel for defendants in an effort to resolve this issue. Nor has plaintiff complied with the Court's order that the parties confer jointly with the Court before filing a motion relating to discovery. This willful disregard of the Court's rules and order is itself a sufficient ground to deny plaintiff's request.

## II.     Plaintiff Has Not Shown Good Cause to Modify the Discovery Schedule.

Second, plaintiff has failed to show good cause for its request to extend the expert disclosure deadline. The October 8, 2003 scheduling order expressly provides, "NO MODIFICATIONS OF THESE DEADLINES WILL BE GRANTED ABSENT A SHOWING OF GOOD CAUSE WHICH REQUIRES A PARTICULARIZED SHOWING THAT THE PARTY SEEKING THE EXTENSION HAS ACTED WITH DUE DILIGENCE . . . ." Plaintiffs' submission, however, utterly fails to identify with particularity any good cause for delaying the expert disclosure deadline.

Plaintiff contends that it needs an extension of time to file an expert report until after the deposition of Dr. William Drucker, because, according to plaintiff, "Dr. Drucker's deposition testimony is essential for the preparation of any expert report that relates to actions taken by OEI, and particularly, Dr. Drucker, in the trademark application process, that could adversely impact OSA's rights and further support its case in chief." (Pl. Req. at 3). However, significantly, plaintiff has failed to identify, among other things, its proposed expert, his or her

field of expertise, the specific topic or topics its proposed expert report would address, the information that OSA anticipates that Dr. Drucker has that other witnesses have not provided and how that information relates to the purported expert's field of expertise and proposed report in this matter and why, absent that information, the expert has been unable to complete his or her report. This is hardly a showing of good cause.

Plaintiff appears to suggest that the expert report would relate to trademark applications that Dr. Drucker allegedly prepared on OEI's behalf, and to "the interpretation of certain OSA trademark registrations and United States Trademark Office practice involving same." (*See* Pl. Req. at 3). To the extent that the proposed report would relate to the interpretation of OEI's trademark filings or to Patent & Trademark Office practices, however, plaintiffs have provided no explanation for why Dr. Drucker's testimony would be "essential" to such a report. Plaintiff already has taken the 30(b)(6) depositions of all three defendants, as well as depositions of OEI's President and several OEI employees, on topics that include the goods and services that OEI offers and the trademark applications and registrations that OEI has filed. Plaintiff has not identified any facts or topics regarding OEI's trademark applications as to which it asserts that only Dr. Drucker has knowledge, let alone shown that without Dr. Drucker's testimony on such facts or topics, its expert cannot opine.

Moreover, to the extent that the proposed report would relate to the interpretation of OEI's United States trademark applications, it would involve the interpretation and application of United States law, a subject *not* appropriate for expert testimony. It is settled that an expert may opine on issues of foreign law, but not American law, as it is the Court's exclusive province to determine American law. *See, e.g., Marx & Co.., Inc. v. Diners' Club, Inc*, 550 F.2d 505, 509-10 (2d Cir. 1977) ("it is not for the witness to instruct the jury as to applicable

principals of law, but for the judge."). And, to the extent that the proposed report would relate to the interpretation of OEI's *foreign* trademark applications, such testimony underscores defendants' position in their pending motion for judgment on the pleadings that plaintiff's claims with respect to foreign filings would require this Court to apply foreign law to, and to determine the validity of, pending foreign trademark registrations and applications, and to second guess the decisions of foreign trademark authorities – all of which, as we have shown, the Court cannot do under *Vanity Fair Mills, Inc. v. The T. Eaton Co.*, 234 F.2d 633 (2d Cir. 1956), and its progeny.

Equally important, once again, plaintiff fails to explain what facts Dr. Drucker has regarding foreign trademark filings that no other witness has and that plaintiff's purported expert needs for a report. Significantly, plaintiff has deposed Dr. Milton Hollander and B. Christine Riggs, Esq. of OEI, but did not mark a single foreign trademark application or registration at their depositions, and only asked questions about two Benelux trademark registrations that were at issue in a prior case before Judge Arterton. Thus, plaintiff has made no attempt to develop a factual record regarding foreign trademark filings, even though Dr. Hollander and Ms. Riggs were knowledgeable on this subject. This is further evidence that plaintiff's motion is pretextual and without merit.

Plaintiff also suggests that it is somehow relevant to the instant motion that Dr. Drucker was one of the negotiators of a 1994 coexistence agreement between the parties which is a basis for certain counterclaims by OEI in this action. (Pl. Req. at 3). However, plaintiff fails to advise the Court that Dr. Drucker already was deposed at length in the *Omega I* case before Judge Covello, which was settled last year and in which Magistrate Judge Smith recently recommended that OEI's motion to enforce the parties' settlement agreement be granted. That case involved a breach of contract claim involving the same 1994 Agreement on which plaintiff

wants to depose Dr. Drucker here, and on which plaintiff already questioned Dr. Drucker at length at his deposition in *Omega I*. Plaintiff fails to identify any topic relating to the 1994 Agreement that it needs to ask about now that was not covered in Dr. Drucker's previous deposition. Plaintiff also fails to explain why Dr. Drucker's testimony as to the negotiation of the 1994 agreement would be necessary to the preparation of any expert report, or what plaintiff's proposed expert report would discuss with respect to interpretation of the 1994 agreement – another topic not appropriate for expert testimony. *See, e.g., Marx & Co.*, 550 F.2d at 508 (reversing jury verdict finding breach of contract because trial court erred in permitting expert to opine as to the legal obligations of the parties under the contract).

### III. Plaintiff's Asserted Need to Depose Dr. Drucker Prior to Disclosure of Its Purported Expert Report is Pretextual.

Should there be any doubt that Dr. Drucker's deposition is not needed for any expert to complete a report on behalf of plaintiff, plaintiff's own conduct confirms that fact. First, plaintiff has provided no explanation for its delay in requesting an extension until May 7, 2004 – the very day that expert disclosures were due. As plaintiff admits in its "request," Dr. Drucker advised plaintiff on March 16, 2004 that he could not attend his deposition as noticed due to his medical condition, and the issue was raised with the Court on a conference call shortly thereafter. (Pl. Request at 2). The parties have engaged in subsequent correspondence regarding Dr. Drucker's medical condition and his deposition.[1] (*See, e.g.,* Pl. Req. Ex. A). At no time between March 16 and May 7, 2004 did plaintiff ever state or suggest that it needed to depose Dr. Drucker before any experts retained by plaintiff completed any reports, or before plaintiff

---

[1] As for plaintiff's assertion that Dr. Drucker's deposition is "tentatively scheduled" for next month (Pl Req. at 3), what we told plaintiff in April was that we are informed that Dr. Drucker hopes to be able to travel to the United States for a deposition in June. As we understand it, however, Dr. Drucker's medical condition remains difficult to predict.

disclosed any expert reports.

Second, although plaintiff asserts that Dr. Drucker's deposition is necessary for its purported expert report, plaintiff has declined to take advantage of Dr. Drucker's repeated offers to respond to written interrogatory questions or to appear for a short deposition in London, where he is undergoing medical treatment. (*See* Exhibit A hereto (March 25 letter from Paul C. Llewellyn to James R. Hastings, Esq.); *see also* Pl. Req. Ex. A.). Plaintiff's failure to raise the issue of its expert report until May 7, and its failure to take advantage of Dr. Drucker's availability in London, belie its new-found claim that a delay in expert disclosure is necessary.

## CONCLUSION

For the reasons set forth above, Plaintiff's Request to Extend Time to File an Expert Report should be denied.

Dated: May 14, 2004
New York, NY

Of counsel:

Michelle R. Tepper

Respectfully Submitted,

Thomas A. Smart  (CT 21462)
Paul C. Llewellyn  (CT 25417)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
(212) 836-8000

Thomas E. Minogue (CT 06845)
MINOGUE BIRNBAUM LLP
237 Elm Street
New Canaan, CT  06840
(203) 966-6916

*Attorneys for Defendants*

# EXHIBIT A

# KAYE SCHOLER LLP

Paul C. Llewellyn
212 836-7828
Fax 212 836-6463
pllewellyn@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

March 25, 2004

**BY FACSIMILE**

James R. Hastings, Esq.
Collen IP
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, NY 10562

      Re:    <u>Omega, S.A. v. Omega Engineering, Inc.</u> (3 01 CV 2104)

Dear Jamie:

      I write to follow up on our conversation yesterday in which we discussed, among other things, scheduling upcoming depositions.

      With respect to Dr. William Drucker, I am advised by him that he is ill and under medical treatment, as he also advised you in person before you served your deposition subpoena on him and as I advised you yesterday. Although we do not represent Dr. Drucker, he did ask us to explain to you that he suffers from a viral infection in his nervous system for which he is taking various medications. His illness and his medications make him dizzy, unable to read well, and easily subject to exhaustion. Thus, although he was able to sit in on Ms. Sauser Rupp's deposition last week, you will note that he took numerous breaks during the deposition for personal reasons and was not present for the full deposition each day. Dr. Drucker is presently in England, where his physician is located. He has asked us to adivse you that, in light of his condition, he is not able to come to the United States for a deposition at this time and that, in all events, he is in no condition to undergo an extensive oral deposition. In view of the foregoing, Dr. Drucker asked me to advise you that he is prepared to either respond to written deposition questions, or to appear for a short (approximately two hour) deposition at Kaye Scholer's offices in London.

      As for Hanspeter Rentsch, there is no basis for your refusal to produce this important witness. As Ms. Sauser Rupp's testimony made clear, Dr. Rentsch personally made the decision to file this lawsuit and also made the decision to commence opposition proceedings against the numerous Omega Engineering foreign trademark applications that Omega S.A. has placed in issue in this case, and is the person most knowledgable regarding any Omega Engineering

**KAYE SCHOLER**LLP

| | | |
|---|---|---|
| James Hastings, Esq. | 2 | March 25, 2004 |

applications that have been cited against Omega S.A. Thus, Mr. Rentsch has relevant knowledge regarding Omega S.A.'s claims of bad faith conduct, as well as Omega S.A.'s claims that it has been injured by Omega Engineering's trademark filings. Moreover, Dr. Rentsch signed the parties' 1994 Trademark Agreement, the legal effect of which is important to Omega Engineering's defenses to Omega S.A.'s claims and is central to our breach of contract counterclaim. In addition, as we allege in our counterclaims, Dr. Rentsch signed certain affidavits in support of Omega S.A. trademark renewals in the United States that Omega Engineering contends contained false statements. Lastly, according to Ms. Sauser Rupp, Dr. Rentsch is knowledgeable regarding Swatch Group's registration, purchase and use, if any, of the OMEGA.US domain name, which Omega Engineering contends violates its rights.

You argued yesterday that Dr. Rentsch's deposition is not necessary because he already was deposed in the *Omega I* matter. That case, however, only involved claims of cybersquatting relating to two domain names and did not involve the host of issues relating to, *inter alia*, trademark infringement, bad faith foreign filings, Omega S.A.'s fraudulent renewals of United States trademark registrations, Omega S.A.'s breaches of the 1994 Trademark Agreement and other matters that are at issue in this case. In contrast to Dr. Rentsch's one prior deposition, Mrs. Hollander has been deposed *twice* before, in both *Omega I* and *Omega II*. Thus, under your reasoning, Mrs. Hollander's deposition in this case is doubly unnecessary. Nonetheless, she has agreed to appear yet again to be deposed in this matter on April 14, and there is no basis for your refusal to similarly produce Dr. Rentsch.

Please provide us with a date tomorrow for Dr. Rentsch's deposition. If you continue to refuse to produce Dr. Rentsch, we will raise the issue with the Court.

Very truly yours,

Paul C. Llewellyn

30861449.WPD

NEW YORK    CHICAGO    LOS ANGELES    WASHINGTON, D.C.    WEST PALM BEACH    HONG KONG    LONDON    SHANGHAI

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14$^h$ day of May, 2004, I caused the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST TO EXTEND TIME TO FILE AN EXPERT REPORT to be served by Federal Express overnight delivery upon the following counsel for plaintiff Omega S.A. and for counterclaim-defendants Omega S.A. and The Swatch Group Ltd.

Jess M. Collen, Esq.
COLLEN IP
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, NY 10562

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Paul C. Llewellyn

30886325.DOC