UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Jun 2  12 03 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

OMEGA, S.A.,

        Plaintiff,

v.                              NO.    3:01cv2104 (MRK)

OMEGA ENGINEERING, INC., et al

        Defendants.

## ORDER

Plaintiff's Request to Extend Time to File an Expert Report [doc. #81] is DENIED. Plaintiff's motion does not conform to the District of Connecticut's Local Rules in several respects. As a threshold matter, the motion does not include a statement by moving counsel that "he or she has inquired of opposing counsel and there is agreement or objection to the motion, or that despite diligent effort, he or she cannot ascertain opposing counsel's position." D. Conn. L. Civ. R. 7(b)3. This deficiency standing alone would ordinarily be sufficient cause to deny the motion.

More significantly, Plaintiff has failed to demonstrate good cause for its request. As the Local Rules provide, "the good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." Plaintiff has not satisfied any aspect of this definition of good cause.

First, Plaintiff has not exercised due diligence. The motion comes remarkably late in the day as counsel in this case have had numerous conferences with the Court about scheduling

1

issues and Plaintiff has been aware of the situation involving Dr. Drucker since mid-March. Yet, Plaintiff did not request this extension until May 7, the day expert disclosures were due, and even though this Court and the parties have explicitly discussed Dr. Drucker's situation, at no time did Plaintiff ever suggest that its expert reports would be delayed because of his situation. Notably, Plaintiff offers no explanation for its delay, leaving this Court to conclude that the timing of Plaintiff's motion relates less to Dr. Drucker and more to Plaintiff's desire to delay the overall schedule in this case, something that this Court has repeatedly warned both parties would not be countenanced. Furthermore, it appears that Plaintiff has failed to take advantage of Defendant's offers to have Dr. Drucker respond to written interrogatories or appear for a short deposition in London. If Dr. Drucker's testimony was so critical to Plaintiff's expert reports, one would have supposed that Plaintiff would have taken advantage of these offers, or at least explained in its motion why it chose not to do so.

Second, Plaintiff has utterly failed to provide the particularized showing of need required by the Local Rules. For example, Plaintiff's motion does not identify its proposed expert, the particular topics on which the expert is expected to offer testimony, and the information that Plaintiff anticipates Dr. Drucker would have provide that other witnesses have not provided or could not provide. In short, the Court is left to guess about the relevance of Dr. Drucker's testimony to the expert report that Plaintiff was required to file. Such guesswork certainly does not satisfy a party's "particularized showing" obligation under the Local Rules.

In light of the combination of these factors, the Court finds that Plaintiff has not met its burden of demonstrating good cause for the extension. Accordingly, Plaintiff's Request To Extend Time to File An Expert Report [doc # 81] is DENIED.

2

IT IS SO ORDERED

Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: June 1, 2004.