IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------x
OMEGA, S.A.,

              Plaintiff,

v.

OMEGA ENGINEERING, INC.
OMEGA SCIENTIFIC, INC., AND
OMEGA PRESS, INC.,

              Defendants.

OMEGA ENGINEERING, INC.,

              Counterclaim-Plaintiff,

v.

OMEGA, S.A. and
THE SWATCH GROUP LTD.

              Counterclaim-Defendants.
------------------------------------------------------------x

Civil Action No.:
3:01 CV 2104 (MRK)

## DECLARATION OF PAUL C. LLEWELLYN, ESQ.

I, Paul C. Llewellyn, declare pursuant to 28 U.S.C. § 1746 as follows:

1.     I am counsel at the law firm of Kaye Scholer LLP, attorneys for defendants in this litigation. I am familiar with the facts stated herein and submit this declaration in support of defendants' motion for judgment on the pleadings on the grounds that the Court lacks subject matter jurisdiction over plaintiff's claims relating to foreign trademark filings and that such claims fail to state a claim for relief; and, in the alternative, for an order of preclusion with respect to evidence relating to any such foreign trademark filings.

2.     As set forth in the Declaration of Thomas A. Smart dated March 31, 2004, defendants sought in discovery and the Court ordered plaintiff Omega S.A. ("OSA") to produce

30927794.DOC

numerous documents relating to the foreign trademark filings by defendants at issue in this case, as well as documents relating to OSA's alleged injuries purportedly resulting from those filings, and documents relating to successful challenges to OSA's own foreign trademark applications and registrations. As shown in Mr. Smart's declaration, OSA failed to produce the requested documents and failed to comply with the Court's discovery orders concerning those documents.

3. In late June 2004 and July 2004, more than two months after the April 15, 2004 close of fact discovery in this case, defendants received a number of "supplemental" boxes of documents from plaintiff OSA. I reviewed the contents of these boxes as well as the documents previously produced by OSA relating to foreign trademarks. Although OSA's recently produced documents include some documents relating to the pending foreign trademark applications and oppositions identified by OSA as at issue in this case, complete records for those proceedings still have not been produced, nor has OSA produced other documents relating to the foreign trademark filings and rights at issue in this case, as set forth below.

4. Defendants' initial document requests (attached as Exhibit C to the Smart Declaration) sought:

> "All documents (of any date) concerning your allegations in paragraphs 59 and 60 of the Third Amended Complaint that defendants 'have deliberately filed trademark applications under oath with the express purpose of blocking OSA's rights all the while lacking the statutorily mandated good faith intention to use the mark with respect to at least some of the goods and services recited in their trademark applications, and done so in bad faith' and have 'falsely identified goods . . . in its trademark applications . . . only for the improper purpose of blocking OSA's ability to register such marks.'" (Request No. 18).

5. With respect to many of the pending oppositions filed by OSA against Omega Engineering, Inc.'s ("OEI") foreign trademark applications, however, OSA still has not produced a number of documents. To take but a few examples, with respect to European

Community application numbers 002226462, 02225126, 002232270, 002180834, 002282705 and 002229169, OSA has produced its notice of opposition and some supporting documents filed by OSA, but has not produced OEI's alleged bad faith application, OEI's response to OSA's opposition, or other filings by OEI. With respect to two additional applications identified by OSA — one in Israel (application number 115807) and one in the United Kingdom (application number 1571303) — OSA has produced no documents at all. With respect to United Kingdom application number 2179158 and United Kingdom registration number 1557184, OSA has not produced even copies of the opposition or revocation petitions it filed. Thus, OSA still has not produced numerous documents relating to its allegations of bad faith foreign filings, including, with respect to various of the foreign applications at issue, OEI's applications to register, the publication for opposition of such applications indicating approval by foreign trademark examiners, the pleadings of OEI answering OSA's notices of opposition, or any subsequent filings by way of reply or sur-reply.

6. In its initial document requests, defendants also sought:

"All documents (of any date) referring or relating to decisions of the United States Patent & Trademark Office, or any foreign trademark registration authority, refusing to register or declining to register an OMEGA mark based on any registration for an OMEGA mark that you allege defendants 'have deliberately filed . . . under oath with the express purpose of blocking OSA's rights all the while lacking the statutorily mandated good faith intention to use the mark with respect to at least some of the goods and services recited in their trademark application, and done so in bad faith.' (Request No. 19); and

"All documents concerning any foreign trademark applications or foreign trademark registrations owned by you (or any licensee or sublicensee) for the OMEGA marks that have been cancelled, suspended, reduced in scope, or subjected to cancellation, revocation or opposition proceedings." (Request No. 27).

Such documents are relevant to, among other things, (1) the scope of OSA's claimed foreign trademark rights; (2) OSA's claim that it has been "blocked" by defendants'

foreign filings; (3) defendants' unclean hands defense, and (4) OEI's contingent counterclaim that OSA has engaged in bad faith trademark filings in foreign countries.

7.  OSA still has not produced its files with respect to the cancellation, revocation or rejection of foreign trademark applications or registrations owned by OSA, despite that defendants requested such documents in their initial document requests in November, 2003, and repeatedly requested such documents thereafter.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 3, 2004
    New York, New York

*[signature]*
Paul C. Llewellyn

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------x
OMEGA, S.A., :
:
                Plaintiff, :
:
v. :
:
OMEGA ENGINEERING, INC. :
OMEGA SCIENTIFIC, INC., AND :
OMEGA PRESS, INC., :
:
                Defendants. :
:
OMEGA ENGINEERING, INC., : Civil Action No.:
: 3:01 CV 2104 (MRK)
                Counterclaim-Plaintiff, :
:
v. :
:
OMEGA, S.A. and :
THE SWATCH GROUP LTD. :
:
                Counterclaim-Defendants. :
------------------------------------------------------------x

## CERTIFICATE OF SERVICE

    I hereby certify that on this 3rd day of August, 2004, I caused copies of the foregoing (1) Defendants' Supplemental Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings on the Grounds that the Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims Relating to Foreign Trademark Filings and that Such Claims Fail to State a Claim for Relief; And for an Order of Preclusion with Respect to Evidence Relating to Any Such Foreign Trademark Filings; and (2) Declaration of Paul C. Llewellyn, Esq., to be served by facsimile and Federal Express overnight delivery upon the following counsel for Omega, S.A. and The Swatch Group Ltd:

Matthew C. Wagner, Esq.
COLLEN IP
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, NY 10562
Fax: 914-941-6091

                                                      _____
                                                      Paul C. Llewellyn