IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| OMEGA S.A., <br><br> Plaintiff, <br><br> v. <br><br> OMEGA ENGINEERING, INC., <br> OMEGA SCIENTIFIC, INC., and <br> OMEGA PRESS, INC., <br><br> Defendants. <br><br> OMEGA ENGINEERING, INC., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> OMEGA, S.A. and <br> THE SWATCH GROUP LTD., <br><br> Counterclaim-Defendants. | FILED <br> SEP 14  1 55 PM '04 <br> U.S. DISTRICT COURT <br> NEW HAVEN, CONN. <br><br><br> Civil Action No.: <br> 3:01 CV 2104 (MRK) |

## Motion for STIPULATED PROTECTIVE ORDER

Plaintiff Omega S.A. and counterclaim defendant, The Swatch Group Ltd. (hereinafter "Plaintiffs") and defendants Omega Engineering, Inc., Omega Press, Inc. and Omega Scientific, Inc. (hereinafter "Defendants") stipulate, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following Protective Order may be entered by the Court:

1.  Introduction and Scope

This Stipulated Protective Order shall govern any designated record of information produced in this action, including all designated motions and other papers submitted to the Court in this action, all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery or as part of any disclosure required by Rule 26 of the Federal Rules of Civil Procedure or local rule.

2.  Designation

Any party (the "Designating Party) furnishing information, materials or documents pursuant to discovery pursuant to the Federal Rules, or providing deposition testimony pursuant to the Federal Rules, to any other party (the "Inspecting Party" or "Receiving Party"), may designate all or any portion of such information, materials, documents or deposition testimony that it considers to contain trade secrets, confidential technical, business, financial or proprietary information as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS ONLY.

This designation shall be made by stamping each page of the document containing confidential information with the legend CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY prior to its production or, if inadvertently produced without such legend, by promptly furnishing written notice to the Receiving Party that the information or document shall be CONFIDENTIAL or CONFIDENTIAL

- ATTORNEYS ONLY under this Protective Order along with appropriately labeled copies of the documents in question. With respect to all materials provided for inspection by a party's counsel, designation by stamping or labeling as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim for confidentiality, and all materials provided for inspection by a party's counsel shall be treated as though designated as CONFIDENTIAL - ATTORNEYS ONLY at the time of the inspection.

3.  <u>Limit on Use of Designated Information</u>

Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only for purpose of prosecution or defense of this action; no party or other person shall use any information or document governed by this Protective Order for any purpose other than the prosecution or defense of this action. It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of information designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY produced by the opposing party provided that such rendering of advice and opinions shall not reveal the content of such information except by prior agreement with opposing counsel. The attorneys of record for the parties shall exercise reasonable care to insure that the information and documents governed by this Protective Order are: i) used only for the purposes specified herein, and ii) disclosed only to authorized

persons.

4. <u>Designated Information</u>.

The Designating Party's determination as to whether information constitutes CONFIDENTIAL or CONFIDENTIAL- ATTORNEYS ONLY information to be covered by this Protective Order shall be made in good faith and after reasonable investigation. CONFIDENTIAL or CONFIDENTIAL- ATTORNEYS ONLY information may include product formulations, manufacturing methods, customer or supplier lists, financial or sales information, present or future marketing plans, and other information which, if disclosed to a competitor, would subject the Designating Party to substantial harm or an unfair competitive disadvantage. The Designating Party shall designate responses to interrogatories and requests for admissions by marking the legend CONFIDENTIAL or CONFIDENTIAL- ATTORNEYS ONLY adjacent to the particular response and with respect to documents and depositions, the designation shall be made by marking the legend CONFIDENTIAL or CONFIDENTIAL- ATTORNEYS ONLY on the pages so considered.

5. <u>CONFIDENTIAL Material</u>

Except as otherwise provided by written stipulation of the parties or by further order of the Court, documents or information designated as CONFIDENTIAL shall be disclosed only on a need-to-know basis and only to the parties to this action, attorneys for the parties and their authorized secretarial and legal assistant staff, the Court and

Court personnel as provided in Paragraph 12, and independent consultants and experts, and their staff retained by the parties or their attorneys for purposes of this litigation. No documents or information designated as CONFIDENTIAL shall be disclosed to any third party except by written stipulation of the parties or by order of the Court.

For purposes of this Protective Order, an expert witness or consultant shall not be deemed to be "independent" if he or she is a party, an officer, director or employee of any party to this litigation or of a direct competitor to any party.

6. <u>CONFIDENTIAL - ATTORNEYS ONLY Material</u>.

Documents or information designated as CONFIDENTIAL - ATTORNEYS ONLY shall be disclosed only to attorneys for the parties to this action, their authorized secretarial and legal assistance staff, the Court and Court personnel as provided in Paragraph 12, and subject to Paragraph 7 hereof to independent consultants and experts, and their staff retained by the parties or their attorneys for purposes of this litigation. No documents or information designated CONFIDENTIAL - ATTORNEYS ONLY shall be disclosed to any third party or to any party to this action or to any officer, director or employee of any party, except by written stipulation of the parties or by order of the Court.

7. <u>Identification of Experts</u>.

A party desiring to disclose documents or things designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY to outside, independent experts or consultants under paragraphs 5 or 6 shall first obtain from each expert or consultant a

STIPULATED PROTECTIVE ORDER 300 CV 1848 IBA             5

signed undertaking in the form of Exhibit A hereto and a current resume (curriculum vitae). A copy of said undertaking and resume shall be served upon counsel for the Designating Party with a cover letter identifying each company in the timer or clock market for whom the expert has done work in the past two years or is currently engaged in doing work. The Designating Party shall then have five (5) business days to serve a written objection to such disclosure. Any written objection shall state with specificity the reason(s) for such objection. If counsel for the Designating Party objects within five (5) business days, there shall be no disclosure to such expert or consultant except by the parties' agreement or further order of the Court pursuant to resolution of a motion brought by counsel for the Receiving Party. If within the five day period the Designating Party objects to the disclosure, counsel shall consult with each other to reach an agreement. Failing that and for good cause shown, the Designating Party proposing the expert or consultant may file a motion seeking permission to make the disclosure. On any such motion, the Designating Party shall bear the burden of showing why disclosure to that expert or consultant should be precluded.

8.  Related Documents

Documents and information designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY shall include: a) all copies, extracts and complete or partial summaries prepared from such documents or information; b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; d) deposition testimony

designated in accordance with Paragraph 9 below; and e) testimony taken at a hearing or other proceeding that is designated in accordance with Paragraph 10 below.

No copy of any document containing CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY information shall be made by any person, other than at the express direction of counsel to whom disclosure was first made.

In the event CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY information is utilized in briefs or documents filed with the Court, its confidential nature shall be indicated by appropriate footnote, and either party may request that the Court maintain the brief or document under seal.

9.  Designation of Deposition Transcripts

Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either: 1) at the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY by the reporter, as the Designating Party may direct, or 2) within fourteen (14) days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the Designating Party. All deposition transcripts not previously designated shall be treated as if designated CONFIDENTIAL - ATTORNEYS ONLY by the party employing or who did employ that witness for a period of fourteen (14) days after receipt of the transcript. The Designating Party shall have the right to exclude the following persons

from a deposition before the taking of testimony which the Designating Party designates as subject to this Protective Order: a) as to testimony designated as CONFIDENTIAL all persons except counsel of record, the deponent, any consultant or expert retained for purposes of this litigation, and a designated representative of a party, provided the party has the requisite need to know; and b) as to testimony designated as CONFIDENTIAL - ATTORNEYS ONLY, all persons except counsel of record for the deponent, the deponent, and any retained consultants of experts identified and approved pursuant to Paragraph 7 hereof.

      10.    <u>Designation of Hearing Testimony or Argument</u>

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of information that should be kept CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY, counsel may designate on the record prior to such disclosure that the disclosure is CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY. Whenever matter designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY is to be discussed in any pretrial discovery proceeding, any party claiming such confidentiality may exclude from the room any person who is not entitled under this Order to receive information designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY.

11.  <u>Disclosure to Author or Recipient</u>

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a party from disclosing a document, whether designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY to any person whom the document clearly identifies as an author, addressee, or carbon copy recipient of such document; and regardless of designation pursuant to this Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure within the terms of Paragraphs 5 or 6 above.

12.  <u>Designation of Documents Under Seal</u>

Any information or documents designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY, if filed with the Court, shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects, contains or includes any information or document subject to this Protective Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the legend CONFIDENTIAL, and a statement substantially in the following form:

>       This envelope contains documents subject to a Protective
>       Order of the Court. It should not be opened nor its
>       contents disclosed, revealed or made public except by
>       Order of the Court or agreement of the parties.

At the conclusion of this case, any materials filed with the Court under seal shall be kept under seal or be returned to the party filing it for disposition as provided for in paragraph 20 below.

Maintenance of the confidential status of any documents or information shall in all cases be subject to further order of the Court and nothing herein shall preclude any party from applying to the Court for any modification of this Order as may be appropriate; provided, however, that prior to such application, the parties involved shall make every effort to resolve the matter by agreement.

13.    <u>Confidentiality of Party's Own Documents</u>

No person may disclose, in public or private, any designated information or documents except as provided for in this Protective Order, but nothing herein shall affect the right of the Designating Party to disclose to its officers, directors, employees, consultants or experts, or to any other person, information or documents designated by it as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information or documents in violation of this Protective Order.

14. <u>Preparation of Witness and Exhibit Designation</u>

Any party may mark any designated material as an exhibit to a deposition, hearing, or other proceeding, and examine any witness thereon, provided the exhibit and related transcript pages receive the same type of confidentiality designation as the original document.

15. <u>Other Protections: Challenge to Confidentiality Designation</u>

a) This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate. Nor shall any party be precluded from: i) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, ii) applying to the Court for an Order permitting a disclosure or use of information or documents otherwise prohibited by this Protective Order, or iii) applying for an Order modifying this Protective Order in any respect. No party shall be obliged to challenge the propriety of any confidentiality designation and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

b) On any motions challenging the designation of any document or other record of information as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY, the burden of justifying the designation shall lie with the Designating Party.

16.    Prior or Public Knowledge

The restrictions and obligations set forth herein relating to documents and things marked CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY shall not apply to any information which the parties agree, or if unable to agree, the Court determines: a) was or becomes public knowledge other than as a result of disclosure by the Receiving Party, b) has come or shall come into the Receiving Party's lawful possession independently of the Designating Party; or c) is obtained by the Receiving Party from a third party that has no direct or indirect obligation of confidentiality to the Designating Party with respect thereto. Such restrictions and obligations shall not be deemed to prohibit discussions with any person about any documents or things marked CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY if that person already had or obtained lawful possession thereof other than pursuant to this Stipulated Protective Order. Nothing in this Stipulated Protective Order shall affect or restrict use of disclosure of documents or things obtained other than through discovery pursuant to this Stipulated Order.

17.    Limitation of Protective Order

This Protective Order does not preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

18. <u>Non-Party Material</u>

The terms of this Protective Order are applicable to CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY information submitted by a non-party, and such information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by this Protective Order. A non-party providing information to all the parties through either formal or informal discovery means shall a) have the same right as a party to designate any such information under this Protective Order and b) shall have standing to enforce the terms of this Protective Order with respect to disclosure and use of that non-party's designated information.

19. <u>Redacted Copies</u>

On request of the Inspecting Party, the Designating Party shall provide redacted copies of documents subject to this Protective Order deleting the specific CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY information designated by the Designating Party.

20.     <u>Return of Designated Information</u>

Upon final termination of this action, unless otherwise agreed to in writing by an attorney of record for the Designating Party, each party shall assemble and return all designated material, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that any documents or copies

which contain or constitute attorney's work product may be retained by counsel, or destroyed, rather than returned. Any document or thing containing CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS ONLY information that is inadvertently not returned or destroyed shall remain subject to this Order.

21. Inadvertent Disclosure

If the Designating Party through inadvertence produces a document or copy thereof which contains CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY information without marking it with such a notation, it may be disclosed to others until the Receiving Party is notified of the error. It shall be the Designating Party's responsibility to notify the Receiving Party promptly after discovery of the error, and provide the Receiving Party with substitute documents bearing the correct confidential notation. This procedure may not be used as a mechanism for changing classification, but only as a mechanism for correcting bona fide errors.

22.    Waiver of Termination of Order

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by counsel of record for each Designating Party, or by an order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this lawsuit, but shall continue until further Order of this Court.

23. Modification of Order; Prior Agreements

This Stipulated Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further order of the Court.

24. Continuing Jurisdiction

This Order is ongoing and shall survive termination of this lawsuit. The District Court for the District of Connecticut shall retain jurisdiction to enforce the Protective Order even after termination of this lawsuit.

25. Effective Date

This Order shall be effective after signing by both parties and nothing prior to such signing shall be within this Order.

Respectfully submitted,<br>
OMEGA, S.A.<br>
and THE SWATCH GROUP LTD.

Dated: Sept. 13 2004     By: /s/ Matthew Wagner /by Paul C. Llewelly with permission

Jess M. Collen, Esq.
Matthew Wagner, Esq.
COLLEN IP
The Holyoke-Manhattan Bldg
80 South Highland Avenue
Ossining, New York 10562
Tel: 914-941-5668
   *Attorneys for Omega S.A.*
   *and the Swatch Group Ltd.*

STIPULATED PROTECTIVE ORDER 300 CV 1848 IBA     15

OMEGA ENGINEERING, INC.
OMEGA PRESS, INC. and
OMEGA SCIENTIFIC, INC.

Dated: Sept 13 2004

By: /s/ Paul C. Llewellyn
Thomas A. Smart (CT 21462)
Paul C. Llewellyn (CT 25417)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
(212) 836-8000

*Attorneys for Defendants*

**SO ORDERED.**

Dated: _____, 2004

Hon. Mark R. Kravitz
United States District Judge

76445.stip protect order.doc

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| OMEGA S.A., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OMEGA ENGINEERING, INC., )<br>OMEGA SCIENTIFIC, INC., and )<br>OMEGA PRESS, INC., )<br>)<br>Defendants. )<br>)<br>OMEGA ENGINEERING, INC., )<br>)<br>Counterclaim-Plaintiff, )<br>)<br>v. )<br>)<br>OMEGA, S.A. and )<br>THE SWATCH GROUP LTD., )<br>)<br>Counterclaim-Defendants. )<br>) | Civil Action No.:<br>3:01 CV 2104 (MRK) |

**UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER**

    The undersigned hereby declares that he or she has reviewed and agrees to be bound by the terms of the Stipulated Protective Order entered in the above-captioned action, a copy of which is attached hereto.

_____

Dated: _____