## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OMEGA, S.A., | : | |
| Plaintiff, | : | |
| v. | : | NO. 3:01CV2104 (MRK) |
| OMEGA ENGINEERING, INC., et al | : | |
| Defendants. | : | |
| | | |
| OMEGA ENGINEERING, INC., | : | |
| Counterclaim-Plaintiff | : | |
| v. | : | |
| OMEGA, S.A. and THE SWATCH GROUP LTD., | : | |
| Counterclaim-Defendants. | : | |

**ORDER**

The Parties' Stipulated Protective Order [doc. # 99] is GRANTED with the exception of Paragraph #10, regarding Designation of Hearing Testimony or Argument, and Paragraph #12, regarding Designation of Documents Under Seal.  If either party wants to designate anything filed with the Court as confidential and place it under seal, that party will have to make a separate motion in accordance with District of Connecticut Local Rule 5(d), specifying precisely what the parties wish to be kept under seal and making a particularized showing of good cause as to why

the Court should depart from the strong presumption against sealing any court records to public inspection. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597-99 (1978); *United States v. Graham*, 257 F.3d 143, 150 (2d Cir. 2001); *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995); *Video Software Dealers Assoc. v. Orion Pictures, Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994). As the Second Circuit recently made clear, the public and the press have a "qualified First Amendment right of access" to inspect and make copies of judicial documents and docket sheets. *Hartford Courant Co. v. Pellegrino*, 371 F.3d 49, 59 (2d Cir. 2004). Furthermore, the Court is not likely to exclude the public from any Court proceeding without an extraordinary demonstration of good cause. *See, e.g., Hartford Courant Co.*, 371 F.3d at 57 ("The Supreme Court [has] recognized that the First Amendment grants both the public and the press a qualified right of access" to judicial proceedings); *Westmoreland v. Columbia Braodcasting Sys., Inc.*, 752 F.2d 16, 22 (2d Cir. 1984) ("There is, to be sure, an abundance of support in the cases for a constitutionally grounded public right of access to the courtroom").

     In limited circumstances and upon a showing of compelling circumstances, this Court may order certain records to be sealed. *See Hartford Courant Co.*, 371 F.3d at 62-63 (judicial records enjoy a "presumption of openness," a presumption that is rebuttable only "upon demonstration that suppression is essential to preserve higher values and is narrowly tailored to serve that interest") (internal quotations omitted). However, "[i]n most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *In re Orion Pictures Corp.* 21 F.3d at 27 (citation omitted); *see Securities & Exchange Comm'n v. The Street.com,* 273 F.3d 222, 232 (2d Cir. 2001).

Moreover, ordinarily, a court must make that determination on the basis of a careful document-by-document review of the particular portions of the document that a party wishes to be kept under seal and after considering whether the requested order is no broader than necessary to serve the interests that require protection. *See Amodeo*, 71 F.3d at 1050-51. A blanket sealing order would rarely, if ever, be appropriate. Furthermore, the parties' agreement to seal or limit disclosure of documents on file is not a sufficient basis for granting such an order. *Id.* Until either party demonstrates the existence of extraordinary circumstances or a compelling need to seal from public view any particular portion of any specific document filed in this case, this Court will not depart from the governing strong presumption of open access.

IT IS SO ORDERED.

/s/     Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: September 14, 2004**.