IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| OMEGA, S.A., <br><br>        Plaintiff, <br><br>        v. <br><br> OMEGA ENGINEERING, INC., <br> OMEGA SCIENTIFIC, INC., and <br> OMEGA PRESS, INC., <br><br>        Defendants. <br><br> OMEGA ENGINEERING, INC., <br><br>        Counterclaim-Plaintiff, <br><br>        v. <br><br> OMEGA, S.A. and <br> THE SWATCH GROUP LTD., <br><br>        Counterclaim-Defendants. | Civil Action No.: <br> 3:01 CV 2104 (MRK) |

**MOTION AND INCORPORATED MEMORANDUM FOR LEAVE
TO FILE UNREDACTED DOCUMENTS UNDER SEAL**

Defendant Omega Engineering, Inc. ("OEI"), Omega Press, Inc. and Omega Scientific, Inc. submit this motion and incorporated memorandum of law and hereby move this Court for an order, pursuant to Local Civil Rule 5(d), for leave to file under seal unredacted versions of certain pleadings and evidentiary submissions containing highly confidential and sensitive financial business information of OEI. As grounds for this motion, defendants rely on this motion and the accompanying Declaration of Dr. Milton Hollander dated September 15, 2004 ("Hollander 9/15/04 Declaration"), and state as follows:

Doc.#30948385.WPD

1. Defendants are filing with the Court today, among other motions, a motion for summary judgment dismissing plaintiff's complaint in its entirety. Three of defendants' submissions in support of that motion – in particular, defendants' Memorandum of Law, defendants' Local Civil Rule 56(a)1 Statement of Undisputed Facts, and the Declaration (including Exhibits R and S thereto) of Dr. Milton Hollander, a director of OEI – contain information disclosing OEI's recent sales figures and advertising expenditures, which has been redacted pending resolution of the instant motion for leave to file unredacted documents under seal. Defendants request leave to file unredacted versions of these three documents under seal so as to protect the confidentiality of the redacted information.

2. The information that has been redacted from the foregoing documents is highly confidential, sensitive business information. The redacted information sets forth OEI's specific sales figures and advertising expenditures during the past five years. OEI is not a publicly traded company and detailed information concerning OEI's sales figures and advertising expenditures is not publicly available. Such confidential financial information is precisely the sort of business information that other courts have found appropriate for filing under seal. *See, e.g., Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F.Supp.2d 606 (S.D.N.Y. 1998).

3. As explained in the accompanying Hollander 9/15/04 Declaration, Disclosure of this confidential business information could cause serious harm to OEI in its business. Disclosure of this information to competitors and to OEI's actual and potential customers could seriously disadvantage OEI in its negotiations with these other parties and interfere with OEI's ability to compete in its field of trade. Hollander 9/15/04 Declaration ¶¶ 3-4.

4. In contrast, while defendants recognize that there is a public interest in access to court records, there is no significant public interest in access to the specific, highly confidential financial information of OEI, a privately held company, that defendants seek leave to file under seal.

5. The relief sought herein is narrowly tailored to protect the confidentiality of the information at issue and at the same time would permit OEI full and effective access to the court to resolve the pending dispute, and would permit public access to the filings in this case. Thus, defendants already have filed redacted versions of the documents at issue in which only a small portion of information has been redacted, and merely seek leave to file under seal unredacted versions of those same documents. *See United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) (most appropriate remedy is "to edit and redact a judicial document in order to allow access to appropriate portions of the document"). Moreover, the relief sought relates only to the summary judgment submissions at issue; defendants do not seek a blanket protective order.

6. For all of the foregoing reasons, defendants submit that they have shown good cause for the Court to permit the filing of unredacted versions of their Memorandum of Law, Rule 56(a)1 Statement, and the Declaration of Dr. Milton Hollander and Exhibits R and S thereto under seal.

Dated: September 15, 2004
New York, NY

Of counsel:

Victoria Haje
Michelle R. Tepper

Respectfully submitted,

Thomas A. Smart (CT 21462)
Paul C. Llewellyn (CT 25417)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
(212) 836-8000

Thomas E. Minogue (CT 06845)

MINOGUE BIRNBAUM LLP
237 Elm Street
New Canaan, CT  06840
(203) 966-6916
*Attorneys for Defendants and for*
*Counterclaim-Plaintiff*

5

TO:

Jess M. Collen, Esq.
Matthew Wagner, Esq.
**COLLEN IP**
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, NY 10562

*Attorney for Plaintiff and
Counterclaim-Defendants*

Doc.#30948385.WPD                                        5