IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

OMEGA, S.A.,

        Plaintiff,

v.

OMEGA ENGINEERING, INC.
OMEGA SCIENTIFIC, INC., AND
OMEGA PRESS, INC.,

        Defendants.

OMEGA ENGINEERING, INC.,

        Counterclaim-Plaintiff,

v.

OMEGA, S.A. and
THE SWATCH GROUP LTD.

        Counterclaim-Defendants.

Civil Action No.:
3:01 CV 2104 (MRK)

## DECLARATION OF B. CHRISTINE RIGGS, ESQ. IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I, B. Christine Riggs, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am In-House Counsel of defendant Omega Engineering, Inc. ("OEI") and act as in-house counsel to, among other affiliates, defendants Omega Press, Inc. ("OPI") and Omega Scientific, Inc. ("OSI") (together, "defendants"). I have a B.S. in Business Administration from Southern Connecticut State University and a J.D. from Quinnipiac University. I am a member of the Connecticut Bar and have been employed by OEI since 1994. I have personal knowledge of the facts stated herein except where, as noted, I have relied upon the records of defendants kept in the ordinary course of business. I am competent to testify on the matters set forth below if called at trial. I submit this declaration in support of defendants' motion for summary judgment.

30943746

A.  **Defendants' Trademark Registrations and Applications**

2. OEI was first issued a federal trademark registration for the OMEGA trademark for industrial and scientific apparatus in 1966. This registration, U.S. Registration No. 818,251, is a valid, subsisting, existing and incontestable trademark registration. Attached hereto as Exhibit A is a copy of OEI's trademark registration for U.S. Registration No. 818,251.

3. OEI also owns more than 75 other valid, subsisting and existing federal trademark registrations for trademarks or service marks that include the word OMEGA, more than 50 of which are incontestable marks. Attached hereto as Exhibit B is a list of the United States trademark registrations that OEI owns for the trademark OMEGA and variations thereof; those indicated with an asterisk are incontestable.

4. OEI owns a valid, subsisting and existing federal trademark registration for the mark OMEGA that covers industrial and scientific timers, Registration No. 2,022,762 (the "'762 Registration"). The '762 Registration covers, among other goods, "timers, namely period timers . . . industrially and/or scientifically employed, in Class 9" and "industrial and scientific clocks, in class 14." Attached hereto as Exhibit C is a copy of OEI's '762 Registration.

5. OEI owns a valid, subsisting and existing federal trademark registration for its omega/epsilon design mark, Registration No. 2,034,705 (the "'705" Registration). The '705 Registration covers, among other goods, "timers, namely period timers . . . industrially and/or scientifically employed, in Class 9" and "industrial and scientific clocks, in class 14." Attached hereto as Exhibit D is a copy of OEI's '705 Registration.

6. OEI owns a valid, subsisting and existing federal trademark registration for the mark OMEGA, Registration No. 2,236,657 (the "'657" Registration). The '657 Registration covers "telecommunications, namely, communications by computer terminals, communications

by telephone, computer aided transmission of messages and images; and communications via a global computer information network," in Class 38." Attached hereto as Exhibit E a copy of the United States Patent & Trademark Office ("PTO") Trademark Electronic Search System ("TESS") printout and the Trademark Application and Registration ("TARR") printout for '657 Registration.

7. OEI owns a pending federal trademark application for the design mark Ω.com – that is, the Greek letter omega followed by ".com" – Serial No. 76/337,374 (the "'374" Application). The '374 Application is an intent to use application filed under Section 1(b) of the Lanham Act, 15 U.S.C. 1051(b). The application covers a variety of goods and services relating to OEI's industrial and scientific products, including many of the industrial and scientific products and related printed materials offered by OEI under other OMEGA marks, as well as a variety of services relating to OEI's products. Attached hereto as Exhibit F a copy of the PTO TESS printout and the TARR printout for the '374 Application.

8. The '374 Application was suspended as a result of this litigation. No final decision has been rendered by the PTO and no registration has issued.

9. OEI owns a pending federal trademark application for a design mark consisting of the Greek letter Ω, Serial No.76/337,450 (the "'450" Application). The '450 Application is an intent to use application filed under Section 1(b) of the Lanham Act, 15 U.S.C. 1051(b). The application covers a variety of goods and services relating to OEI's industrial and scientific products, including many of the industrial and scientific products and related printed materials offered by OEI under other OMEGA marks, as well as a variety of services relating to OEI's products. Attached hereto as Exhibit G a copy of the PTO TESS printout and the TARR printout for the '450 Application.

10.  The '450 Application was suspended by the PTO as a result of this litigation. No final decision has been rendered by the PTO and no registration has issued.

11.  OEI owns a pending federal trademark application for the design mark OMEGA – that is, the word OMEGA with the "E" replaced with a stylized "E" – Serial No. 76/242,073 (the "'073" Application). The '073 Application is an intent to use application filed under Section 1(b) of the Lanham Act, 15 U.S.C. 1051(b). The application covers a variety of goods and services relating to OEI's industrial and scientific products, including many of the industrial and scientific products and related printed materials offered by OEI under other OMEGA marks, as well as a variety of services relating to OEI's products. Attached hereto as Exhibit H a copy of the PTO TESS printout and the TARR printout for the '073 Application.

12.  The '073 Application was suspended by the PTO as a result of this litigation. No final decision has been rendered by the PTO and no registration has issued.

**B.  The Omega I Litigation and the 2003 Agreement Between OEI and OSA**

13.  In December 1998, OEI commenced an action in this Court, *Omega Engineering, Inc. v. Omega, S.A.*, 3:98 CV 2464 AVC ("*Omega I*"), alleging that, in breach of the 1994 Agreement, OSA had filed with the PTO petitions to cancel OEI's '762 and '705 Registrations, and a notice of opposition to the application for what became OEI's '657 Registration. OEI asked the Court to enjoin OSA from "maintaining its opposition and cancellation actions against plaintiff in the [PTO]." (*Omega I* Complaint Prayer ¶ 4). Attached hereto as Exhibit I is a copy of the complaint filed by OEI in the *Omega I* litigation between the parties.

14.  On OEI's motion, the PTO stayed the two cancellation proceedings "pending final disposition of the civil action between the parties." (2/25/99 Order of Trademark

Trial and Appeal re: Cancellation No. 27,575 ; 12/22/99 Order of Trademark Trial and Appeal re: Cancellation No. 27,612 ). The PTO concluded that its "review of the complaint in the civil case indicates that a decision by the district court could be dispositive of, or have a bearing on, the issues in the cancellation proceedings." (*Id.*). Attached hereto as Exhibit J is a copy of the 2/25/99 Order of Trademark Trial and Appeal re: Cancellation No. 27,575. Attached hereto as Exhibit K is a copy of the 12/22/99 Order of Trademark Trial and Appeal re: Cancellation No. 27,612.

15.     At a Court-sponsored settlement conference in Magistrate Judge Smith's chambers on May 19, 2003, the parties negotiated a Settlement Agreement ("Settlement Agreement") in *Omega I* which provides, *inter alia*:

> 1. OEI will file an amendment at the United States Patent & Trademark Office ("PTO") to trademark registrations Nos. 2,022,762 and 2,034,705 by deleting "industrial and scientific clocks" in International Class 14 and by amending its Class 9 identification of "timers, namely period timers" to "period timers ancillary to and incorporated into apparatus scientifically or industrially employed for the measurement and/or control of temperature, pressure, force, load, vibration electrical conductivity, liquid level, acidity, humidity, strain or flow." OEI and OSA will cooperate to file this amendment as soon as possible at the PTO and to obtain the PTO's approval of the amendment and to obtain dismissal with prejudice of the two cancellation proceedings by OSA against OEI that are pending but stayed, Nos. 25, 575, and No. 27,612 (the "Cancellation Proceedings") relating to registrations Nos. 2,022,762 and 2,034,705 respectively.
>
> 2. OEI will include a reference to Omega Engineering, Inc. Stamford, Conn., or Omega Engineering Inc. and its location, on the shipping boxes for all Omega Engineering timers. If OEI uses the name Omega Engineering or any Omega trademark on the goods themselves, Omega Engineering will include a reference to Omega Engineering, Inc. Stamford, Conn., or Omega Engineering Inc. and its location. Any use of the word Omega in conjunction with other words and phrases as provided in this paragraph shall not be used on the Omega Engineering timers in any larger or more prominent typestyle than that used for "Engineering, Inc., Stamford, Conn." or "Engineering, Inc. and its location." Omega Engineering's obligations for marking each timer under this paragraph shall commence upon exhaustion of existing inventory for such timer. In addition to deletion from trademark registration Nos. 2,022,762 and 2,034,705, OEI will not in the future use the wording "industrial and scientific clocks" to describe its products. As long as OEI is in compliance with the terms of this Settlement

Agreement, OSA will not bring a lawsuit against OEI for use or registration of the Omega mark and/or Omega design on period timers.

3. Except for any breach or violation, or claim of breach or violation, of this Settlement Agreement, OSA, on the one hand, and OEI, on the other hand, release and forever discharge each other, and, their respective officers, directors, agents, servants, employees, attorneys, successors and assigns and others controlling, controlled by or affiliated with them, from any and all claims, actions and causes of action in the U.S.A. relating to the application to register, registration or use of period timers for science and industry or industrial and scientific clocks under the Omega mark or Omega design, in the Omega I Litigation, Omega III Litigation or the Cancellation Proceedings.

4. OSA shall file a third amended complaint in Omega III in which it drops the allegations of paras. 31 and 32 relating to cancellation action no. 27,575 against OEI's Registration No. 2,022,762 and cancellation no. 27,612 against OEI's Registration No. 2,034,705 and the references to cancellations of OEI's Trademark Registration No. 2,022,762 and 2,034,705 in the Prayer for Relief. OSA will not make claims or assertions in Omega III relating to application to register, registration or use by OEI of the Omega mark or Omega design on period timers or industrial and scientific clocks. OEI agrees not to make any claims or assertions in Omega III that OSA breached the 1994 Agreement by filing the Cancellation Proceedings.

Attached hereto as Exhibit L is a copy of the 2003 Settlement Agreement.

16. In June, 2003, OSA notified OEI that it refused to execute the parties' Settlement Agreement in Omega I without changes to its terms. OEI then filed a motion to enforce the parties' Settlement Agreement. An evidentiary hearing on the motion was held before Magistrate Judge Smith on February 18, 2004, and, on March 24, 2004, Magistrate Judge Smith issued a Recommended Ruling in which he found that the parties had entered into a binding Settlement Agreement and in which he recommended that Judge Covello grant OEI's motion to enforce the Settlement Agreement. Attached hereto as Exhibit M is Magistrate Judge Smith's March 24, 2004 Recommended Ruling in *Omega I*.

17. On August 11, 2004, Judge Covello issued an order in *Omega I* adopting and ratifying Magistrate Judge Smith's Recommended Ruling that the parties' Settlement Agreement be enforced, and judgment was entered in *Omega I* on August 11, 2004 enforcing the

Settlement Agreement. Attached hereto as Exhibit N is a copy of the 8/11/04 Order issued by Judge Covello in *Omega I*. Attached hereto as Exhibit O is a copy of the 8/11/04 entry of judgment in *Omega I*.

18.  On March 8, 2004, pursuant to an order of this Court, counsel for OSA provided defendants with a list of 25 pending OEI trademark applications in the European Community, Israel, Canada, the United Kingdom, as well as one United Kingdom registration owned by OEI, which were foreign filings that OSA contended were filed in bad faith by OEI. A copy of OSA's March 8 list is attached hereto as Exhibit P.  Twenty of the 25 applications on the list provided have been approved by the applicable foreign trademark authorities and are now subject to opposition proceedings brought by OSA, while five other applications are pending approval before the respective foreign trademark authorities. The single United Kingdom registration identified in OSA's March 8 list is the subject of a pending invalidation proceeding that was filed by OSA.

I declare under penalty of perjury that the foregoing is true and correct. If called as a witness, I could and would completely testify thereto.

Executed this 14th day of September, 2004, at Stamford, Connecticut.

_____
B. Christine Riggs, Esq.