## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| OMEGA S.A.,<br><br>   Plaintiff,<br><br>v.<br><br>OMEGA ENGINEERING, INC.,<br>OMEGA SCIENTIFIC, INC., and<br>OMEGA PRESS, INC.,<br><br>   Defendants.<br><br>OMEGA ENGINEERING, INC.,<br><br>   Counterclaim-Plaintiff,<br><br>v.<br><br>OMEGA, S.A. and<br>THE SWATCH GROUP LTD.,<br><br>   Counterclaim-Defendants. | Civil Action No.:<br>3:01 CV 2104 (MRK) |

### MOTION TO WITHDRAW REQUEST TO
### FILE DOCUMENTS UNDER SEAL

Plaintiff, Omega S.A., by and through its undersigned counsel hereby submits this motion to withdraw its request to file documents under seal.

On September 15, 2004, Plaintiff Omega S.A. filed several documents with the Court under seal, namely, Omega's S.A.'s Motion for Summary Judgment, Omega S.A.'s Statement of Undisputed Facts, Omega S.A.'s Memorandum of Law in Support of its Motion for Summary Judgment, Notice of Manual Filing and Notice of Filing Documents Under Seal.

At the time of filing, the parties had entered into a stipulated protective order which required the parties to file documents under seal if they were previously designated as confidential. However, the Court had not yet endorsed the order. In an abundance of caution, Plaintiff's filed all documents under seal pending the decision of the Court in order to protect information that was designated by the parties as confidential. The Court has rejected that portion of the stipulation that permitted documents to be automatically filed under seal. Rather, the Court requires a motion for leave to file such documents under seal in accordance with Local Rule 5(d).

Plaintiff's filings do not contain any confidential information from Plaintiff's witnesses. The entire deposition by Defendants of Guy Gibbons was designated as "Confidential" under the protective order. The two pages that Plaintiff filed have been now de-designated "Confidential" in a letter sent to Defendants' counsel (these pages are attached to Plaintiff's Memorandum of Law in Support of its Motion for Summary Judgment as Exhibit 3). Accordingly, Plaintiff removes the confidential designation of those two pages.

However, the filings do contain information derived from Defendants' witnesses, which Defendants have designated as "Confidential," including several excerpts from depositions. If Defendants believe that some or all of these documents should remain sealed, Plaintiff respectfully suggests that Defendants may so indicate in its papers in response to this motion.

Subject to Defendants' option to move to maintain the sealed status of these documents, Plaintiff moves to withdraw its request to file under seal all documents that were submitted to the Court on September 15, 2004.

                    Respectfully submitted
                    for Plaintiff,

By: _____
     Jess M. Collen (JC-2875)
     Matthew C. Wagner (MW-0204)
     COLLEN *IP*
     THE HOLYOKE-MANHATAN BUILDING
     80 South Highland Avenue
     Ossining, New York 10562
     (914) 941-5668
     (914) 941-6091 (facsimile)
     jcollen@collenlaw.com (email)

Dated: September 21, 2004

## CERTIFICATE OF SERVICE

I, Brendan Reilly, hereby certify that Plaintiff's Motion to Withdraw Request to File Documents Under Seal was delivered to the following attorneys of record via regular mail:

Thomas Smart, Esq.
Kaye Scholer, LLP
425 Park Avenue
New York, New York 10022-3598
Fax: (212) 836-7154

Said service having taken place this 21st day of September 2004.

_____
Brendan Reilly