**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| OMEGA, S.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| OMEGA ENGINEERING, INC., ) | |
| OMEGA SCIENTIFIC, INC., and ) | |
| OMEGA PRESS, INC., ) | |
| ) | |
| Defendants. ) | Civil Action No.: |
| ) | 3:01 CV 2104 (MRK) |
| OMEGA ENGINEERING, INC., ) | |
| ) | |
| Counterclaim-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| OMEGA, S.A. and ) | |
| THE SWATCH GROUP LTD., ) | |
| ) | |
| Counterclaim-Defendants. ) | |
| ) | |

## DECLARATION OF DR. MILTON HOLLANDER IN SUPPORT OF MOTION FOR LEAVE TO FILE UNREDACTED DOCUMENTS UNDER SEAL

I, Milton B. Hollander, declare as follows pursuant to 28 U.S.C. § 1746:

1.    I am a director of defendants Omega Engineering, Inc. ("OEI"), Omega Press, Inc. and Omega Scientific, Inc. I have held a director's position at Omega Engineering for over 42 years. I have a B.S. in mechanical engineering from Purdue University, a M.S. in engineering from M.I.T., and a Ph.D. in mechanical engineering from Columbia University. I have personal knowledge of facts set forth herein I submit this declaration in support of defendants' Motion for Leave to File Unredacted Documents Under Seal to protect highly sensitive, confidential business information of OEI from public disclosure.

Doc.#30948588.WPD

2.     The documents that are the subject of this motion – in particular, defendants' Memorandum of Law, defendants' Local Civil Rule 56(a)1 Statement of Undisputed Facts, and the Declaration (including Exhibits R and S thereto) of Dr. Milton Hollander – contain information disclosing OEI's recent sales figures and advertising expenditures, which has been redacted pending resolution of the instant motion. Defendants request leave to file unredacted versions of these three documents under seal so as to protect the confidentiality of the redacted information.

3.     The information that has been redacted from the foregoing documents is highly confidential, sensitive business information. The information sets forth specific sales figures of OEI over the past five years, as well as specific marketing and advertising expenditures over the same period. OEI is a privately held company and this detailed information concerning OEI's sales figures and advertising expenditures is highly confidential and not publicly available.

4.     Disclosure of this highly confidential business information could cause serious harm to OEI in its business. In particular, OEI operates in a highly competitive market with a number of relatively large competitors. Disclosure to customers in this market of the confidential OEI financial information contained in the unredacted documents could well impact OEI's relationships and negotiating positions with these customers with respect to prices, terms and other sensitive business issues. Similarly, disclosure of this information to competitors could seriously disadvantage OEI in its ability to competively bid for business in this market, by, for example, influencing our competitors' bidding strategies.

5.     For the foregoing reasons and the reasons set forth in the accompanying motion and incorporated memorandum of law, I respectfully request that the Court permit the

filing of unredacted versions of their Memorandum of Law, Rule 56(a)1 Statement, and the

Declaration of Dr. Milton Hollander and Exhibits R and S thereto under seal.

      I declare under penalty of perjury that the foregoing is true and correct.  If called

as a witness, I could and would completely testify thereto.

      Executed this 15th day of September, 2004, at Stamford, Connecticut.

Dr. Milton B. Hollander