IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

OMEGA, S.A.,

          Plaintiff,

v.

OMEGA ENGINEERING, INC.
OMEGA SCIENTIFIC, INC., AND
OMEGA PRESS, INC.,

          Defendants.

OMEGA ENGINEERING, INC.,

          Counterclaim-Plaintiff,

v.

OMEGA, S.A. and
THE SWATCH GROUP LTD.

          Counterclaim-Defendants.

Civil Action No.:
3:01 CV 2104 (MRK)

## DECLARATION OF B. CHRISTINE RIGGS, ESQ. IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, B. Christine Riggs, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am In-House Counsel of defendant Omega Engineering, Inc. ("OEI") and act as in-house counsel to, among other affiliates, defendants Omega Press, Inc. and Omega Scientific, Inc. (together, "defendants"). I have a B.S. in Business Administration from Southern Connecticut State University and a J.D. from Quinnipiac University. I am a member of the Connecticut Bar and have been employed by OEI since 1994. I have personal knowledge of the facts stated herein except where, as noted, I have relied upon the records of defendants kept in the ordinary course of business. I am competent to testify on the matters set forth below if called

at trial. I submit this declaration in opposition to the motion of plaintiff, Omega S.A. ("OSA"), for partial summary judgment.

2. OSA has identified in its summary judgment papers OEI's U.S. Trademark application, Serial No. 76/052,828, (the "'828 Application"), filed on May 21, 2000 for the mark OMEGA, as an application about which it complains in this litigation. That application has been suspended at the U.S. Patent and Trademark Office ("PTO") because of this pending litigation and no registration has issued with respect to the application. Attached hereto as Exhibit Q[1] is a copy of the PTO Trademark Electronic Search System printout and the Trademark Application and Registration printout for the '828 Application.

3. As part of its advertising and marketing materials, OEI distributes "deck cards," as explained in Paragraphs 10 and 20 of the declaration of Dr. Milton Hollander dated September 14, 2004. Some of these deck cards have games printed on them, such as the game dominoes. Attached as Exhibit R is a copy of a set of such OEI deck cards with the game dominoes printed on them.

4. I understand that OSA has complained that OEI sells batteries on one of its web pages that allegedly are advertised as "watch batteries." The web page that OSA relies on to support this allegation, OSA Exhibit 30, was never produced to us or brought to our attention by OSA until the deposition of Dr. William Drucker in September of this year, when a printout of the web page was marked as an exhibit. OSA has never previously complained to us that it objects to the phrase "watch batteries" in any of defendants' marketing materials. As set forth in the declaration of Hilda Burke, dated September 30, 2004, the web page about which OSA complains was changed several months ago, before we ever learned that OSA objected to the

phrase "watch batteries," and the current version of the page does not contain the phrase "watch batteries."

5. OSA asserts in Paragraph 51 of its Statement of Undisputed Facts that in *Newport Electronics, Inc. v. Newport Corp.*, 157 F. Supp. 2d 202, 214 (D. Conn. 2001), acts of OEI's affiliate Newport Electronics, Inc. ("Newport") were "found to most likely be in bad faith." As In-House Counsel for OEI, I sometimes provide legal assistance to OEI's affiliate Newport. I did so in connection with the case cited by OSA, and therefore have personal knowledge of the events in that case. In fact, the cited decision merely found that there were "material questions of fact as to whether Newport Electronics acted in bad faith" in connection with the plaintiff's claim under the Anti-cybersquatting Consumer Protection Act ("ACPA"), and therefore denied summary judgment. 157 F. Supp. 2d at 216. After summary judgment was denied in that case, the case proceeded to trial and the jury found in favor of Newport on the ACPA claim. OEI was not even a party in that case, and there was no finding in that case that Newport had engaged in bad faith conduct.

6. Attached as Exhibit S is a United Kingdom Patent Office decision which affirms a judgment partially revoking plaintiff Omega, S.A.'s ("OSA") United Kingdom trademark Registration No. 474165 for the mark OMEGA, as a result of a challenge by OEI.

7. OEI has registered a number of domain names that contain both "OMEGA" and "US," including, for example, usaomega.com, usomega.com, omegausus.net, omegaus.biz, eomegausa.com, eomegaus.comius, omega.com, and usomega.net. Attached hereto as Exhibit T are WHOIS reports showing OEI's registration and ownership of forty-eight such domains.

---

[1] My September 14, 2004 declaration in support of defendants' motion for summary judgment had appended to it exhibits labeled A through P.

8. Attached hereto as Exhibit U is an Omega Engineering period timer, model PTC 23, marked by defendants as DX 49 during depositions in this case.

9. Attached hereto as Exhibit V is an Omega Engineering period timer, model PTC 41, marked by defendants as DX 50 during depositions in this case.

10. Attached hereto as Exhibit W is an Omega Engineering temperature controller, model CN i833-C24, marked by defendants as DX 51 during depositions in this case.

I declare under penalty of perjury that the foregoing is true and correct. If called as a witness, I could and would completely testify thereto.

Executed this 4th day of October, 2004, at Stamford, Connecticut.

_____
B. Christine Riggs, Esq.