# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| OMEGA S.A.,<br><br>    Plaintiff,<br><br>v.<br><br>OMEGA ENGINEERING, INC.,<br>OMEGA SCIENTIFIC, INC., and<br>OMEGA PRESS, INC.,<br><br>    Defendants.<br><br>OMEGA ENGINEERING, INC.,<br><br>    Counterclaim-Plaintiff,<br><br>v.<br><br>OMEGA, S.A. and<br>THE SWATCH GROUP LTD.,<br><br>    Counterclaim-Defendants. | Civil Action No.:<br>3:01 CV 2104 (MRK) |

## PLAINTIFF OMEGA S.A.'S MOTION TO PLACE CONFIDENTIAL INFORMATION UNDER SEAL.

Now comes Plaintiff, Omega S.A. ("OSA"), and by and through its undersigned attorneys hereby submits this motion and incorporated memorandum of law in support of its motion to place confidential motion under seal.

## BACKGROUND

On September 15, 2004, Defendants filed a volume of documents which literally filled a container the size of a milk-crate with the Court. These documents are currently available to the public. Amidst these documents are several hundred pages of deposition testimony that were not only designated confidential in their entirety, but which also

contained specific agreements within the text of the depositions that the information be treated as confidential. Defendants filed these deposition excerpts and they also repeatedly copied the information from the deposition transcripts and placed it in the text of Defendants' briefs in disregard for the confidential nature of these materials and despite our arrangement for counsel regarding proper care of confidential materials. By its present motion, OSA seeks to remedy the present situation and place this information under seal.[1]

## DISCUSSION OF THE LAW

### A. Portions of Defendants' Documents Should be Sealed.

The Second Circuit has enunciated a standard to guide a trial judge in determining whether to seal certain documents at the request of the parties or under a protective order. See *Joy v. North*, 692 F.2d 880, 893 (2nd Cir. 1982). In evaluating whether to seal a particular document, the *Joy* Court reiterated the notion that the decision to seal is "an exercise of judgment that must be considered in light of (1) the importance of the material to the adjudication, (2) the damage disclosure might cause, and (3) the public interest in such materials." *Id.* at 893.

In addition, the Second Circuit's view of protective orders was discussed at length in *S.E.C. v. TheStreet.Com*:

> "Protective orders issued under Rule 26(c) serve the vital function ... of 'secur[ing] the just, speedy, and inexpensive determination' of civil disputes ... by encouraging full disclosure of all evidence that might conceivably be relevant. This objective represents the cornerstone of our administration of civil justice. Without an ability to restrict public

---

[1] Plaintiff notes the court issued an order Dated September 14, 2004 regarding filing under seal nonetheless, the parties had obligated themselves to cooperate to protect confidential information (see for instance, e-mail of Paul Llewellyn dated September 10, 2004) and defendants were not without options regarding maintaining confidentiality. The court's order nowhere mandated parties to indiscriminately file confidential documents.

2

dissemination of certain discovery materials that are never introduced at trial, litigants would be subject to needless annoyance, embarrassment, oppression, or undue burden or expense. And if previously-entered protective orders have no presumptive entitlement to remain in force, parties would resort less often to the judicial system for fear that such orders would be readily set aside in the future." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229 -230 (2nd Cir. 2001) (internal citations omitted.)

With regard to the first *Joy* factor, courts consider whether the materials are judicial documents that play a role in Article III functions. "Judicial documents" are "item[s] filed [with the court that are] relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2nd Cir.1995). A judicial document receives a presumption in favor of disclosure to the public, whereas a non-judicial document is awarded a presumption in favor of a seal. However, with respect to all judicial documents, the Second Circuit has held that, "it is proper for a district court, *after weighing competing interests,* to edit and redact a judicial document in order to allow access to *appropriate* portions of the document...." *Id.* at 147 (emphasis added); see also *S.E.C. v. TheStreet.Com*, 273 F.3d 231 -232.

In this case, the judicial documents would consist of Defendants' briefs in support of its various motions. They are the documents that the Court will directly rely upon in adjudicating the parties' motions for summary judgment. However, the volumes of deposition transcripts that Defendants filed therewith should be distinguished from judicial documents because they are merely discovery materials. See, *United States v. Amodeo*, 44 F.3d 141, 145 (2nd Cir. 1995) (cautioning that the mere filing of documents does not make them judicial documents.) To the contrary, confidential testimony is discovery material, which the Second Circuit has concluded are documents that play no direct role in the adjudication of motions. See, *S.E.C. v. TheStreet.Com*, 273 F.3d at 233.

Furthermore, "Deposition testimony does not *directly* affect an adjudication nor does it significantly determine litigants' substantive rights." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2nd Cir. 1995) (emphasis added).

In this case, the confidential portions of the depositions are not judicial documents which otherwise might be appropriate for public review. Rather, they pertain to sensitive facts related to OSA and its affiliates' businesses which are only indirectly relevant to the Court's adjudication of Defendants' motion for summary judgment. See, [Dec. Emmons filed contemporaneously herewith.] In addition, the majority of deposition excerpts that Defendants filed are not actually referred to in Defendants' briefs, thus further diluting their relevance as a whole. Accordingly, the deposition transcripts are non-judicial documents which can and should be afforded the protection of privacy. With regard to the confidential information that is lifted from these documents and placed into Defendants' briefs, the Court maintains discretion to order Defendants to file redacted versions with the Clerk of the Court. See, *The Diversified Group, Inc., v. Daugerdas*, 304 F.Supp2d 507, 517 (S.D.N.Y. 2003) (Court ordered respondents to file redacted versions of its summary judgment documents in order to protect confidential information in the case.)

With regard to the second *Joy* factor, potential damage from the release of sensitive business information has been deemed a ground for denying access to court documents. See, *In re Orion Pictures Corporation*, 21 F.3d 24, 26 (2nd Cir.1994) (court held that "commercial information" would remain under seal in bankruptcy proceedings when there was "good cause" for nondisclosure); *see also Nixon v. Warner Communications*, 435 U.S. 589, 598-99, 98 S.Ct. 1306 (1978) (court files should not be

used as sources of information that may harm a business's ability to compete) (citing *Schmedding v. May*, 92 Iowa 593, 61 N.W. 201, 202 (Mich.1891)); *Bergen Brunswig Corp. v. Ivax Corp.* 1998 WL 113976, *3 (S.D.N.Y. 1998).

Indeed, Plaintiff has demonstrated the need to keep these items confidential in part through the Declaration of Robert Emmons. Mr. Emmons is the General Manager of the OMEGA brand in the United States affiliate and one of the deponents whose testimony is subject to the present motion. He asserts that the information which is currently publicly available is highly sensitive and confidential. Notably, he states that he would not have voluntarily disclosed highly sensitive business information but for the express agreement among counsel that certain items would remain confidential.

Similar to Defendants' reasoning in support of its motion to file documents under seal, revealing Plaintiff's advertising expenditures, advertising practices, sales information, customer lists, and other information would provide a competitive advantage to OSA's competitors. This constitutes serious harm which traditionally has been sufficient to have records sealed.

Finally, with regard to the public right to accessing this confidential information, there is no genuine purpose for which the information can be used. To the contrary, the information only constitutes a potential advantage to competitors by learning Plaintiff's advertising, marketing, and business plans. It also provides a competitive advantage to Plaintiff's vendors and advertising providers who can learn of its budget and spending practices. In addition, the information clearly summarizes a marketing strategy which has been developed over many decades and constitutes a trade secret. By virtue of public

disclosure of these materials, Plaintiff's competitors know exactly where and how to advertise in order to effectively compete with Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that its motion to place confidential information under seal be granted.

By:    Respectfully submitted
for Plaintiff,

Jess M. Collen (CT20918)
Matthew C. Wagner (CT25926)
COLLEN *IP*
THE HOLYOKE-MANHATAN BUILDING
80 South Highland Avenue
Ossining, New York 10562
(914) 941-5668
(914) 941-6091 (facsimile)
jcollen@collenlaw.com (email)

Dated: October 6, 2004

6