IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| OMEGA S.A., | ) |
| Plaintiff, | ) |
| v. | ) |
| OMEGA ENGINEERING, INC., OMEGA SCIENTIFIC, INC., and OMEGA PRESS, INC., | ) |
| Defendants. | ) Civil Action No.: 3:01 CV 2104 (MRK) |
| OMEGA ENGINEERING, INC., | ) |
| Counterclaim-Plaintiff, | ) |
| v. | ) |
| OMEGA, S.A. and THE SWATCH GROUP LTD., | ) |
| Counterclaim-Defendants. | ) |

**OMEGA S.A.'S AND THE SWATCH GROUP LTD.'S
SUPPLEMENTAL STATEMENT OF UNDISPUTED FACTS
IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

1.   On April 24, 2002, the .US domain became available to the general public and registration became possible through its registry NeuStar. NeuStar maintains a growing network of .US-accredited registrars, which are responsible for selling .US domain names to the general public. [Pl. Br. Ex. E, 4 NO. 5 E-Commerce L. Rep. 5 (March 2002).][1]

2.   Prior to the general public registration on April 24, 2002, applications were accepted during an established Sunrise Period beginning on March 4, 2002. During the

---
[1] "Pl. Br." Refers to Plaintiff's Memorandum of Law in Support of its Motion for Summary Judgment.

Sunrise Period, owners of existing or pending trademarks valid in the United States were allowed to submit a claim form for each domain name in which the trademark owner claims rights. The Sunrise Period was limited to owners of trademarks that were either registered or pending on the Principal Register with the United States Patent and Trademark Office ("USPTO") prior to July 27, 2001. The Sunrise Period ended on April 9, 2002. [*Id.*]

3.  Recognizing that there may be more than one qualified applicant for a given domain name during the Sunrise Period, domain names that were sought by more than one qualified party were assigned through the Random Selection Process administered by NeuStar. After the Random Selection Process completed on April 23, 2002, subsequent registrations were accepted on a first-come, first-served basis. [*Id.*]

4.  The only requirement of a registrant of a .US domain name is that it must be in compliance with the U.S. Nexus Requirement. [Pl. Br. Ex. F, printout from Neustar website at www.nic.com, visited September 14, 2004.]

5.  For a company claiming a nexus based upon substantial lawful contacts with, or lawful activities in, the United States, factors that should be considered include, without limitation, whether such prospective usTLD domain name registrant regularly performs lawful activities within the United States related to the purposes for which the entity or organization is constituted (e.g., selling goods or providing services to customers, conducting regular training activities, attending conferences), provided such activities are not conducted solely or primarily to permit it to register for a usTLD domain name and are lawful under the laws and regulations of the United States [*Id.*]

2

6.     During the Sunrise Registration period, Swatch, on behalf of OSA, applied for registration of the domain name omega.us. [Pl. Br. Ex. G, Sunrise Application for Omega.us.]

7.     Included in this application was a request for other .US domain names administered by Swatch, including swatch.us, longines.us, rado.us, hamilton.us, blancpain.us, and tissot.us. [*Id.*]

8.     In support of its application for omega.us, Swatch listed OSA as the trademark holder, identifying OSA's United States Trademark Registration no. 566,370, registered on April 11, 1952. [*Id.*]

9.     Swatch did not seek rights to the omega.us domain name in its own name, nor did it claim any rights in the Omega mark. [*Id.*]

10.    OSA regularly sells watches and other goods in the United States, and Omega and its related companies maintain offices and other facilities for lawful business in the United States. [www.omega.ch.]

11.    OSA's rights to the OMEGA trademark are clearly documented and include trademark registration no. 25,036; and 566,370. [Pl. Br. Ex. 1 and 5.]  OSA has used the Omega mark and its Omega website for numerous years to promote the sale of its goods. [*Id.*]

12.    OEI maintains the following registrations: omega.be (Belgium); omega.ca (Canada); omega.co.il (Israel); euromega.com.fr, omega-com.fr, omega1.fr (France); omega.com.mx (Mexico); iomeganet.co.uk and omega.co.uk (United Kingdom). [Pl. Br. Ex.I at 1.]

13. OEI has also registered for marks containing European symbols such as its registration for the mark OM€GA, with the letter "E" in OMEGA replaced with the sign for the new European currency symbol, the "Euro." [Pl. Br. Ex.K.]

                                              Respectfully submitted
                                              for Plaintiff,

By: _____
      Jess M. Collen (JC-2875)
      Matthew C. Wagner (MW-0204)
      COLLEN *IP*
      THE HOLYOKE-MANHATAN BUILDING
      80 South Highland Avenue
      Ossining, New York 10562
      (914) 941-5668
      (914) 941-6091 (facsimile)
      jcollen@collenlaw.com (email)

Dated: October 21, 2004