IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2004 OCT 22  A 11: 14

U.S. DISTRICT COURT
NEW HAVEN, CT

OMEGA S.A., )
  )
Plaintiff, )
v. )
  )
OMEGA ENGINEERING, INC., )
OMEGA SCIENTIFIC, INC., and )
OMEGA PRESS, INC., )
  )
Defendants. )   Civil Action No.:
  )   3:01 CV 2104 (MRK)
OMEGA ENGINEERING, INC., )
  )
Counterclaim-Plaintiff, )
  )
v. )
  )
OMEGA, S.A. and )
THE SWATCH GROUP LTD., )
  )
Counterclaim-Defendants. )

## PLAINTIFF OMEGA S.A.'S MOTION TO FILE THE DECLARATION OF PETER STIERLI UNDER SEAL

Now comes Plaintiff, OMEGA S.A. (OSA) and by and through its undersigned attorneys hereby submits this motion and incorporated memorandum of law in support of its motion to file the Declaration of Peter Stierli under seal and designate the materials as "outside counsel only" pursuant to the Protective Order entered September 14, 2004 (D.E. 100.)

### BACKGROUND

In support of its Reply Memorandum in Support of its Motion for Summary Judgment, Plaintiff submits the Declaration of Peter Stierli. Mr. Stierli is the Vice

President and Chief Finance Officer of Omega S.A. In his declaration, he attests to highly confidential advertising and sales figures. He also attests to elements of harm in this case such as attorneys' fees spent while defending and enforcing Plaintiff's trademark rights around the world against Defendants' pattern of conduct in foreign trademark proceedings. This testimony is in direct response to asertions made by Defendants in Opposition to Plaintiff's Motion for Summary Judgment.

## DISCUSSION OF THE LAW

### A. Portions of Defendants' Documents Should be Sealed.

The Second Circuit has enunciated a standard to guide a trial judge in determining whether to seal certain documents at the request of the parties or under a protective order. *See Joy v. North*, 692 F.2d 880, 893 (2nd Cir. 1982). In evaluating whether to seal a particular document, the *Joy* Court reiterated the notion that the decision to seal is "an exercise of judgment that must be considered in light of (1) the importance of the material to the adjudication, (2) the damage disclosure might cause, and (3) the public interest in such materials. *Id.* at 893.

With regard to the first *Joy* factor, courts consider whether the materials are judicial documents that play a role in Article III functions. "Judicial documents," are "item[s] filed [with the court that are] relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2nd Cir.1995). A judicial document receives a presumption in favor of disclosure to the public, whereas a non-judicial document is awarded a presumption in favor of a seal.

In this case, the judicial documents would consist of the parties' briefs, which the Court will directly rely upon in adjudicating the parties' cross motions for summary

judgment. However, the declaration of Mr. Stierli is not a judicial document, it pertains to sensitive facts related to OSA which are only indirectly relevant to the Court's adjudication of the parties' motions for summary judgment. See, [Dec. Stierli.]; *see also, United States v. Amodeo*, 44 F.3d 141, 145 (2nd Cir. 1995) (cautioning that the mere filing of documents does not make them judicial documents.)

With regard to the second *Joy* factor, potential damage from the release of sensitive business information has been deemed a ground for denying access to court documents. See, *In re Orion Pictures Corporation*, 21 F.3d 24, 26 (2nd Cir.1994) (court held that "commercial information" would remain under seal in bankruptcy proceeding when there was "good cause" for nondisclosure); *see also Nixon v. Warner Communications,* 435 U.S. 589, 598-99, 98 S.Ct. 1306 (1978) (court files should not be used as sources of information that may harm a business's ability to compete) (citing *Schmedding v. May,* 92 Iowa 593, 61 N.W. 201, 202 (Mich.1891)); *Bergen Brunswig Corp. v. Ivax Corp.* 1998 WL 113976, *3 (S.D.N.Y. 1998).

Indeed, Plaintiff has demonstrated the need to keep these items confidential in part through the declaration that it seeks to seal. In the declaration Mr. Stierli's information and the facts contained therein are highly sensitive and confidential. [Dec. Stierli at 2-3.] Furthermore, the declaration discusses the human and financial costs to OSA involved in continually defending its trademark rights against OEI before foreign trademark tribunals and Mr. Stierli's belief that competitors of Omega S.A. could unfairly benefit from this information[1].

---

[1] In this regard, Mr. Stierli has requested that his declaration be deemed "Outside Counsel Only" in accordance with the protective order. Discussion of the human and financial burdens that the ongoing litigation places on Plaintiff is an unnecessary form of leverage which could be used, not only by others, but also by Defendants in this litigation and in other proceedings around the world.

3

In addition, similar to Defendants' reasoning in support of its motion to file documents under seal, revealing Plaintiff's advertising expenditures, advertising practices, sales information, customer lists, and other information would provide a competitive advantage to OSA's competitors. [Dec. Stierli at 2.] This constitutes serious harm which traditionally has been sufficient to have records sealed.

Finally, with regard to the public right to accessing this confidential information, there is no genuine purpose for which the information can be used. To the contrary, the information only constitutes a potential advantage to competitors by learning Plaintiff's advertising, marketing, and business plans. It also provides a competitive advantage to Plaintiff's vendors and advertising providers who can learn of its budget and spending practices. In addition, the information summarizes a marketing model, which has been developed over many decades and constitutes a trade secret. [Dec. Stierli at 2.]

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court GRANT this motion and file the Declaration of Peter Stierli under seal.

Respectfully submitted
for Plaintiff,

By: *[signature]*

Jess M. Collen (CT20918)
Matthew C. Wagner (CT25926)
COLLEN *IP*
80 South Highland Avenue
Ossining, New York 10562
(914) 941-5668
(914) 941-6091 (facsimile)
jcollen@collenlaw.com (email)

Dated: October 21, 2004