IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| OMEGA S.A., | ) |
| Plaintiff, | ) |
| v. | ) |
| OMEGA ENGINEERING, INC., OMEGA SCIENTIFIC, INC., and OMEGA PRESS, INC., | ) |
| Defendants. | ) Civil Action No.: 3:01 CV 2104 (MRK) |
| OMEGA ENGINEERING, INC., | ) |
| Counterclaim-Plaintiff, | ) |
| v. | ) |
| OMEGA, S.A. and THE SWATCH GROUP LTD., | ) |
| Counterclaim-Defendants. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A *SUR* REPLY AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Omega S.A. ("OSA") and Counterclaim Defendant, The Swatch Group Ltd., ("Swatch") (collectively "Plaintiff"), hereby move the Court for leave to file a *sur* reply in support of its opposition to Defendants Omega Engineering, Inc. ("OEI"), Omega Scientific, Inc., and Omega Press, Inc.'s (collectively "Defendants" or "OEI") motion for summary judgment.

For purposes of clarifying for the court the many factual distortions and identifying a number of very misleading "factual" statements found in OEI's papers, OSA notes the following illustrative examples:

1. The Evidence on "Period Timers"

OEI wrongly states: *OSA has admitted that OEI's period timers and related goods are covered by the 1994 agreement.* OSA has never admitted that OEI's period timers and "related goods" are covered by the agreement. OEI's efforts to expand to "related goods" form the very basis of this lawsuit, because there can be no dispute that goods "related" to period timers may include watches and other timing devices sold by OSA. At minimum an issue of fact exists as to whether goods related to a period timer – would include the timing devices sold by OSA

OEI wrongly states: *OSA admits that is has not sold period timers.* OEI seeks to misdirect the court by arguing that the declaration submitted by OSA which specifically supports OSA's *denial* of this point, should be disregarded because OEI believes it to be inconsistent with prior testimony. The deponent's responses only addressed questions regarding advertising of such goods. [Kayal Dep. 84-85.] When asked about use, the deponent specifically stated that he cannot answer, and "had to check" on this information. [Kayal 244-45]. His declaration following his subsequent investigation, is wholly consistent with his deposition testimony.[1]

---

[1] OEI challenges essentially every piece of supporting evidence submitted by OSA. All of OSA's evidence is either self-authenticating, supported by proper declaration, and either non-hearsay or within the scope of an exception to

OEI wrongly states: *OSA admits that the only time-related devices that defendants have offered for sale are period timers or scientific and industrial clocks sold for use in science and industry.*

OSA has shown that OEI timing devices are available to any individual with access to the internet – and such devices are advertised as "day or time clocks." [OSA's Opp. at 10]. OEI's sweeping definition of terms such as "industry"[2] has essentially eliminated the effect of such terms as limitations on the Parties' respective goods and markets.

2. The Evidence on OEI's use of the Omega Marks

OEI wrongfully states: *OSA concedes that OEI does not use the "Ω" mark.*

Both OEI and OSA use the word mark "OMEGA" as well as the Greek letter "Ω." Even though OEI alleges to use a modified version of the Greek letter "Ω" in addition to its use of "OMEGA," it cannot dispute that this modified mark is very similar to OSA's "Ω."

3. The Evidence Regarding Common Customers

OEI wrongfully states: *It is undisputed that the products and the parties customers are different.*

OEI maintains that the Parties sell different goods to different customers despite OSA's clear argument and supporting evidence to the contrary, and despite OEI's admission that both parties sell to Universities [Hollander Dep. at 234], the same "large corporations," [OEI's Br. at 7] and that both parties sell timing devices [*Id* at 59].

---

the hearsay rule. In further support of its Opposition to OEI's Motion for Summary Judgment, OSA hereby incorporates all of the evidence submitted with its Motion for Summary Judgment and supporting papers.
[2] Hollander Dep. at 233-40.

2

4.   The Evidence on OEI's Sale of Watch Batteries

OEI wrongfully states: *OSA repeats its false assertion that OEI sells watch batteries.*

OEI has admitted that as recently as June 2004 (well after the filing of this lawsuit), OEI has advertised and sold watch batteries. [Burke Decl. at 2; see also Riggs Decl.].

5.   The Photos Incorporated in OSA's Brief

OEI wrongfully states: *The deliberately distorted photos of OSA's Brief do not create a triable issue of fact.*

These photographs show the goods exactly as they appear on the Parties' websites.[3]

6.   The Evidence Regarding Foreign Proceedings

OEI wrongfully states: *The undisputed evidence is that OEI continues to prevail in foreign proceedings against OSA registrations covering, for example, jewelry.*

In the cited cases the foreign tribunal expressly found: (1) OSA to have a "reputation for watches and timing apparatus for sport," and; (2) that OEI "cannot claim to have any significant reputation, and cannot enjoy any enhanced level of protection." [Riggs Decl. Ex. X at 10].

Moreover, in each of these cases, the tribunal specifically found that OSA is entitled to registration of the Omega marks in connection with "jewellery [*sic*], precious stones; timepieces and chronometric instruments. [Riggs Decl. Ex. X at 10; Ex. Y at 10; Ex. Z at 10]. OEI seems to be relying on the foreign tribunal's strictly conditional finding in favor of OEI with regard to "precious metals and their alloys and goods made of these materials or coated therewith not included in other classes." *Id.* OEI's success in connection with these goods, however, is expressly conditioned on its success in defending the pending Opposition filed by OSA relating to OEI's filing of Community Trade Mark Application No. 2180834. [*Id.*] Unless and/or until

---

[3] It should also be noted that these goods only represent a sample of such similar goods. *See e.g.* Ex. A.

OEI successfully defends its Application No. 2180834, OEI's cited decisions serve only to re-establish OSA's well-established rights in jewelry, and horological and chronometric instruments. [*Id.*]

                         Respectfully submitted
                         for Plaintiff and Counterclaim Defendant,

By: _____
      Jess M. Collen (CT20918)
      Matthew C. Wagner (CT25926)
      COLLEN *IP*
      THE HOLYOKE-MANHATAN BUILDING
      80 South Highland Avenue
      Ossining, New York 10562
      (914) 941-5668
      (914) 941-6091 (facsimile)
      jcollen@collenlaw.com (email)

Dated: November 9, 2004

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| OMEGA S.A., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OMEGA ENGINEERING, INC., )<br>OMEGA SCIENTIFIC, INC., and )<br>OMEGA PRESS, INC., )<br>)<br>Defendants. )<br>)<br>OMEGA ENGINEERING, INC., )<br>)<br>Counterclaim-Plaintiff, )<br>)<br>v. )<br>)<br>OMEGA, S.A. and )<br>THE SWATCH GROUP LTD., )<br>)<br>Counterclaim-Defendants. )<br>) | Civil Action No.:<br>3:01 CV 2104 (MRK) |

## DECLARATION OF JEFFREY A. LINDENBAUM

I, Jeffrey A. Lindenbaum, declare under the pains and penalties of perjury under the laws of the United States of America and the State of New York that the following is true and correct to the best of my knowledge. The following facts are based on my personal knowledge. If called to testify regarding these facts, I could and would so competently testify:

1. I am an attorney associated with the law firm, Collen IP, counsel for the Plaintiff. The facts herein are based on my investigation of the sources described below.

I submit this declaration in support of Plaintiff's Motion for Summary Judgment, as well as in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

2. Attached as Exhibit 1, is a true and accurate printout of the information and images appearing at Omega Electronic's website at http://www.omegaelectronicsus.com/Powertime.html as visited on November 9, 2004.

3. Attached as Exhibit 2, is a true and accurate printout of the information and images appearing at Omega Engineering, Inc.'s website at http://www.omega.com/pptst/HH550.html as visited on November 9, 2004.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 9th day of November 2004.

Jeffrey A. Lindenbaum

# EXHIBIT 1

# PowerTime



**OMEGA ELECTRONICS**

The *PowerTime* is a lightweight, hand held, battery operated timing computer with the following built in features:

- 4 line, 16 character LCD display, thermal printer
- Keypad with ten numeric keys and eight function keys.
- Connections for external start devices and up to eight separate finish devices
- RS232 and RS485 outputs allowing connection to a PC serial port or scoreboard
- Socket for connection to supplied external power supply

These features, combined with the 2,000 competitor memory and the thermally compensated time base make *PowerTime* the most Powerful and adaptable hand held timing system in the world. No wonder then, that in the U.S.A. alone *PowerTime*'s are being used for a range of sports as

diverse as swimming, track, marathon, cross country running, canoeing, mountain biking, windsurfing, athletics, and in line speed skating to name but a few.

### The POWERTIME family of products and accesories.

The flexibility of the POWERTIME system means that it can be used in conjunction with start transducers, acoustic start devices, ski start gates, photocells, touchpads, tape switches, in fact almost any device that is used to trigger the start and finish of a race. New software can be loaded onto the POWERTIME from a PC via the serial port and software updates and new programs are available for download free of charge from the Omega Electronics website.

Results can be sent to a PC or a scoreboard such as the Omega Electronics UNT8. Depending on the program being used, it is also possible to send data to a scoreboard and to a PC at the same time. Software is available for your PC that captures the PowerTime data and allows you to import it into other applications. PowerTime Receiver Windows Software

To date, software is available to time races with a common start, staggered starts, races requiring just the time of day of each pulse to be logged and for speed traps. Specially written software is also available for sports such as rally driving and other sports where the start and finish may be long distances apart, mountain biking, skiing, measuring start reactions and for track athletics and swimming (up to eight lanes).

For more information and pricing please contact:

GDG Inc.
1463 SE 8th Court
Deerfield Beach, Florida
33441

Tel: 954 494 8669
Fax: 954 428 3887
info@omegaelectronicsus.com

**EXHIBIT 2**



# omega.com®
*Your One-Stop Source for Process Measurement and Control*

- HOME
- ONLINE STORE
- PRODUCTS
- FREE LITERATURE
- SEARCH
- MY OMEGA
- OMEGA INFO

search by:
○ Part Number   ◉ All Omega

[Search]

View related products - Recorders

## HH550
Graphic Recorder/Datalogger/ Data Printer

**$ 600.00**
HH550

- ✓ Accepts dcV/acV: 2 V, 200 mV, dcA: 20 mA
- ✓ Instant Graphic/ Data Printout
- ✓ Datalogging for Data Recording, Storing and Analysis (RS-232)
- ✓ Programmable Unit, Hi, Lo, HiHi, LoLo Alarm & Date / Time Stamp
- ✓ Ideal for Laboratory & Process Engineering Software for Windows 95/98


Click here for larger image


 C€

(888) TC-OMEGA (USA/Canada) / (203) 359-1660 (International)



The HH550 is a powerful graphic recorder/datalogger/printer. Designed for laboratory or process engineering use, the unit accepts an analog signal for local display, local printing, and/or storage to be downloaded to a PC. Datalogging capacity is 50,000 records. OMEGASOFT® Windows software is provided to allow setup, graphing, listing of data and exporting data to an Excel spread sheet. The HH550 features a thermal printer which can be set to print at a programmed interval or upon demand. A real time clock and alarms of Hi, Lo, HiHi, LoLo may be set in the unit. Alarms are audible and printable. Unit is powered by 6 AA batteries (includes) or 120 Vac through an external dc adapter, both of which are provided with the instrument.



Product Specs, click here

**To Order** (Specify Model Number)

| Part Number | Price | Description | Qty. |
|---|---|---|---|
| HH550 | $600.00 | Graphic Recorder/Datalogger/Data Printer | |
| HH550-RP | $4.00 | Replacement paper, 1 roll | |

✆ **In Stock For Fast Delivery**



† *All dollar amounts on this site are shown in US currency.*
**Note:** Includes: carrying case, batteries, test leads, Windows software, serial cable 1.8 m (6') long, one male and one female 9 pin connection, 9 to 25 pin adaptor, 2 rolls of thermal paper, power adaptor with 1.8 m (6") cable and complete operator's manual.
**Ordering Example:** (1) **HH550** Graphic Recorder/Datalogger/Data Printer = **$600**

**Related Links**

**Literature**
Download complete Product Specifications in PDF format.



MXV MMV | 72

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| OMEGA S.A.,<br><br>    Plaintiff,<br><br>v.<br><br>OMEGA ENGINEERING, INC.,<br>OMEGA SCIENTIFIC, INC., and<br>OMEGA PRESS, INC.,<br>    Defendants.<br><br>OMEGA ENGINEERING, INC.,<br><br>    Counterclaim-Plaintiff,<br><br>v.<br><br>OMEGA, S.A. and<br>THE SWATCH GROUP LTD.,<br><br>    Counterclaim-Defendants. | Civil Action No.:<br>3:01 CV 2104 (MRK) |

## CERTIFICATE OF SERVICE

I, Jeffrey A. Lindenbaum, hereby certify that I caused a true copy of the foregoing "Plaintiff's Motion for Leave to File a Sur Reply and Incorporated Memorandum of Law in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment" to be served upon the following, in the following manner and addressed in the following form on November 9, 2004:

    FedEx with exhibits

    Paul C. Llewellyn, Esq.
    Thomas Smart, Esq.
    Kaye Scholer LLP
    245 Park Avenue
    New York, New York 10022

            _____
            Jeffrey A. Lindenbaum