# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

---

OMEGA, S.A.,

                Plaintiff,

      v.

OMEGA ENGINEERING, INC.
OMEGA SCIENTIFIC, INC., AND
OMEGA PRESS, INC.,

                Defendants.

OMEGA ENGINEERING, INC.,

                Counterclaim-Plaintiff,

      v.

OMEGA, S.A. and
THE SWATCH GROUP LTD.

                Counterclaim-Defendants.

Civil Action No.:
3:01 CV 2104 (MRK)

---

## DEFENDANTS' MOTION AND INCORPORATED MEMORANDUM OF LAW TO EXCLUDE OMEGA, S.A. AND SWATCH GROUP LTD'S SUPPLEMENTAL STATEMENT OF UNDISPUTED FACTS, THE DECLARATION OF PETER STIERLI, THE DECLARATION OF BRADFORD L. COLE AND NUMEROUS HEARSAY EXHIBITS

Defendants, Omega Engineering, Inc. ("OEI"), Omega Scientific, Inc., and Omega Press, Inc. (collectively, "defendants") hereby move to exclude the following documents submitted in support of Omega, S.A.'s ("OSA") Motion for Partial Summary Judgment:

        (1) OSA and Swatch Group Ltd.'s ("Swatch Group") Supplemental Statement of Undisputed Facts;

        (2) the Declaration of Peter Stierli;

        (3) the Declaration of Bradford L. Cole; and

(4) the numerous exhibits described herein that OSA has cited for inadmissible hearsay.

The grounds for this motion are as follows:

## A.    OSA and Swatch Group Ltd.'s Supplemental Statement of Undisputed Facts

1.    Defendants move to exclude OSA's and Swatch Group's Supplemental Statement of Undisputed Facts in Support of their Motion for Partial Summary Judgment on the grounds that it was untimely and filed in violation of Local Rule 56.

2.    In support of OSA's motion for partial summary judgment seeking dismissal of OEI's counterclaim for cybersquatting with regard to the domain name OMEGA.US, OSA failed to file a statement of undisputed facts, submitted no deposition testimony and did not cite to any admissible evidence in support of its motion. Thus, OSA's Local Rule 56(a)1 Statement of Facts did not contain any assertions of fact relating to the OMEGA.US claim, much less citations to admissible evidence regarding that claim. For these reasons, OEI argued in its opposition brief (Def. 10/6/04 Mem. at 36) that the motion was totally defective. Now, for the first time, as part of its reply papers, OSA has filed a purported statement of undisputed facts relating to OEI's OMEGA.US cybersquatting counterclaim.[1]

3.    Local Rule 56(a)1 requires that a document containing "each material fact as to which the moving party contends there is no genuine issue to be tried" is required to "be annexed to a motion for summary judgment." D. Conn. Local Rule 56(a)(1). OSA failed to do this. OSA's submission, at the reply stage, of a document identifying alleged undisputed facts upon which it purports to base its motion for partial summary judgment, plainly is untimely in

---

[1] Although the motion with respect to OMEGA.US was not even made by Swatch Group -- the only entity against which OEI's cybersquatting counterclaim was asserted -- OSA and Swatch Group now attempt to repair this additional fatal defect by denominating the belated statement of facts as that of OSA and Swatch Group.

the extreme because Local Rule 56(a)1 requires these facts to be filed in conjunction with OSA's opening brief. OSA's delay until the reply stage is a blatant attempt by OSA to intentionally back-load its allegations, and turns summary judgment procedure on its head. The statement of undisputed facts should, accordingly, be excluded. *See, e.g., Tyson v. Willauer*, 289 F. Supp.2d 190, 194 (D. Conn. 2003) (disregarding untimely Local Rule 56(a) statement).

**B.     Declaration of Peter Stierli**

4.     Defendants move to exclude the Declaration of Peter Stierli on several grounds. First, OSA's 30(b)(6) designee on the topic of alleged injury to OSA previously testified that there was no injury to OSA. Now, OSA contradicts that testimony with the declaration of Mr. Stierli, who, on reply, claims injury to OSA, albeit without any specificity as to the particular allegedly wrongful conduct of defendants to which the purported injury relates. Second, OSA has never previously identified Peter Stierli as a witness having any knowledge regarding OSA's alleged injury or any other issue, and, thus, OSA cannot rely on his testimony now in that regard. In particular, Peter Stierli was not identified by OSA as a 30(b)(6) witness, was not identified by OSA in any initial disclosures and was not identified by OSA's 30(b)(6) witness as knowledgeable on the issues discussed in his declaration. Third, defendants move to exclude the declaration of Peter Stierli because it is untimely (and, indeed, yet another blatant attempt by OSA to deliberately postpone until reply putting essential matters into evidence). Fourth, the vague allegations of the Stierli declaration are irrelevant.

5.     As discussed in defendants' Memorandum of Law in Support of their Motion for Summary Judgment, OSA's Rule 30(b)(6) designee on the issue of injury was Ms. Sauser Rupp (Def. 9/15/04 Mem. at 19, 39; Sauser Rupp Tr. 11-12 & Smart 9/15/04 Dec. Ex. F). Ms. Sauser Rupp *conceded* that she could *not* identify a single trademark application or registration

of OSA that was "blocked" by any trademark application or registration filed in the United States

by defendants, and furthermore could not point to any evidence that OSA has suffered any injury

to its business or reputation as a result of defendants' filing any trademark applications or

registrations or defendants' use of their OMEGA marks.  (Sauser Rupp Tr. 363-64, 389, 402-03,

416).  Now, out of the blue, OSA has filed a reply affidavit of Peter Stierli, an individual never

previously identified, who claims that OSA's injury is the worldwide attorneys' fees and internal

costs spent by OSA in their purported policing and lawsuits with OEI.  OSA identified and

produced only Ms. Sauser Rupp in response to defendants' Rule 30(b)(6) request on the topic of

injury, and *never* identified Mr. Stierli, either in response to a Rule 30(b)(6) request, in Rule 26

initial disclosures, or otherwise.  This outrageous maneuver should not be allowed.  OSA should

not be permitted to produce new witnesses, at the reply brief stage on summary judgment, when

the witness was not identified during discovery, defendants were not given the opportunity to

depose the witness, and the witness's testimony directly contradicts that of OSA's identified

30(b)(6) witness.  *See, e.g., AT&T Corp. v. Microsoft Corp.*, 2004 U.S. Dist. LEXIS 2192, *20

(S.D.N.Y. Feb. 17, 2004) (barring reliance on declarations submitted on reply in summary

judgment where party did not identify the declarants in their initial disclosures, during discovery

or as persons to be called at trial); *Hyde v. Stanley Tools*, 107 F.Supp.2d 992, 993 (E.D. La 2000)

(striking summary judgment affidavit which directly contradicts prior testimony given by

30(b)(6) witness).

      6.   Furthermore, OSA argues in its reply brief that Ms. Sauser Rupp, the witness

who was supposed to be most knowledgeable on the topic of injury, testified that "another" OSA

employee, Petra Hlavacek, could have more knowledge.  (OSA Reply 2; Sauser Rupp Tr. 282-

83).  However, OSA has not submitted a declaration from Petra Hlavacek, but instead filed a

declaration from an individual who was never previously identified to defendants as having any knowledge on the topic of injury.

7.   Nor was Peter Stierli ever identified by OSA as a witness with any knowledge regarding OSA's marketing expenditures and sales figures, another issue addressed in the Stierli Declaration.  Mr. Stierli was not identified by OSA as the Rule 30(b)(6) designee on the topic of marketing or sales and was not listed in any Rule 26 initial disclosure.  Rather, OSA identified Mr. Kayal and Mr. Emmons as its 30(b)(6) designees on the topics of marketing, advertising and sales of OSA products under any OMEGA marks.  (Smart 9/15/04 Dec. Ex. Q).  OSA cannot now rely on the testimony of Mr. Stierli, when the witness was not identified to defendants during discovery, and defendants were not given the opportunity to depose this witness.

8.   The Declaration of Peter Stierli should be stricken for the additional reason that it is untimely.  OSA should not be permitted to introduce new facts during the reply stage of summary judgment briefing.  As set forth above with respect to OSA's untimely supplemental statement of undisputed facts, OSA is required to set forth its evidence in support of its own motion for partial summary judgment at the outset and cannot add in additional evidence after the fact.

9.   Mr. Stierli's testimony should be excluded for the additional reason that it is not relevant.  As we have previously argued, legal fees in this case are not cognizable damages and cannot constitute any injury to OSA.  (Def. 10/20/04 Mem. at 10).  Moreover, even if legal fees were cognizable injury, Mr. Stierli's vague and general allegations regarding legal fees are insufficient to support a claim of injury, because Mr. Stierli makes no effort to demonstrate that OSA has expended any specific sums (or any sums at all) with respect to any particular conduct of defendants, much less any conduct that has been shown to be wrongful.

10.    In addition, Mr. Stierli's testimony on worldwide marketing and sales figures is not relevant to the lawsuit at hand for two reasons. First, worldwide marketing and sales figures are irrelevant to this suit under the Lanham Act. What is relevant are U.S. sales figures, which Mr. Stierli does not provide. Second, the testimony is irrelevant because the only marketing and sales figures that are relevant are those made under OMEGA marks, and Mr. Stierli does not even purport to show that the figures he provides are limited to that category.

## C.    **Declaration of Bradford L. Cole**

11.    Defendants move to exclude the Declaration of Bradford L. Cole on the grounds that it is untimely and that OSA has never previously identified Mr. Cole as a witness.

12.    In OSA's opening motion for partial summary judgment, OSA submitted and relied upon a one page unsigned document relating to the supposed purchase of purported "watch batteries" from OEI's website, to support OSA's baseless contention that OEI sells watch batteries in connection with the OMEGA marks. (OSA 9/15/04 Mem. at 9; OSA Ex. 31). In their opposition brief, defendants objected to this exhibit, OSA Ex. 31, as inadmissible hearsay and as unauthenticated. In addition, defendants explained that the batteries at issue are offered to OEI's customers because they are the power source for OEI's "Digital Open Channel Water Velocity Meter," a device that measures water velocity in sewers, pipes and similar industrial locales, and that is also sold on the same web page, and that the reference to the batteries as "watch batteries" was merely a result of the use of a similar phrase, "watch style batteries," by the third party. Defendants further showed that the phrase "watch batteries" was removed from OEI's website several months ago for reasons wholly unconnected to this litigation. (Def. 10/6/04 Mem. at 30; Burke 10/1/04 Dec. ¶ 2-5; Ex. A-B). With its reply brief, OSA has now submitted an entire signed declaration from Mr. Cole attaching supposed pictures of small

batteries which defendants have never previously seen and about which defendants were never able to cross examine Mr. Cole.

13.    OSA's submission of the declaration of Mr. Cole is untimely, as OSA should have filed all evidence upon which it relies for its motion for partial summary judgment at the time that motion was made. OSA cannot put in evidence at the late stage of a reply brief a declaration to support a contention that it first made, without admissible evidentiary support, in its moving brief. Furthermore, Mr. Cole was never identified to defendants during the discovery process, and his declaration should be precluded for the additional reason that defendants never had the opportunity to depose Mr. Cole.

## D.  OSA's Inadmissible Hearsay Exhibits

14.    Defendants move to exclude numerous exhibits cited by OSA for inadmissible hearsay, and relied upon by OSA in moving for and opposing summary judgment, including, without limitation, OSA Exhibits 1, 2,4, 21, E, F, G submitted on September 15, 2004; Exhibits G, J, and O to the Declaration of Brendan J. Reilly, dated October 6, 2004 and Exhibit A to the declaration of Hamid Kayal, dated October 6, 2004. In addition, in the event that the Court denies this motion to exclude the Declaration of Peter Stierli, defendants move to exclude Exhibit B to the Steirli Declaration on the ground that it, too, constitutes hearsay.

15.    OSA has submitted and cited to numerous exhibits for inadmissible hearsay purposes. For example, OSA relies on pages from its own website throughout its Memorandum of Law in Support of its Motion for Partial Summary Judgment and its 56(a)1 Statement of Undisputed Facts. OSA cites to its www.omega.ch website to support its statement that OSA and OEI sell to "similar customers including . . . NASA." (OSA 9/15/04 Mem. at 7; OSA Ex. 2). Putting aside the fact that OSA and OEI do not sell their goods to similar customers

(*see, e.g.,* Def. 10/20/04 Rep. Mem. at 7), OSA cannot establish facts through reference to its website, because the OSA website constitutes inadmissible hearsay to the extent that it is cited for the truth of statements contained therein. Similarly, OSA cites to press releases from its website at www.omegaelectronicsus.com to support its statement that OSA's "timing devices were used in the 2004 Summer Olympic Games held in Greece and broadcast nationally in the United States." (OSA 9/15/04 Mem. at 3; OSA Ex. 3). The cited press releases, which are printouts from www.omegaelectronicsus.com, are inadmissible hearsay to the extent cited for the truth of statements therein (and also do not support the statement and provide no indication of what, if anything, was "broadcast nationally in the United States"). OSA also relies on inadmissible hearsay found in its trademark registration certificate No. 25,036 (OSA Ex. 1) to support its statement that "OSA has been manufacturing watches and other timepieces since 1848, and has been using OMEGA and the Greek letter $\Omega$ in conjunction with its products since 1894." (OSA 9/15/04 Mem. at 2).

16.    It is fundamental that evidence on motion for summary judgment must be "admissible evidence." *Shumway Co. v. United Parcel Serv.*, 118 F.3d 60, 65 (2d Cir. 1997). "The principles concerning admissibility of evidence do not change on a motion for summary judgment," and the Court should not consider "documents submitted in support of a motion for summary judgment [that] contain inadmissible hearsay or conclusory statements, are incomplete, or have not been properly authenticated." *Barlow v. Connecticut*, 319 F. Supp. 2d 250, 257 (D. Conn. 2004). The hearsay exhibits submitted by OSA should be excluded.

## CONCLUSION

For all of the foregoing reasons, defendants' motion to exclude the above listed OSA evidentiary submissions should be granted.

Dated:  November 11, 2004             Respectfully submitted,
        New York, NY


Thomas E. Minogue (CT 06845)         Thomas A. Smart (CT 21462)
MINOGUE BIRNBAUM LLP                  Paul C. Llewellyn (CT 25417)
237 Elm Street                        KAYE SCHOLER LLP
New Canaan, CT  06840                 425 Park Avenue
(203) 966-6916                        New York, NY  10022
                                      (212) 836-8000

                                      Of counsel:
                                      Michelle R. Tepper

                                      *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November, 2004, I caused the foregoing
DEFENDANTS' MOTION AND INCORPORATED MEMORANDUM OF LAW TO
EXCLUDE OMEGA, S.A. AND SWATCH GROUP LTD'S SUPPLEMENTAL STATEMENT
OF UNDISPUTED FACTS, THE DECLARATION OF PETER STIERLI, THE
DECLARATION OF BRADFORD L. COLE AND NUMEROUS HEARSAY EXHIBITS to be
served by Federal Express overnight delivery upon the following counsel for defendant Omega,
S.A.:

Matthew Wagner, Esq.
COLLEN IP
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, NY  10562

Paul C. Llewellyn (CT 25417)