**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| OMEGA S.A.,          Plaintiff, <br> v. <br><br> OMEGA ENGINEERING, INC., <br> OMEGA SCIENTIFIC, INC., and <br> OMEGA PRESS, INC., <br><br>          Defendants. <br><br> OMEGA ENGINEERING, INC., <br><br>          Counterclaim-Plaintiff, <br><br> v. <br><br> OMEGA, S.A. and <br> THE SWATCH GROUP LTD., <br><br>          Counterclaim-Defendants. | Civil Action No.: <br> 3:01 CV 2104 (MRK) |

**PLAINTIFF'S *SUR* REPLY IN SUPPORT OF ITS OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Omega S.A. ("OSA") and Counterclaim Defendant, The Swatch Group Ltd., ("Swatch") (collectively "Plaintiff"), hereby submit this *sur* reply in opposition to Defendants Omega Engineering, Inc. ("OEI"), Omega Scientific, Inc., and Omega Press, Inc.'s (collectively "Defendants" or "OEI") motion for summary judgment.

For purposes of clarifying for the court the many factual distortions and identifying a number of very misleading "factual" statements found in OEI's papers, OSA notes the following:

1. The Evidence on "Period Timers"

OEI wrongly states: *OSA has admitted that OEI's period timers and related goods are covered by the 1994 agreement.* OSA has never admitted that OEI's period timers and "related goods" are covered by the agreement. OEI's efforts to expand to "related goods" form the very basis of this lawsuit, because there can be no dispute that goods "related" to period timers may include watches and other timing devices sold by OSA. At minimum an issue of fact exists as to whether goods related to a period timer – would include the timing devices sold by OSA

OEI wrongly states: *OSA admits that is has not sold period timers.* OEI seeks to misdirect the court by arguing that the declaration submitted by OSA which specifically supports OSA's *denial* of this point, should be disregarded because OEI believes it to be inconsistent with prior testimony. The deponent's responses only addressed questions regarding advertising of such goods. [Kayal Dep. 84-85, Exhibit E to Decl. Smart.] When asked about use, the deponent specifically stated that he cannot answer, and "had to check" on this information. [Kayal 244-45, Exhibit E to Decl. Smart]. His declaration following his subsequent investigation, is wholly consistent with his deposition testimony.[1]

---

[1] OEI challenges essentially every piece of supporting evidence submitted by OSA. All of OSA's evidence is either self-authenticating, supported by proper declaration, and either non-hearsay or within the scope of an exception to the hearsay rule. In further support of its Opposition to OEI's Motion for Summary Judgment, OSA hereby incorporates all of the evidence submitted with its Motion for Summary Judgment and supporting papers.

OEI wrongly states: *OSA admits that the only time-related devices that defendants have offered for sale are period timers or scientific and industrial clocks sold for use in science and industry.*

OSA has shown that OEI timing devices are available to any individual with access to the internet – and such devices are advertised as "day or time clocks." [OSA's Opp. at 10]. OEI's sweeping definition of terms such as "industry"[2] has essentially eliminated the effect of such terms as limitations on the Parties' respective goods and markets.

2. The Evidence on OEI's use of the Omega Marks

OEI wrongfully states: *OSA concedes that OEI does not use the "Ù" mark.*

Both OEI and OSA use the word mark "OMEGA" as well as the Greek letter "Ù." Even though OEI alleges to use a modified version of the Greek letter "Ù" in addition to its use of "OMEGA," it cannot dispute that this modified mark is very similar to OSA's "Ù."

3. The Evidence Regarding Common Customers

OEI wrongfully states: *It is undisputed that the products and the parties customers are different.*

OEI maintains that the Parties sell different goods to different customers despite OSA's clear argument and supporting evidence to the contrary, and despite OEI's admission that both parties sell to Universities [Hollander Dep. at 234], the same "large corporations," [OEI's Br. at 7] and that both parties sell timing devices [*Id* at 59].

4. The Evidence on OEI's Sale of Watch Batteries

OEI wrongfully states: *OSA repeats its false assertion that OEI sells watch batteries.*

OEI has admitted that as recently as June 2004 (well after the filing of this lawsuit), OEI has advertised and sold watch batteries. [Burke Decl. at 2; see also Riggs Decl.].

---

[2] Hollander Dep. at 233-40.

5.  The Photos Incorporated in OSA's Brief

OEI wrongfully states: *The deliberately distorted photos of OSA's Brief do not create a triable issue of fact.*

These photographs show the goods exactly as they appear on the Parties' websites.[3]

6.  The Evidence Regarding Foreign Proceedings

OEI wrongfully states: *The undisputed evidence is that OEI continues to prevail in foreign proceedings against OSA registrations covering, for example, jewelry.*

In the cited cases the foreign tribunal expressly found: (1) OSA to have a "reputation for watches and timing apparatus for sport," and; (2) that OEI "cannot claim to have any significant reputation, and cannot enjoy any enhanced level of protection." [Riggs Decl. Ex. X at 10].

Moreover, in each of these cases, the tribunal specifically found that OSA is entitled to registration of the Omega marks in connection with "jewellery [*sic*], precious stones; timepieces and chronometric instruments. [Riggs Decl. Ex. X at 10; Ex. Y at 10; Ex. Z at 10]. OEI seems to be relying on the foreign tribunal's strictly conditional finding in favor of OEI with regard to "precious metals and their alloys and goods made of these materials or coated therewith not included in other classes." *Id.* OEI's success in connection with these goods, however, is expressly conditioned on its success in defending the pending Opposition filed by OSA relating to OEI's filing of Community Trade Mark Application No. 2180834. [*Id.*] Unless and/or until OEI successfully defends its Application No. 2180834, OEI's cited decisions serve only to re-establish OSA's well-established rights in jewelry, and horological and chronometric instruments. [*Id.*]

---

[3] It should also be noted that these goods only represent a sample of such similar goods. *See e.g.* Ex. A.

3

                                Respectfully submitted
                                for Plaintiff and Counterclaim Defendant,

By: _____
     Jess M. Collen (CT20918)
     Matthew C. Wagner (CT25926)
     COLLEN *IP*
     THE HOLYOKE-MANHATAN BUILDING
     80 South Highland Avenue
     Ossining, New York 10562
     (914) 941-5668
     (914) 941-6091 (facsimile)
     jcollen@collenlaw.com (email)

Dated: December 3, 2004