**C**OLLEN *IP*
INTELLECTUAL PROPERTY LAW

Telephone (914) 941-5668
Facsimile (914) 941-6091
www.collenlaw.com

FILED

2005 MAY 16  A 11: 50

U.S. DISTRICT COURT
BRIDGEPORT, CONN

May 12, 2005

**VIA FEDERAL EXPRESS**
Honorable Stefan R. Underhill
United States District Judge
United States District Court
Brian McMahon Federal Building
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

> *Omega S.A. v. Omega Engineering, Inc., et al.*
> Civil Action No. 3:01 CV 2104 (MRK)
> Our Ref.: T-76445

Dear Judge:

We represent the Plaintiff in the above-referenced matter. We take this opportunity to briefly respond to Defendants' post hearing letter-brief dated May 5, 2005.

Initially, we cannot agree with the position that the word marks OMEGA and OMEGA are not identical.

Defendants' reliance on the quoted language of the *Savin* case is misplaced. As stated later in the opinion, "we emphasize, however, that it is the identity of the marks themselves that is germane in the dilution context, and the modifying of the mark—by adding one or more generic descriptors to the mark in a website address, for example—will not necessarily defeat a showing that the marks themselves are identical in specific contexts." *Savin Corp. v. The Savin Group*, 391 F.3d 439, 454, (2d Cir. 2004). Thus, even if the term "Engineering" appears on all of Defendants' goods, which it does not (see, for one example, Exhibit A to the Dec. of Brad Cole, October 21, 2004) that single generic term would not remove the identical nature of the OMEGA marks which have identical spelling, annunciation, and meaning.

However, for present purposes, the most meaningful aspect of *Savin* is its procedural posture—the Second Circuit reversed the District Court's dismissal of a dilution claim at summary judgment on the same grounds that Defendants urge here, which flows in no small part from the following observation, "the issue of whether the marks are identical will be context-

and/or media –specific and <u>factually</u> intensive in nature." *Id.* at 453 (emphasis added). There is at the very least a material issue of fact whether the OMEGA marks are identical in some or all contexts sufficient to take this claim to a jury.

Finally, with regard to the numerous third party users of the OMEGA mark alone, only Defendants use, and apparently seek to expand their use of the mark on timing products, which is the very core of Plaintiff's business. Defendants' claim that Plaintiff "does not own time" only belabors one of Plaintiff's points, that Defendants' use of the OMEGA mark on everything from soup to nuts (only for use in "science and industry" of course) especially on timing products threatens Plaintiff's most valuable asset, its famous, distinctive, and century-old trademark.

Respectfully Submitted,

COLLEN/IP

Matthew C. Wagner

cc:    Thomas Smart, Esq., Kaye Scholer LLP