# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| OMEGA, S.A.,<br><br>                Plaintiff,<br><br>           v.<br><br>OMEGA ENGINEERING, INC.,<br>OMEGA SCIENTIFIC, INC., and<br>OMEGA PRESS, INC.,<br><br>                Defendants.<br><br>OMEGA ENGINEERING, INC.,<br><br>                Counterclaim-Plaintiff,<br><br>           v.<br><br>OMEGA, S.A. and<br>THE SWATCH GROUP LTD.,<br><br>                Counterclaim-Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.:<br>)  3:01 CV 2104 (SRU)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OMEGA ENGINEERING, INC.'S MOTION AND INCORPORATED MEMORANDUM OF LAW TO VOLUNTARILY DISMISS CERTAIN COUNTERCLAIMS AND TO STRIKE JURY DEMAND

Counterclaim-Plaintiff Omega Engineering, Inc. ("OEI") hereby moves (1) pursuant to Rule 41(a)(2), Fed. R. Civ. P., for an order permitting OEI's voluntary dismissal with prejudice of certain of its counterclaims against Counterclaim-Defendants Omega, S.A. ("OSA"); and (2) to strike the demand for a jury trial, pursuant to Rule 39(a)(2), Fed. R. Civ. P., on the ground that the only claims remaining for trial are equitable ones for which there is no right to a jury trial. A motion for such relief is necessary because OEI has attempted to obtain OSA's consent to the

relief requested in this motion, but to this date, OSA has not advised OEI whether OEI so consents.

In further support of this motion, OEI states as follows:

1.    Voluntary Dismissal of Certain Counterclaims.

OEI seeks to dismiss four of its six remaining counterclaims: (1) Counterclaim Three, for trademark infringement under 15 U.S.C. § 1114; (2) Counterclaim Four, for unfair competition and false designation of origin under 15 U.S.C. § 1125(a); (3) Counterclaim Six, for federal trademark dilution under 15 U.S.C. § 1125(c); and (4) Counterclaim Seven, for violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stats. §§ 42-110a, *et. seq.*

This voluntary dismissal is made pursuant to motion under Rule 41(a)(2) because on October 21, 2005, OEI notified OSA of OEI's intent to dismiss the foregoing counterclaims and requested OSA's consent, and again on November 2, 2005 requested OSA's consent, but, to this date, has received no indication whether OSA so consents.  Regardless of whether OSA consents, however, courts in this Circuit have held that a motion to voluntarily dismiss a claim under Rule 41(a)(2) should be granted when the party asserting the claim requests that the dismissal be with prejudice, as OEI respectfully requests here.  *See SEC v. Lorin,* 869 F.Supp 1117, 1119 (S.D.N.Y. 1994); *SEC v. American Bd. of Trade, Inc.*, 750 F.Supp. 100, 105 (S.D.N.Y. 1990); *Slotkin v. Brookdale Hosp. Ctr.*, 377 F.Supp. 275, 277 (S.D.N.Y. 1974).

2.    Waiver of Damages and Motion to Strike Jury Demand.

In addition, OEI moves pursuant to Rule 39(a)(2), Fed. R. Civ. P., to strike the demand for a jury trial on the grounds that the only claims that remain in this action are equitable in nature.  OEI's remaining counterclaims are for (1) cancellation of United States Trademark Registrations Nos. 708,731 and 1,290,661 for abandonment and fraud pursuant to 15 U.S.C. §§

1064 and 1119; and (2) breach of contract arising from OSA's maintenance of the foregoing registrations.

OEI hereby waives all claims for damages and profits as to these remaining claims. Where a party has withdrawn its claim for damages, as OEI has done here, leaving only a request for equitable relief, courts have held that there is no right to a jury trial. *See Francis v. Dietrick*, 682 F.2d 485, 486-87 (4th Cir. 1982) (plaintiff permitted to delete request for damages and thereby have case tried to court rather than to a jury); *G.A. Modefine S.A. v. Burlington Coat Factory Warehouse Corp.*, 888 F.Supp. 44, 45 (S.D.N.Y. 1995) (withdrawal of actual damage claim leaving only equitable claims for relief that are to be tried to court, not jury). Because the only relief OEI seeks on its remaining claims are injunctive relief, costs and attorneys' fees, none of which give rise to a jury demand, OEI's motion to strike the demand for a jury trial should be granted. *See Basch v. Blue Coral*, 968 F.2d 1532, 1543 (2d Cir 1992) ("The decision whether or not to award [attorneys] fees [under the Lanham Act] . . . rests within broad discretion of the district judge"); *Private Eyes Sunglass Corp. v. Private Eye Vision Center of New Milford*, 1992 U.S. Dist. LEXIS 21664 (D. Conn. August 13, 1992) (claims for injunctive relief and attorneys' fees for trademark infringement and for cancellation of trademark were properly tried to the Court, not a jury); *Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 123 F. Supp. 2d 203, 209, 211 (S.D.N.Y. 2000) ("[A] claim for attorneys' fees and costs under the Lanham Act does not entitle a party to a trial by jury" and "[a] claim for cancellation of a trademark registration pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, is equitable in nature and does not give rise to a jury trial right").

On October 21, 2005, OEI advised OSA that it intended to withdraw its claims for damages and profits and requested that OSA consent to withdrawal of the jury demand, and on

November 2, 2005 again asked OSA to so consent to withdrawal of the jury demand, but to this date OSA has not advised OEI whether it so contents.

## CONCLUSION

For all of the foregoing reasons, the Court should grant OEI's motion to dismiss certain counterclaims and OEI's motion to strike the jury demand, and such further relief that the Court deems appropriate.

Dated: November 7, 2005                              Respectfully submitted,
New York, NY

                                                     Thomas A. Smart  (CT 21462)
Of counsel:                                          Paul C. Llewellyn   (CT 25417)
                                                     KAYE SCHOLER LLP
Victoria Haje                                        425 Park Avenue
                                                     New York, NY 10022
                                                     (212) 836-8000

                                                     Thomas E. Minogue (CT 06845)
                                                     MINOGUE BIRNBAUM LLP
                                                     237 Elm Street
                                                     New Canaan, CT  06840
                                                     (203) 966-6916

                                                     *Attorneys for Defendants and for*
                                                     *Counterclaim-Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2005, I caused the foregoing MOTION

AND INCORPORATED MEMORANDUM OF LAW TO VOLUNTARILY DISMISS

CERTAIN COUNTERCLAIMS AND TO STRIKE JURY DEMAND to be served, in hard copy

and in CD format, by Federal Express overnight delivery and by facsimile upon the following

counsel for Plaintiff-Counterclaim-Defendant Omega, S.A.:

Jess M. Collen, Esq.
Matthew Wagner, Esq.
COLLEN IP
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, NY 10562

_____
Paul C. Llewellyn