# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| OMEGA, S.A., | ) |
|             Plaintiff, | ) |
|             v. | ) |
| OMEGA ENGINEERING, INC., OMEGA SCIENTIFIC, INC., and OMEGA PRESS, INC., | ) |
|             Defendants. | ) Civil Action No.: 3:01 CV 2104 (SRU) |
| OMEGA ENGINEERING, INC., | ) |
|             Counterclaim-Plaintiff, | ) |
|             v. | ) |
| OMEGA, S.A. and THE SWATCH GROUP LTD., | ) |
|             Counterclaim-Defendants. | ) |

## DEFENDANT COUNTERCLAIM PLAINTIFF OMEGA ENGINEERING'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF ITS OBJECTIONS TO PLAINTIFF COUNTERCLAIM DEFENDANT'S TRIAL EXHIBITS

Pursuant to this Court's Order dated September 27, 2005, defendant counterclaim plaintiff Omega Engineering, Inc. ("OEI") hereby submits its Memorandum of Authorities in Support of its Objections to Plaintiff Counterclaim Defendant Omega S.A.'s ("OSA") Trial Exhibits.

**Objections Based on Hearsay**

OEI objects to exhibits PX 1, PX 2, PX 6, PX 7, PX 9, PX 10, PX 12, PX 18, PX 19, PX 21 - PX 30, PX 32 - PX 49, PX 51 - PX 56, PX 58 - PX 64, PX 69, PX 71, PX 72, PX 82,

31176877.WPD

PX 118 and PX 119 pursuant to Fed. R. Evid. 802 as constituting or containing inadmissable hearsay. Hearsay is defined as "statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Furthermore, pursuant to Fed. R. Evid. 802, "[h]earsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Because the information contained in these documents are statements made other than at trial and they are offered to prove the truth of the matters contained in those statements, they are inadmissable hearsay.

**Objections Based on Lack of Authentication**

OEI objects to exhibits PX 6, PX 11, PX 21, PX 23, PX 24, PX 32 - PX 42, PX 44, PX 49, PX 51, PX 69, PX 73 - PX 82, PX 84 - PX 87, PX 91 - PX 107, PX 118 and PX 119 pursuant to Fed. R. Evid. 901(a) due to their lack of proper authentication. Fed. R. Evid. 901(a) states that "[t]he requirement of authentication or identification [is] a condition precedent to admissibility . . . ." Because these documents were not properly authenticated they are inadmissible.

**Objections Based on Failure to Provide a Complete Exhibit**

OEI objects to exhibits PX 31, PX 34 - PX 37, PX 39, PX 108, PX 110 - PX 112, PX 115 and PX 117 because the document is missing pages or references attachments that are not included in the exhibit and without which the exhibit cannot be fully understood. Pursuant to Fed. R. Evid. 106, "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with

it." Because admission of these incomplete documents will certainly prejudice OEI by impairing its ability to fully understand the document, these exhibits should not be admitted into evidence.

**Objections Based on Failure to List the Exhibit on OSA's Initial Exhibit List**

OEI objects to exhibits PX 118 and PX 119 because OSA failed to list these exhibits on its initial exhibit list provided to OEI on November 4, 2005. Pursuant to the September 27, 2005 Order, "[e]ach party shall identify all exhibits that it may present at trial, by providing a brief description of each exhibit, and by separately listing the exhibits that the party: (a) expects to offer at trial; and (b) may offer at trial if the need arises." In addition, pursuant to Fed. R. Civ. P. 26(a)(3), each party was required to serve a list of its trial exhibits at least 30 days before trial. Because OSA failed to do so, it should be precluded from offering these exhibits into evidence at trial.

**Objections Based on Failure to Provide OEI With Exhibits**

OEI objects to exhibits PX 6, PX 21, PX 23, PX 28, PX 51, PX 61, PX 70, PX 71, PX 73 - PX 76, PX 79 - PX 81, PX 115 and PX 118 because OSA failed to provide OEI with these documents as required by this Court. Pursuant to the September 27, 2005 Order, "[c]opies of all exhibits shall be exchanged no later than fourteen (14) calendar days prior to trial." OSA failed to ever provide OEI with copies of PX 6, PX 21, PX 23, PX 28, PX 51, PX 61, PX 73 - PX 76, PX 79 - PX 81and PX 115 and OSA failed to provide copies of PX 70, PX 71 and PX 118 fourteen days before trial. Therefore, OSA should be precluded from offering these exhibits into evidence at trial.

**Objections Based on Failure to Provide Translation**

OEI objects to exhibit PX 7 on the ground that the exhibit is entirely in a foreign language and OSA has failed to provide a translation.

**Objections Based on Failure to Provide a Legible Copy**

OEI objects to exhibits PX 42 and PX 45 on the ground that certain pages of the exhibits in the copies provided to OEI are not legible.

**Objections Based on the Inclusion of Pages in the Exhibit that Bear No Relation to the Description of the Exhibit**

OEI objects to exhibits PX 46 and PX 49 on the ground that certain pages of the exhibits bear no relation to the descriptions of the exhibits.

**Objections Based on Failure to Accurately Describe the Contents of the Exhibit in its Exhibit List**

OEI objects to exhibits PX 63, PX 82 and PX 109 because the descriptions of the exhibits do not accurately reflect the contents of the exhibits.

November 28, 2005　　　　　　　　　　　　Respectfully submitted,
New York, New York

　　　　　　　　　　　　　　　　　　　　　　/s/ Paul C. Llewellyn

Of counsel:　　　　　　　　　　　　　　　　Thomas A. Smart (CT 21462)
Victoria Haje　　　　　　　　　　　　　　　Paul C. Llewellyn (CT 25417)

　　　　　　　　　　　　　　　　　　　　　KAYE SCHOLER LLP
　　　　　　　　　　　　　　　　　　　　　425 Park Avenue
　　　　　　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　　　　　　(212) 836-8000


　　　　　　　　　　　　　　　　　　　　　Thomas E. Minogue (CT 06845)
　　　　　　　　　　　　　　　　　　　　　MINOGUE BIRNBAUM LLP
　　　　　　　　　　　　　　　　　　　　　237 Elm Street
　　　　　　　　　　　　　　　　　　　　　New Canaan, CT  06840

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Counterclaim*
　　　　　　　　　　　　　　　　　　　　　*Plaintiff Omega Engineering, Inc.*