IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2005 NOV 29  A 9: 55
U.S. DISTRICT COURT
BRIDGEPORT, CT

| | |
|---|---|
| OMEGA, S.A., <br><br> Plaintiff, <br><br> v. <br><br> OMEGA ENGINEERING, INC., <br> OMEGA SCIENTIFIC, INC., and <br> OMEGA PRESS, INC., <br><br> Defendants. <br><br> OMEGA ENGINEERING, INC., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> OMEGA, S.A. and <br> THE SWATCH GROUP LTD., <br><br> Counterclaim-Defendants. | Civil Action No.: <br> 3:01 CV 2104 (SRU) |

**DEFENDANT COUNTERCLAIM PLAINTIFF OMEGA ENGINEERING'S
SUPPLEMENTAL OBJECTIONS AND INCORPORATED MEMORANDUM
OF LAW WITH RESPECT TO BELATEDLY PRODUCED EXHIBIT**

Defendant counterclaim plaintiff Omega Engineering, Inc. ("OEI") hereby submits these supplemental objections to plaintiff counterclaim defendant Omega, S.A.'s ("OSA") proposed demonstrative exhibit, PX 70.[1]

---

[1]  OSA first provided counsel for OEI with a copy of PX 70, a Microsoft PowerPoint presentation, at 6 p.m. on the eve of Thanksgiving, Wednesday, November 23, 2005. Because this Court's September 27, 2005 Pretrial Order directed the parties to exchange exhibits no later than 14 days before trial – that is, by Monday, November 21 – OSA's production of PX 70 on November 23 was late, and for that reason should be excluded. Moreover, because PX 70 was prepared with a version of the Microsoft PowerPoint

(continued...)

31184087.WPD

OEI objects to PX 70 – a PowerPoint presentation created by counsel for OSA – on the grounds that the exhibit is inaccurate and misleading in numerous respects, and contains purported assertions of fact that are not supported by admissible testimony or other admissible evidence. To take but a few examples:

First, PX 70 purports to describe in detail historical disputes between the parties and in doing so, relies extensively on assertions of fact that are not in the record and that are not the subject of admissible testimony. For example, PX 70 refers to OEI Canadian trademark applications 405,292 and 405,293, despite that there is no evidence of these applications in the joint pre-trial memorandum and no person on either party's witness list who can testify about these disputes based on personal knowledge. Similarly, PX 70 asserts that OEI started using the OMEGA mark on period timers in 1984 and that "period timer" was a "newly coined term," but there is no admissible evidence in the record or the joint pre-trial memorandum to support these statements.

Second, PX 70 purports to describe historical facts regarding Omega S.A. and its products, such as the use of Omega S.A.'s wristwatches by astronauts, and the assertion that Omega S.A. is widely recognized throughout the world as a supplier of passenger information boards, which are not supported by admissible testimony or other evidence, only by inadmissible hearsay, if at all.

---

[1] (...continued)
software that is not installed on OEI's counsel's computer system, counsel for OEI was unable to view PX 70 until late in the day on November 28, after OEI's objections to OSA's trial exhibits was submitted for filing pursuant to the Pretrial Order. For the foregoing reasons, OEI respectfully submits these supplemental objections to PX 70, which are asserted in addition to the lateness objection asserted with respect to PX 70 in OEI's initial objections.

Third, PX 70 is facially inaccurate in certain respects. PX 70 incorrectly states that OSA's United States trademark registration No. 1,290,661 was issued on July 24, 1894, when, in fact, the registration was issued on *August 21, 1984*.

For all of the foregoing reasons, PX 70 is inadmissible, and, in addition, admission of PX 70 would prejudice OEI. Accordingly, PX 70 should not be admitted into evidence.

November 28, 2005  
New York, New York

Of counsel:  
Victoria Haje

Respectfully submitted,

*[signature]*

Thomas A. Smart (CT 21462)  
Paul C. Llewellyn (CT 25417)

KAYE SCHOLER LLP  
425 Park Avenue  
New York, New York 10022  
(212) 836-8000

Thomas E. Minogue (CT 06845)  
MINOGUE BIRNBAUM LLP  
237 Elm Street  
New Canaan, CT  06840

*Attorneys for Defendant Counterclaim Plaintiff Omega Engineering, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of November, 2005, I caused a true and correct copy of the foregoing DEFENDANT COUNTERCLAIM PLAINTIFF OMEGA ENGINEERING'S SUPPLEMENTAL OBJECTION AND INCORPORATED MEMORANDUM OF LAW WITH RESPECT TO BELATEDLY PRODUCED EXHIBIT to be served by overnight courier upon Jess Collen, Esq. and Matthew C. Wagner, Esq., COLLEN IP, The Holyoke-Manhattan Building, 80 South Highland Avenue, Ossining, NY 10562, counsel for Omega, S.A.

_____
Paul C. Llewellyn