<u>**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**</u>

| | |
|---|---|
| OMEGA S.A., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>OMEGA ENGINEERING, INC., )<br>OMEGA SCIENTIFIC, INC., and )<br>OMEGA PRESS, INC., )<br>Defendants. )<br>)<br>OMEGA ENGINEERING, INC., )<br>)<br>Counterclaim-Plaintiff, )<br>)<br>v. )<br>)<br>OMEGA, S.A. and )<br>THE SWATCH GROUP LTD., )<br>)<br>Counterclaim-Defendants. )<br>) | Civil Action No.:<br>3:01 CV 2104 (SRU) |

<u>**PLAINTIFFS COUNTERCLAIM DEFENDANTS' OBJECTIONS TO
ADMISSABILITY OF DEFENDANTS' EXHIBITS, WITH SUPPORTING
AUTHORITY**</u>

Pursuant to the Pre-Trial Order of this Court dated September 27, 2005, Plaintiffs-Counterclaim Defendants Omega SA, hereby serve and file following objections to the admissibility of OEI exhibits and supporting memorandum of law. The Defendants' (OEI) exhibits to which Omega SA objects, and the bases for the objections, are set forth below.

### OEI Exhibits

**Defendant's Exhibit F** - Omega Engineering, Inc. v. Omega, S.A. 3:98 CV 2464 (AVC) ("Omega I") Settlement Agreement

**Defendant's Exhibit G** – Order in Omega I, dated August 11, 2004
**Defendant's Exhibit H** – Judgment in Omega I

### OSA Objections

OEI's Exhibits F, G, and H concern a case that is completely different from the case which is now pending before this Court. Exhibits F, G and H concern *Omega Engineering, Inc. v. Omega, S.A. 3:98 CV 2464 (AVC)("Omega I")* which had different claims. The settlement agreement in *Omega I* concerned the parties' use of certain trademarks which have nothing to do with the causes of action remaining in this litigation. Moreover, the order and judgment that enforced the settlement agreement is on appeal.

OSA objects to the introduction of the above exhibits pursuant to Federal Rule 403, which balances any relevancy, no matter how limited, against any unfair prejudice. By making this objection, however, OSA does not concede that these exhibits have any relevancy at all.

The only conceivable relevance of the settlement agreement would be limited to the relevance found by the Court in its Ruling on Cross-Motions for Summary Judgment dated September 30, 2005. In discussing the effect of the *Omega I* settlement agreement on the merits of this case, the Court found that only the settlement agreement precluded "OSA's claims of trademark infringement and false designation of origin insofar as they are based on conduct covered by the *Omega I* settlement agreement." (Court Ruling on Cross-Motions for Summary Judgment at Page 16.) As these claims are no longer

pending in this case, OEI Exhibits F, G, and H have can have relevance to the merits of this case remaining claims pending in this case.

Even if the exhibits were determined relevant, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. Rule Evid. 403. In applying Rule 403, "the trial judge has broad discretion to weigh the probative value of the evidence against the negative factors." *Li* v. *Canarozzi*, 142 F.3d 83, 88 (2d Cir. 1998).

To be excluded the basis of Rule 403, the imbalance must be substantial, and the prejudice must be unfair. The prejudice that Rule 403 is concerned with involves some adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence." *United States* v. *Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995) (*internal quotation marks omitted*); *Dollar* v. *Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) ("'Unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. . . . The prejudice must be 'unfair.'"), *cert. denied*, 435 U.S. 996, 56 L. Ed. 2d 85, 98 S. Ct. 1648 (1978). Although any evidence that tends to establish liability is prejudicial to the interests of the defendant, the prejudice is unfair only if the evidence has "an undue tendency to suggest a decision on an improper basis." Fed. R. Evid. 403, Advisory Committee Notes (1972).

If admitted, OEI's Exhibits F, G, and H (the Omega I settlement agreement, order and judgment) would be more than simply evidence adverse to OSA. The evidence would be confusing, misleading and prejudicial because the factual dispute surrounding

the settlement agreement revolved around defining the term "period timers" and the parties' respective interpretations what "period timers" meant.

The 1994 Agreement, which is properly before the fact-finder in this case, will require the interpretation of words and phrases, and will also require resolving any ambiguities by ascertaining the intent of the parties to the 1994 Agreement. The fact-finder's job of contractual interpretation can easily be confused by reference to the interpretation of Exhibit F (the settlement agreement). To require the fact-finder to separate and resolve disputes concerning different terms from two different contracts will not only be confusing to the fact finder, it will be unnecessary.

Moreover, and perhaps more importantly, a determination or conclusion that OSA is already somehow "in the wrong" because the Court has ordered enforcement of the settlement agreement, even though appealed by OSA, will also be also extremely prejudicial to how the fact-finder views the merits of OSA's position in this case, and will unfairly prejudice its interpretation of the 1994 Agreement.

**OEI Exhibit**

**Defendant's Exhibit J – April 5, 2004 letter from Collen IP to Thomas Stuart re: list of topics that Mr. Emmons and Mr. Kayal will cover at their depositions.**

**OSA Objection**

OEI seeks to introduce a cover letter from Collen IP, the substance of which outlined the topics and scope of the deposition testimony that was to be covered at the depositions of Robert Emmons and Hamid Kayal. Both of these individuals have been disclosed by OSA as witnesses who will testify at trial. OEI can and should instead

4

simply ask the witnesses as to what their topics of testimony were at trial, or introduce the notices of deposition that pertained to these depositions.

Even proof that is relevant may permissibly be curtailed to avoid the "needless presentation of cumulative evidence." *Fed. R. Evid. 403*. Moreover, because the letter may be used by OEI to assert what the topics were, and the deposition witness is available to testify as to what the topics were, the letter is hearsay pursuant to Fed. R. Evid. 801. As such, the Collen IP letter should be excluded from being introduced into evidence.

## OEI Exhibit

### Defendant's Exhibit X – Trademark Manual of Examination Procedures, 4th ed.

### OSA Objection

There are no expert witnesses disclosed to testify in this case. Nonetheless, OEI lists the entire Trademark Manual of Examination Procedure, 4th ed., as an exhibit in evidence. If a witness is "not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based upon the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and *(c) not based upon scientific, technical, or other specialized knowledge within the scope of Rule 702.* Fed. Rule 701 (emphasis added).

Exhibit X is the legal "rule book" governing trademark procedure. The document clearly concerns the law, which would clearly be the subject of expert testimony. None of the witnesses have been qualified as experts in the law, and as such, none of them are

competent to testify as to Exhibit X. Moreover, any opinion on what the proper legal standard or conclusion might in applying the Trademark Manual of Examining Procedure may very be inadmissible itself, because such that type conclusion is properly made by the Court and not by an expert. Expert opinion as to the legal standard to apply is inadmissible, as it usurps the role of the judge and is outside the expert's area of expertise. *See Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977); *see also Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 370 (4th Cir. 1986) (expert may testify as to factual matters but may not state the meaning of a law or conclusions of law).

### OEI Exhibit

**Defendant's Exhibit EE – Deposition of Christiane Sauser Rupp, dated June 27, 2001, in Omega S.A. v. Omega Engineering, Inc. Civil Action no. 3:00 CV 1848 JBA ("*Omega II*")**

### OSA Objection

OSA objects to the use of this deposition to the extent that any portions of the deposition transcript are not admissible under the "rules of evidence applied as though the witness were then present and testifying." Fed. R. Civ. Pro. 32. As OEI has introduced the entire transcript as an exhibit, OSA anticipates that portions of this deposition transcript will be inadmissible under the Federal Rules of Evidence. Considering that Christiane Rupp will testify at trial, it is anticipated that much of her deposition testimony would consist of inadmissible hearsay. Fed. Rule Evid. 803

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs-Counterclaim Defendants respectfully request that their above objections be sustained, and that OEI be prevented from introducing these documents into evidence.

Respectfully Submitted for Plaintiff-Counterclaim Defendant OMEGA, S.A. and The Swatch Group Ltd.

By: _____
COLLEN IP
Philip J. Miolene (CT01377)
Jess M. Collen (CT20918)
Matthew C. Wagner (CT25926)
The Holyoke Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
914-941-5668
914-941-6091
(lead counsel)

Paul A. Fattibene
Fattibene and Fattibene
2480 Post Rd.
Southport, CT 06890
203-255-4400
Fax: 203-259-0033
(local counsel)