# EXHIBIT D

Index No. 06-5083-CV

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

OMEGA, S.A.,

Plaintiff-Appellant,

v.

OMEGA ENGINEERING, INC., OMEGA
SCIENTIFIC, INC. and OMEGA PRESS, INC.,

Defendants-Appellees.

Appeal From the United States District Court
for the District of Connecticut
No. 01-CV-2104 (D. Conn.)
Honorable Stefan R. Underhill

**APPELLEES' OPPOSITION TO MOTION TO STAY THE APPEAL AND
BRIEFING SCHEDULE PENDING PROCEEDINGS BEFORE THE DISTRICT COURT**

Dated: February 14, 2007

Of counsel:
Paul C. Llewellyn
Michelle Tepper

KAYE SCHOLER LLP
Thomas A. Smart
425 Park Avenue
New York, NY 10022
(212) 836-8000

*Attorneys for Defendants-Appellees*

RECVD 2/15/07
DKT 1
DKT 2

31417947.DOC

settlement agreement that the parties had reached. The settlement agreement provided:

> OSA will not make claims or assertions in *Omega III* [that is, *this case* in which the instant appeal is pending] relating to the application to register, registration or use by OEI of the Omega mark or Omega design on period timers or industrial and scientific clocks. . . .

Additionally, both parties agreed to "release and forever discharge each other" from:

> any and all claims, actions and causes of action in the U.S.A. relating to the application to register, registration or use of period timers for science and industry or industrial and scientific clocks under the Omega mark or Omega design, in the *Omega I* Litigation, *Omega III* Litigation [that is, *this case*] or the Cancellation Proceedings. . . .

September 30, 2005 Ruling on Cross-Motions for Summary Judgment (Notice of Appeal, Ex. C) at 15. That language barring OSA's claims in the instant case is clear and equivocal, and does not turn on any purported "conditions." Indeed, OSA never argued in the District Court that the applicability of the foregoing settlement provisions turned on any "conditions," either in summary judgment briefing or on reconsideration. Nor does OSA point to anything in this Court's *Omega I* affirmance that would alter the holding below.

Accordingly, OSA's assertion that the ruling below with respect to the parties' 1994 Agreement is "inconsistent" with the *Omega I* agreement is without merit. Both agreements, as applied to this case, bar OSA's claims with respect to period timers and industrial clocks. *See* September 30, 2005 Ruling on Cross-Motions for Summary Judgment (Notice of Appeal, Ex. C) at 14-15. As the District Court correctly held, the 1994 Agreement also applies more broadly to other "timing apparatus industrially and/or scientifically employed." *Id.* at 14.

And the fact that the District Court might have provided alternative grounds for its holding hardly justifies a Rule 60(b) amendment of judgment.[3]

In the end, what OSA seeks to do is use the device of Rule 60(b) to litigate an issue that, having failed to raise below, it is left to argue on appeal – a fact confirmed by OSA's own assertion that the summary judgment ruling "contradicts" (Motion at 2) the *Omega I* settlement that Judge Underhill already understood to apply. It is settled law, however, that Rule 60(b) cannot be used as a substitute for a timely appeal. *See, e.g., Nemaizer*, 793 F.2d at 61.

### III. THERE IS NO BASIS FOR A STAY OR EXTENSION OF THE BRIEFING SCHEDULE, AND OSA'S APPEAL SHOULD BE DISMISSED AND COSTS AND FEES ASSESSED.

OSA utterly fails to show that it is entitled to a stay of the appeal or the briefing schedule. As set forth above, it did not file a timely Rule 60(b) motion. To this day it has not filed a Rule 60(b) motion, even as it comes to this Court proposing to do so at some unspecified future date. And, it has utterly failed to demonstrate to the Court that it has even a colorable basis for a Rule 60(b) motion, much less the "exceptional circumstances" required in this Circuit for the "extraordinary judicial relief" of amendment of a judgment pursuant to Rule 60(b). Nor has OSA provided any reason for its inexplicable delay until the last possible moment to seek a stay of these proceedings – a tactic that, as noted above, it has previously attempted in order to delay and compound proceedings, including in the *Omega I* case in which this Court rejected its last-minute motion for recusal of the magistrate judge. The only explanation for this conduct can be that this motion was interposed for the very purposes of avoiding filing its appeal brief,

---

[3] Indeed, to the extent that OSA seeks to limit the prospective application of the holding with respect to the 1994 Agreement, it appears to seek an advisory opinion as to the applicability of the 1994 Agreement to some speculative future dispute. That, of course, is wholly inappropriate for a Rule 60(b) motion.