**EXHIBIT 1**

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OMEGA ENGINEERING, INC., | : | |
|   Plaintiff, | : | |
| | : | |
| v. | : | 3:98CV2464(AVC) |
| | : | |
| OMEGA, SA, | : | |
|   Defendant. | : | |

**RULING ON DEFENDANT'S
MOTION TO STAY PENDING APPEAL**

This is an action for damages and injunctive relief, in which the plaintiff, Omega Engineering, Inc.("OEI"), alleges that the defendant, Omega S.A.("OSA"), failed to abide by the terms of a contractual agreement that settled various disputes regarding OEI's and OSA's trademarks. It is brought pursuant to common law tenets concerning breach of contract.

OSA has filed the within motion (document no.164) to "stay the force and effect of the [s]ettlement [a]greement" pending OSA's appeal to the Second Circuit Court of Appeals. Specifically, OSA argues that the court should stay the enforcement of the settlement agreement "because [OSA's appeal] has more than a colorable likelihood of success on the merits and not granting the stay could potentially cause severe irreparable harm"(capitals removed). OEI responds that the court should deny the stay because "OSA's motion does not come close to satisfying the requirements for a stay pending appeal" and "OSA has unduly delayed seeking a stay."

For the reasons set forth below, the motion (document no.164) is DENIED.

**FACTS**

The following procedural facts are relevant to the within motion:

On December 17, 1998, OEI filed the complaint in this action ("Omega I") against OSA alleging, inter alia, that OSA had breached a 1994 agreement relating to the parties' rights to the trademark OMEGA. On November 9, 2001, OSA filed a separate action ("Omega III") against OEI that is currently pending before another district court judge in the District of Connecticut, Civil No. 3:01CV2104(SRU)(Underhill, J.).

On May 8, 2003, the court ordered the parties to attend a settlement conference regarding Omega I. The court scheduled the settlement conference on May 19, 2003, the day before trial was to commence. On May 19, 2003, the parties attended the settlement conference before the Honorable Thomas P. Smith, United States Magistrate Judge. At that conference, the parties reported to Judge Smith that they had settled Omega I. The parties then stated in open court that they had settled the action. Based on the parties' representations, the court cancelled the scheduled trial.

The May 19, 2003 settlement agreement provided in relevant part:

> (1). . . . OSA will cooperate . . . to obtain dismissal
> with prejudice of the two [PTO][1] cancellation proceedings
> by OSA against OEI that are pending but stayed . . . .

---

[1] United States Patent and Trademark Office ("PTO").

> (4) OSA will file a third amended complaint in Omega III
> in which it drops the allegations . . . relating to
> [the] cancellation action[s] . . . against OEI . . . .
> OSA will not make claims or assertions in Omega III
> relating to application to register, registration or use
> by OEI of the Omega mark . . . .

On June 5, 2003, OEI filed a motion to enforce this settlement agreement. On July 15, 2003, the court transferred the motion to enforce the settlement to Judge Smith. On February 18, 2004, Judge Smith held an evidentiary hearing. On March 24, 2004, Judge Smith issued a recommended ruling recommending that the court enforce the settlement agreement. See document no.148. On April 19, 2004, OSA filed an objection to the recommended ruling. See document no.151.

On August 11, 2004, the court "approve[d], adopt[ed] and ratif[ied] Magistrate Judge Smith's recommended ruling on the plaintiff's motion to enforce the settlement agreement." See document no.160. On August 12, 2004, the clerk of the court entered judgment in Omega I. Specifically, the judgment "ordered, adjudged and decreed that judgment be and is hereby entered in accordance with the settlement agreement." See document no.161.

On September 13, 2004, OSA filed a notice of appeal. On October 6, 2004, nearly two months after the court granted OEI's motion to enforce the settlement and three and a half weeks after OSA filed the notice of appeal, OSA filed the within motion to stay the force and effect of the settlement agreement pending OSA's appeal to the Second Circuit Court of Appeals.

**DISCUSSION**

**I.   Stay Standard**

When a party files a notice of appeal, "jurisdiction over the matters being appealed normally transfers from the district court to the appeals court." <u>North Amer. Airlines, Inc. v. Int'l Brotherhood of Teamsters, AFL-CIO, et al.</u>, 2005 WL 926969, at *1 (S.D.N.Y. Apr. 19, 2005).  However, Fed. R. Civ. P. 62(c) provides a partial exception to the divestiture of the district court's jurisdiction.  Specifically, Rule 62(c) provides, in relevant part:

> When an appeal is taken from . . . [a] final judgment granting, dissolving, or denying an injunction, the court in its discretion may . . . grant an injunction during the pendency of the appeal upon such terms . . . as it considers proper for the security of the rights of the adverse party.

Fed. R. Civ. P. 62(c).  As Rule 62(c) provides, "[t]he issuance of a stay pending appeal lies within the discretion of the court." <u>Connecticut Hosp. Assoc., et al. v. O'Neill, et al.</u>, 863 F. Supp. 59, 61 (D. Conn. 1994). <u>Accord</u> <u>North Amer. Airlines, Inc. v. Int'l Brotherhood of Teamsters, AFL-CIO, et al.</u>, 2005 WL 926969, at *1 (S.D.N.Y. Apr. 19, 2005).

The Second Circuit Court of Appeals has set forth four factors that are "relevant" to a court's determination of whether to grant a stay pending appeal: "the likelihood of success [of the appeal] on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest." <u>Mohammed v. Reno</u>, 309 F.3d 95, 100 (2d Cir.

4

2002).[2]  The party seeking the stay has "the heavy burden of establishing that the aforementioned factors weigh in favor of the stay." Cayuga Indian Nation of N.Y. v. Village of Union Springs, 317 F. Supp. 2d 152, 155 (N.D.N.Y. 2004).  A movant's "failure to meet any of the . . . prerequisites will render relief unavailable." 30 Am. Jur. 2d Executions and Enforcement of Judgments § 38 (2004).

According to the United States Supreme Court, "[s]ince the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." Hilton v. Braunskill, 481 U.S. 770, 777 (1986).  The Second Circuit has held that courts must weigh the factors relatively: "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the party seeking the stay] will suffer absent the stay.  Simply stated, more of one excuses less of the other." Mohammed v. Reno, 309 F.3d 95, 100 (2d Cir. 2002)(quoting Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991)). Accordingly, a "higher quantum of irreparable injury is required" if the moving party makes a weak showing of the appeal's likelihood of success. Cayuga Indian Nation of N.Y. v. Village of Union

---

[2] This action "does not appear to implicate the public interest factor as it is essentially 'a purely private litigation.'" North Amer. Airlines, Inc. v. Int'l Brotherhood of Teamsters, AFL-CIO, et al., 2005 WL 926969, at *5 (S.D.N.Y. Apr. 19, 2005)(quoting Greenridge v. Allstate Ins. Co., 2003 WL 22871905, at *3 (S.D.N.Y. 2003)). Accordingly, the court will not address the public interest.

5

Springs, 317 F. Supp. 2d 152, 155 (N.D.N.Y. 2004).

**II.  Likelihood of Success**

OSA argues that the court "must recognize that OSA has at least a colorable chance of success on appeal, since the [s]ettlement [a]greement . . . was not signed by OSA and there are many cases in this circuit reversing district courts['] enforcement in such circumstance."  OEI responds that "OSA has no realistic possibility of success on appeal" and that "OSA's argument that there are valid grounds for appeal are premised on its continued misstatements of facts and law."

"Mere repetition of arguments previously considered and rejected cannot be characterized as a 'strong showing'[of the appeal's likelihood of success]." North Amer. Airlines, Inc. v. Int'l Brotherhood of Teamsters, AFL-CIO, et al., 2005 WL 926969, at *1 (S.D.N.Y. Apr. 19, 2005)(quoting Schwartz v. Dolan, 159 F.R.D. 380, 384 (N.D.N.Y. 1995), vacated in part, 86 F.3d 315, 318(agreeing with denial of stay pending appeal)). See also Spargo v. New York State Comm'n on Judicial Conduct, 2003 WL 2002762, at *3 (N.D.N.Y. Apr. 29, 2003)(noting "attempts to re-argue issues previously decided . . . . cannot support a finding of a strong likelihood of success on the merits").

In arguing that its appeal has a likelihood of success, OSA merely repeats arguments that the court previously considered and rejected.  Judge Smith's ruling, which the court adopted, provided a detailed analysis of why the cases that OSA cites are plainly

6

inapplicable to this action.  OSA's repetition of its earlier arguments amounts to no more than a meager showing of the appeal's likelihood of success. See Schwartz v. Dolan, 159 F.R.D. 380, 383-84 (N.D.N.Y. 1995)(denying stay where movant "advances no arguments that this court has not heard, and ruled upon" but merely offers "repetition of arguments previously considered and rejected").

The court recognizes that it "is inherently difficult for litigants to convince a judge who has not ruled in their favor that they are likely to succeed on appeal." Connecticut Hosp. Assoc. v. O'Neill, 863 F. Supp. 59, 62 (D. Conn. 1994).  Here, however, this difficulty is of little consequence because OSA's meager showing of likelihood of success is not the only reason for the court's decision to deny the stay.  As explained below, OSA has also failed to "meet its burden with respect to" showing "irreparable harm." Schwartz v. Dolan, 159 F.R.D. 380, 384 (N.D.N.Y. 1995)(noting "inherent awkwardness" in a court's evaluation of the likelihood of success, but denying stay nonetheless because the movant failed to show irreparable injury).

**III. Irreparable Injury**

OSA argues that three provisions of the settlement agreement will inflict irreparable harm on OSA if the court does not grant a stay pending appeal.[3]  Specifically, OSA argues that it will suffer

---

[3] OSA also argues that OEI will suffer irreparable injury absent a stay. However, OEI itself argues that it will *not* suffer irreparable injury absent a stay.  In light of OEI's objections to the issuance of a stay, the court will not consider OSA's arguments that OEI will suffer irreparable injury absent a stay.

7

irreparable harm in the absence of a stay because the settlement agreement requires OSA to (1) "obtain dismissal with prejudice" of its PTO "cancellation proceedings" against OEI, (2) file an "amended complaint in Omega III in which it drops the allegation . . . relating to [OSA's PTO] cancellation action[s] . . . against OEI", and (3) agree "not [to] make claims or assertions in Omega III relating to application to register, registration or use by OEI of the Omega mark."  OEI responds that OSA "faces no irreparable harm in the absence of a stay."

Because OSA has failed to make a strong showing of likelihood of success on the merits, OSA must demonstrate a "higher quantum of irreparable injury" to obtain a stay. Cayuga Indian Nation of N.Y. v. Village of Union Springs, 317 F. Supp. 2d 152, 155 (N.D.N.Y. 2004).  The type of "'irreparable injury' contemplated by Federal Rule of Civil Procedure 62(c) is that which will make the appeal moot." 30 Am. Jur. 2d Executions and Enforcement of Judgments § 38 (2004).

In considering whether an injury would be irreparable, the court may take into account whether the movant delayed filing the motion for a stay.  Specifically, a movant's delay in filing a motion to stay undermines the argument that the harm it faces would be irreparable. See e.g. Mohammed v. Reno, 309 F.3d 95, 102 n.11 (2d Cir. 2002)(noting "the gap of more than ten weeks . . . substantially weakens" the movant's argument of irreparable injury absent the stay); North Amer. Airlines, Inc. v. Int'l Brotherhood

of Teamsters, AFL-CIO, et al., 2005 WL 926969, at *4 (S.D.N.Y. Apr. 19, 2005)(noting that movant "did not file" the motion to stay "until ten days after the Court's decision was rendered, and eight days after the filing of the notice of appeal, thus undermining to some degree [the movant's] claims of irreparable harm").

The court concludes that OSA has failed to show the "higher quantum of irreparable injury" required in light of its meager showing of the appeal's likelihood of success. Cayuga Indian Nation of N.Y. v. Village of Union Springs, 317 F. Supp. 2d 152, 155 (N.D.N.Y. 2004).  First, the dismissal of OSA's PTO cancellation proceedings will not result in irreparable injury to OSA.  OSA even concedes in its memorandum that the court "could still direct the [PTO] to take corrective measures" should the Second Circuit reverse the court's order enforcing the settlement.  Specifically, pursuant to the Lanham Act, 15 U.S.C. § 1119, the court has the power to direct the PTO to "restore cancelled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119.  Accordingly, the dismissal of the cancellation proceedings does not constitute an irreparable harm.[4]

---

[4] OSA nevertheless argues it would suffer irreparable harm even if the court were to eventually order the reinstatement of the cancellation actions pursuant to the Lanham Act.  Specifically, OSA argues, "cancellation of its proceedings would cause harm of its own because cancellation would be of *public record* . . ."(emphasis added).  However, the court concludes that the existence of a public record documenting the dismissal of OSA's cancellation proceeding is not a sufficient harm irreparable injury" required in light of its meager showing of the appeal's likelihood of success. Cayuga Indian Nation of N.Y. v. Village of Union Springs, 317 F. Supp. 2d 152, 155 (N.D.N.Y. 2004).

Second, the court fails to see how enforcement of the settlement agreement "will have an unremedial effect on the Omega III litigation." If the Omega III court renders judgment against OSA based on the Omega I settlement agreement, and OSA subsequently wins reversal of the order enforcing the Omega I settlement, the Omega III court could set aside its judgment pursuant to Fed. R. Civ. P. 60(b)(5).[5] Accordingly, there is little threat of irreparable harm to the Omega III litigation.

Furthermore, OSA's delay in filing the motion for a stay undermines its contention that it faces irreparable harm. OSA waited to file a motion to stay until October 6, 2004, nearly two months after the court adopted Judge Smith's recommended ruling and three and a half weeks after OSA filed its notice of appeal. This delay is all the more striking because OSA had been on notice since March 24, 2004 that Judge Smith had strongly recommended that the court enforce the settlement. Such delay supports the court's conclusion that this action does not warrant a stay pending appeal.[6]

---

[5] Fed. R. Civ. P. 60(b) provides, in relevant part: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: . . . . (5) . . . a prior judgment upon which [the final judgment] is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Fed. R. Civ. P. 60(b)(5).

[6] Because OSA has failed to make a strong showing of likelihood of success on the merits absent a stay, the court need not consider the third factor. A movant's "failure to meet any of the . . . [four] prerequisites will render relief unavailable." 30 Am. Jur. 2d Executions and Enforcement of Judgments § 38 (2004).

**CONCLUSION**

OSA has failed to meet "the heavy burden of establishing that the . . . factors weigh in favor of the stay." <u>Cayuga Indian Nation of N.Y. v. Village of Union Springs</u>, 317 F. Supp. 2d 152, 155 (N.D.N.Y. 2004). Specifically, OSA has failed to make a sufficient showing of either the appeal's likelihood of success or irreparable harm absent a stay. The motion (document no. 164) is therefore DENIED.

It is so ordered this 18th day of May, 2005 at Hartford, Connecticut.

/s/AVC

Alfred V. Covello
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

OMEGA, S.A.,

           Plaintiff,

v.

OMEGA ENGINEERING, INC.
OMEGA SCIENTIFIC, INC., AND                        Civil Action No.:
OMEGA PRESS, INC.,                                               3:01 CV 2104 (SRU)

           Defendants.

## CERTIFICATE OF SERVICE

    I hereby certify that on this 20th day of April, 2007, I caused the foregoing DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B) OR IN THE ALTERNATIVE TO LIMIT THE PROSPECTIVE APPLICATION OF THE JUDGME, with attached Exhibit, to be served by facsimile and by first class mail upon the following counsel for defendant Omega, S.A.:

Jess M. Collen, Esq.
Matthew Wagner, Esq.
COLLEN IP
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, NY 10562

                                                                    _____
                                                                    Paul C. Llewellyn

31451767.DOC