# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

OMEGA S.A.,
      Plaintiff,

      v.

OMEGA ENGINEERING, INC., et al.,
      Defendants.

OMEGA ENGINEERING, INC.,
      Counterclaim Plaintiff,

      v.

OMEGA S.A. and
THE SWATCH GROUP LTD.,
      Counterclaim Defendants.

CIVIL ACTION NO.
3:01cv2104 (SRU)

## RULING ON MOTION TO AMEND OR LIMIT PROSPECTIVE APPLICATION OF JUDGMENT

The parties in this case, plaintiff Omega S.A. ("OSA") and defendant Omega

Engineering, Inc. ("OEI"), have been embroiled in a longstanding trademark dispute over the use

of the word mark "Omega" and the design mark "Ω."  I assume familiarity with the extensive

litigation history between the parties, and with the facts and circumstances surrounding the

instant motion.  That history includes, but is not limited to, the decision from which OSA now

seeks relief, *Omega S.A. v. Omega Engineering, Inc.*, 396 F. Supp. 2d 166 (D. Conn. 2005), the

May 19, 2003 settlement agreement that OSA and OEI entered into on the eve of trial in another

case ("2003 agreement"), Magistrate Judge Thomas J. Smith's recommended ruling in *Omega

Engineering, Inc. v. Omega, SA*, 2004 U.S. Dist. LEXIS 27908 (D. Conn. 2004), granting OEI's

motion to enforce the 2003 agreement,[1] Judge Alfred V. Covello's decision overruling OSA's objections to that recommended ruling in *Omega Engineering, Inc. v. Omega, SA*, 414 F. Supp. 2d 138 (D. Conn. 2004), and the Second Circuit Court of Appeals' decision in *Omega Engineering, Inc. v. Omega, S.A.*, 432 F.3d 437 (2d Cir. 2005), affirming Judge Covello's ruling.

OSA now moves to amend the September 30, 2005 decision in this case, *Omega S.A.*, 396 F. Supp. 2d 166, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b)(5) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." *Id.*

The summary judgment ruling in this case, which resolved the parties' cross-motions for partial summary judgment, addressed multiple claims and legal issues. The portion of that ruling from which OSA now seeks relief addressed OEI's motion for summary judgment on OSA's trademark infringement and false designation of origin claims. Briefly, OSA had alleged that "OEI's use of other marks that are confusingly similar to its own" constituted violations of the Lanham Act, 15 U.S.C. §§ 1114(1)(a) and 1125(a). In granting summary judgment to OEI and

---

[1] Neal Gordon, general counsel of the Swatch Group, an OSA affiliate of the Swiss company in the United States, was present at the settlement conference. *Omega Engineering, Inc.*, 432 F.3d at 441. Gordon, who had settlement authority for OSA, consented to the settlement agreement at the conclusion of the conference. *Id.* OSA officers in Switzerland, after reading the terms of the agreement, refused to sign it and argued that the agreement was not enforceable. *Id.* OEI then filed a motion to enforce the settlement. Magistrate Judge Thomas P. Smith granted that motion in a recommended ruling, *Omega Engineering, Inc. v. Omega, SA*, 2004 U.S. Dist. LEXIS 27908 (D. Conn. 2004), and United States District Judge Alfred V. Covello overruled OSA's objections to that ruling on August 12, 2004, *Omega Engineering, Inc. v. Omega, SA*, 414 F. Supp. 2d 138 (D. Conn. 2004).

against OSA on that claim, I held that OSA had consented to OEI's use of the subject marks under certain circumstances. My holding was based, in large part, on a 1994 agreement between the parties:

> [a]lthough OSA has argued that the so-called "period timers" are not covered by the 1994 agreement, there is no evidence in the record supporting that contention, and both parties have acknowledged that the preceding description referred to "timing apparatus." Thus, with respect to timing apparatus industrially and/or scientifically employed, OSA has consented to OEI's use of trademarks consisting of "Omega" or "Ω," and insofar as its claims of trademark infringement and false designation of origin relate to such conduct, they fail as a matter of law.

*Omega S.A.*, 396 F. Supp. 2d at 176. OSA asserts that I held that OEI may use the trademark OMEGA on its period timers and industrial clocks without condition. OSA's Mot. at 2, 4, and that the holding is thus inconsistent with, and superseded by, a provision of the 2003 agreement.

That provision provides:

> OEI will include a reference to Omega Engineering, Inc., Stamford Conn., or Omega Engineering, Inc., and its location on the shipping boxes for all Omega Engineering timers. If OEI uses the name Omega Engineering or any Omega trademark on the goods themselves, Omega Engineering will include a reference to Omega Engineering, Inc., Stamford, Conn. or Omega Engineering, Inc., and its location. Any use of the word Omega in conjunction with other words and phrases provided in this paragraph shall not be used on the Omega Engineering timers in any larger or more prominent typestyle than that used for the words "Engineering, Inc., Stamford, Conn." or "Engineering, Inc., and its location" . . . OEI will not in the future use the wording "industrial and scientific clocks" to describe its products.

Pl. Mot., Ex. B at ¶ 2.

OSA's Rule 60(b) motion fails for both procedural and substantive reasons. First, OSA argues that "[t]here is an error in the Court's [2005] ruling on summary judgment relative to its interpretation of the 1994 Agreement between the parties." OSA's Reply at 1. To the extent that

OSA claims that the error existed at the time the ruling was issued, a motion for reconsideration and/or an appeal of that ruling would have been the appropriate procedural vehicle for relief, not a motion pursuant to Rule 60(b).

To the extent that OSA claims the error did not exist at the time the ruling was issued, but that relief under Rule 60(b) is appropriate in light of some later change in circumstances, that argument also fails. The only circumstance that OSA claims has changed since summary judgment is that the ruling is now superseded by the 2003 agreement. The 2003 agreement, however, is not a "changed" circumstance. I issued the summary judgment ruling in this case on September 30, 2005. OEI and OSA entered into the settlement agreement on May 19, 2003, more than two years before the summary judgment ruling. Magistrate Judge Smith issued his recommended ruling granting OEI's motion to enforce the 2003 agreement on March 24, 2004, a year and a half before I issued the summary judgment ruling. Judge Covello overruled the objections to that ruling on August 12, 2004, more than a year before I issued the summary judgment ruling. Thus, the 2003 agreement, and the circumstances surrounding the enforceability of the agreement,[2] were among the record evidence presented at summary judgment motion. OSA could have raised the same arguments it raises in this motion at summary judgment, or in a motion to reconsider, but chose not to do so.

Second, OSA argues that I erred in holding "that the 1994 Agreement provides express

---

[2] The Second Circuit Court of Appeals issued its decision upholding Judge Covello's ruling on December 21, 2005, after I issued the ruling on summary judgment in this case. But that decision, *Omega Engineering, Inc.*, 432 F.3d 437, did not change the landscape of this case, any of the facts or circumstances surrounding the 2003 agreement, or the facts or circumstances surrounding the summary judgment decision in this case. Instead, it merely affirmed Judge Covello's and Judge Smith's decision to enforce the agreement – two decisions that were available, along with the 2003 agreement, when I issued the summary judgment ruling.

unconditioned consent by OSA for [sic] OEI permitting use of the mark OMEGA on period

timers in the United States" because the 2003 agreement, which allegedly mandates the use of

additional language with the OMEGA mark, supersedes the 1994 agreement. OSA's Mot. at 2.

I see no error in my summary judgment ruling; rather, OSA misinterprets the scope of that ruling.

At summary judgment, I was deciding whether OSA had, in the past, consented to OEI's use of

the subject marks. I was not asked to, nor did I, rule on the meaning or effect of the 2003

agreement. None of the pleadings requested, nor did my ruling provide, an interpretation,

modification or limitation of any term of the 2003 agreement. It would be unreasonable to read

my ruling as having any effect on the rights and responsibilities of the parties under the 2003

agreement.

Finally, OSA makes clear, in the instant motion and in the attached exhibits, that its

primary concern is that OEI has been marketing and selling industrial timers without the

additional language that it believes the 2003 agreement requires, and that OEI is improperly

using the summary judgment ruling in this case as a "safe-harbor" to circumvent the above-

quoted provision of the 2003 agreement. OSA may (or may not) be correct. OSA's appropriate

remedy, however, is to bring a cause of action against OEI for breach of the 2003 agreement, not

to seek what amounts to an advisory opinion in the form of a Rule 60(b) amendment to a prior

order and judgment not relating to that dispute.

For the foregoing reasons, OSA has failed to establish any of the conditions required for

relief under Rule 60(b).[3]  OSA's motion to amend the judgment **(doc. #217)** is DENIED.

---

[3] OSA had also moved to limit the prospective application of the judgment, and for relief
from judgment under Rule 60(b)(6). For the same reasons set forth above, OSA's motion to
amend on those grounds is also denied.

It is so ordered.

Dated at Bridgeport, Connecticut, this 14th day of January 2008.

/s/ Stefan R. Underhill
        Stefan R. Underhill
        United States District Judge